**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN DASENBROCK, | Case No. 1:11-cv-01884-DLB PC |
| Plaintiff, | **ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE** |
| v. | |
| KINGS COUNTY, et al., | |
| Defendants. | ECF No. 1 |
| | RESPONSE DUE WITHIN THIRTY DAYS |

**I.  Background**

Plaintiff Robin Dasenbrock ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On November 14, 2011, Plaintiff filed his complaint. ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1

claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II. Summary of Complaint

Plaintiff was previously incarcerated at the California Substance Abuse Treatment Facility ("SATF") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: Kings County, federal health care receiver J. Clark Kelso, chief of health care service appeals J. Walker, chief medical officer at SATF A. Enenmoh, registered nurse at SATF Ybarra, blonde nurse at SATF Doe No. 1, correctional officer at SATF Perez, general surgeon at SATF Zafar Parvez, and nurse at SATF Page.

Plaintiff alleges the following.[1] Plaintiff alleges that Defendants violated his rights under the Eighth Amendment by acting with deliberate indifference to a serious medical need, supervisory liability, and negligence. Plaintiff requests as relief compensatory and punitive damages, declaratory relief, and a preliminary and permanent injunction that Defendants implement a better tracking system so that prisoners receive approved surgeries in a timely manner, and that they write by hand the first two sentences of the Hippocratic Oath.

### A. Kings County

Plaintiff contends that Defendant Kings County is liable because it is Kings County's duty to ensure that conditions at SATF's medical are equal to the standard of care required by law. Compl. ¶ 17. Plaintiff fails to state a claim against Defendant Kings County. SATF is operated by CDCR, a state agency, not Kings County.

---

[1] The Court notes that Plaintiff's complaint is 296 pages, including exhibits. Plaintiff is reminded that federal courts are courts of notice pleading. Exhibits need not be included if they will unnecessarily confuse the issues.

2

**B.     J. Clark Kelso**

Plaintiff contends that Defendant J. Clark Kelso is responsible for the medical care of all prisoners at SATF, and acted under color of state law. Compl. ¶ 17. Plaintiff fails to state a claim against Defendant Kelso. Defendant Kelso was appointed as a receiver by United States District Judge Thelton E. Henderson on February 14, 2006.[1] In the Order Appointing Receiver ("OAR"), Judge Henderson conferred upon the Receiver judicial immunity to the same extent enjoyed by the *Plata* court. The OAR provides "[t]he Receiver and his staff shall have the status of officers and agents of this Court, and as such shall be vested with the same immunities as vested with this Court."

A Receiver is immune from suit if he was performing tasks within the jurisdiction of the *Plata* court, in this instance, improvement of the medical delivery component in California prisons. *See New Alaska Develop. Corp. v. Guetschow*, 869 F.2d 1298, 1302-03 (9th Cir. 1989) (court-appointed receiver shares immunity awarded to the appointing judge). As long as the receiver exercised discretionary judgment in the performance of his duties, he is entitled to immunity. *In re Castillo*, 297 F.3d 940, 949 (9th Cir. 2002) (quasi-judicial immunity).

Plaintiff alleges no facts which indicate that Defendant Kelso acted in any manner to violate Plaintiff's constitutional rights. Even if Plaintiff did allege such facts, Defendant Kelso is immune from a suit for damages for all alleged conduct requiring discretionary judgment taken in the course of his receivership.

**C.     Defendant J. Walker**

Plaintiff alleges that Defendant J. Walker is the chief of California's health services responsible for administrative review of inmate appeals. Compl. ¶ 18. Plaintiff had filed 602 inmate appeal SATF-33-09-12896, which was granted at the first level, and partially granted at the second level. Plaintiff complained that Defendant Enenmoh had authorized surgery in October 2008, but he had not received surgery over two years later. Defendant Walker denied Plaintiff's appeal at the third level on March 8, 2010, even though it had already been granted. Defendant Walker was aware of Plaintiff's chronic rectal bleeding, and that Plaintiff's surgery had been pending for years, but failed to act. Plaintiff alleges that Defendant Walker's denial adversely

---

[1] The Court takes judicial notice of *Plata v. Schwarzenegger*, C01-1391 THE (N.D. Cal.).

3

affected Plaintiff because he was not being given the proper medication prescribed by doctors.

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff fails to state an Eighth Amendment claim against Defendant Walker. Defendant Walker denied Plaintiff's inmate appeal on March 8, 2010. However, Plaintiff alleges that he received the requested surgery on December 29, 2009. Thus, Plaintiff fails to allege facts which indicate that Defendant Walker caused a violation of Plaintiff's Eighth Amendment rights. Plaintiff alleges that Defendant Walker's denial adversely affected Plaintiff because he was not being given the proper medication prescribed by doctors. However, Plaintiff fails to allege facts which indicate that Defendant Walker caused such denial. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is

4

made.").

**D.     Defendant A. Enenmoh**

Plaintiff alleges that Defendant Enenmoh, the chief medical officer of SATF, denied Plaintiff's inmate appeals regarding his medication. Compl. ¶ 19. Defendant Enenmoh found that pursuant to section 3354(c), Title 15 of the California Code of Regulations sets forth the appropriate policy. Defendant Enenmoh concluded that private consultants can only provide recommendations for treatment. However, Plaintiff contends that he was prescribed medications by doctors, specialists, and hospital staff under contract with SATF and CDCR. Plaintiff had just received hemorrhoid surgery, and was in terrible pain. The surgical specialists had ordered laxatives be prescribed; however, Plaintiff only received Tylenol 3, which causes constipation. Bowel movements caused so much pain and bleeding that Plaintiff felt that he would pass out. Plaintiff developed severe anemia as a result, and had to be rushed to Bakersfield emergency room to receive blood transfusions. Plaintiff was again prescribed medications to assist in his recovery, namely multivitamins and iron, but did not receive any.

Defendant Enenmoh had authorized that Plaintiff receive a colonoscopy and hemorrhoidectomy in October of 2008, but he never ensured that Plaintiff receive those procedures. Plaintiff observed other inmates receive their hemorrhoidectomy within three to six months, but Plaintiff waited over three years.

Plaintiff has sufficiently alleged an Eighth Amendment claim against Defendant Enenmoh. Plaintiff alleges that he was in severe pain and had a substantial delay in receiving medical treatment. Plaintiff alleges facts which indicate that Defendant Enenmoh knew of Plaintiff's medical issues and failed to act to prevent them.

**E.     Defendant D. Ybarra**

Plaintiff alleges that Defendant Ybarra, a registered nurse at SATF, reviewed Plaintiff's appeals. Compl. ¶ 20. She admitted on December 23, 2009 that Plaintiff's case had fallen through the cracks. Defendant Ybarra answered two of Plaintiff's appeals on June 19, 2009, in which Plaintiff complained of delays in receiving the colonoscopy and hemorrhoidectomy. She responded by stating that the procedures had been completed on June 19, 2009. However, only the

5

colonoscopy had been completed, not the hemorrhoidectomy. This caused Plaintiff further delay in receiving a hemorrhoidectomy.

Plaintiff fails to state an Eighth Amendment claim against Defendant Ybarra. Based on Plaintiff's allegations, Defendant Ybarra failed to check as to whether the hemorrhoidectomy had occurred. Plaintiff fails to allege facts which indicate that Defendant Ybarra knew of and disregarded an excessive risk of serious harm to Plaintiff's health. Plaintiff alleges at most negligence against Defendant Ybarra in failing to check, which does not state an Eighth Amendment claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

### F.  Defendant Zafar Parvez

Plaintiff alleges that Defendant Zafar Parvez, a general surgeon contracted at SATF, recommended a hemorrhoidectomy be performed by Parvez on December 30, 2009 at Corcoran City Hospital. On February 3, 2010, Plaintiff was seen by Defendant Parvez at the Correctional Treatment Center ("CTC") for post-surgical evaluation. Plaintiff complained of severe blood loss and pain. Plaintiff showed him a flap of skin that was loose from his rectum. Defendant Parvez said that it might shrink back up, and told Plaintiff to push it back into his rectum. Plaintiff had a loose stitch in the rectal area, and when Defendant Parvez went to remove it, he yanked hard on the stitch, tearing the skin and causing horrible pain. Defendant Parvez used a pad to put pressure on the tear to stop the blood flow, and then used a pair of scissors to cut the stitch. Plaintiff has a fissure in that area to this day.

Plaintiff fails to state an Eighth Amendment claim against Defendant Parvez. Plaintiff alleges conduct that amounts at most to negligence, which fails to state an Eighth Amendment claim. *Estelle*, 429 U.S. at 106.

### G.  Defendants Blond Doe 1 and Perez

On January 2, 2010, a few days after Plaintiff's hemorrhoidectomy, Defendants Blond Doe 1 and Perez were working at the E yard medical clinic, for the A-L window. Compl. ¶ 22. Plaintiff approached the window and asked Defendant Doe 1, a nurse, for his medication. Defendant Doe 1 said that Plaintiff had no medication. Plaintiff pointed to his name on the list that he had medication, and told her that he had just had surgery. Defendant Doe 1 became angry with Plaintiff and ordered

him to get away from the window. Plaintiff reported that he had bleeding from rectum, was in pain, and had not had a bowel movement in three days. Plaintiff requested to check in to the medical clinic or go to the CTC or hospital. Defendant Doe 1 again told Plaintiff to leave.

Defendant Perez approached Plaintiff from inside medical, talking to Plaintiff outside and told Plaintiff to get away from the window. Plaintiff told Defendant Perez that he was bleeding from the rectum, to which Defendant Perez jokingly told Plaintiff to tell his block officer. Plaintiff again stated that he wanted to go to medical. Defendant Perez then told Plaintiff to return to his housing unit or he would receive a 115 disciplinary report. Plaintiff suffered severe pain and bleeding. On January 3, 2010, Plaintiff went back to the medication window, where nurses had antibiotics for him dated the previous day, and also provided a one use enema kit to help the constipation.

Plaintiff states an Eighth Amendment claim against Defendants Blond Doe 1 and Perez. Plaintiff alleges facts which demonstrate that Defendants Doe 1 and Perez were aware of and disregarded an excessive risk of serious harm to Plaintiff's health.[2]

### H. Defendant Page

On February 12, 2010, Plaintiff went to the nurse line to see Defendant Page about his condition. Compl. ¶ 23. Her job is to evaluate patients and either recommends them to see a doctor in the doctor's line, or takes them to the doctor immediately. Plaintiff reported heavy blood loss and anemia, and had recently developed heart problems after his hemorrhoid surgery, namely sharp stabbing chest pains, shortness of breath, dizziness, and always being tired. Defendant Page examined Plaintiff's medical filed and looked at a six-month old blood test pre-surgery, and became angry and diagnosed Plaintiff as having no anemia. Defendant Page also said that there was no indication of a family history of heart disease.

Plaintiff has been on heart medication for fifteen years, and chronic care treatment for five. Plaintiff's family has a history of heart disease, including his father dying a few years ago, and his mother having a few open heart surgeries. Plaintiff related this to Defendant Page, who told Plaintiff that high blood pressure is not heart disease and there is no indication of heart disease in his file. Defendant Page refused to allow Plaintiff to see the doctor, and did not follow RN protocol

---

[2] The Court notes that if the Court were to direct service of the complaint, the Court cannot direct service on an unidentified Defendant.

regarding complaints of chest pain. Plaintiff was made to wait until February 18, 2010, when Dr. Metts examined Plaintiff, confirmed the severe anemia, and Plaintiff's family history and own history of heart disease. Plaintiff was rushed to Bakersfield Hospital's emergency room on February 19, 2010 to receive blood transfusions.

Plaintiff has sufficiently alleged an Eighth Amendment claim against Defendant Page. Plaintiff alleges sufficient facts which indicate that Defendant Page knew of an excessive risk of serious harm to Plaintiff's health and failed to act.

### I.    State Law Claim of Negligence

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C.§ 1367(a). Plaintiff states cognizable Eighth Amendment claims against Defendants Enenmoh, Blond Doe 1, Perez, and Page. Accordingly, the Court will exercise supplemental jurisdiction over Plaintiff's state law claim of negligence as to these Defendants. The Court does not exercise supplemental jurisdiction over other negligence claims as to other Defendants, as those claims do not form part of the same case or controversy within the meaning of Article III of the United States Constitution.

### J.    Rule 20(a)(2) of the Federal Rules of Civil Procedure

Pursuant to Rule 20(a)(2) of the Federal Rules of Civil Procedure,

> Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Here, the Court finds that Plaintiff has alleged three separate transactions or occurrences in this action: (1) Plaintiff's Eighth Amendment claim and negligence claim against Defendant Enenmoh, for delay in Plaintiff receiving surgery, namely the colonoscopy and hemorrhoidectomy; (2) Plaintiff's Eighth Amendment claim and negligence claim against Defendants Blond Doe 1 and Perez for the incident on January 2, 2010, and (3) Plaintiff's Eighth Amendment claim and negligence claim against Defendant Page for the incident on February 12, 2010. Plaintiff cannot

proceed with all three of these claims in the same action, because they do arise from the same transaction or occurrence. Plaintiff will be required to select one of the three claims to proceed in this action. The Court will then dismiss the other two claims without prejudice to filing in a new action. If Plaintiff fails to choose, the Court may dismiss this action for failure to obey a court order.

### III.  Conclusion and Order

Plaintiff states cognizable Eighth Amendment claims against Defendants Enenmoh, Blond Doe 1, Perez, and Page, and the Court will exercise supplemental jurisdiction over Plaintiff's negligence claims as to those Defendants. Plaintiff does not state cognizable federal claims against Defendants Kings County, J. Clark Kelso, Parvez, or Ybarra. The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides not to amend and is willing to proceed only on the claims found to be cognizable, Plaintiff shall notify the Court. Plaintiff will be required to choose one of the three sets of actions, as described above. The Court will issue an order dismissing all other claims and Defendants from this action, and forward service documents to Plaintiff for completion and return as to the claim that will be proceeding in this action.

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County*, -- F.3d --, 09-15806, 2012 WL 3711591 (9th Cir. Aug. 29, 2012); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:

    (a) File a first amended complaint curing the deficiencies identified herein; or

    (b) Notify the Court of willingness to proceed only on claims found to be cognizable as stated herein;

3. Plaintiff may not add any new, unrelated claims to this action via the first amended complaint and any attempt to do so may result in an order striking the first amended complaint; and

4. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **September 24, 2012**            /s/ Dennis L. Beck
                                  UNITED STATES MAGISTRATE JUDGE