# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN SCOTT DASENBROCK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KINGS COUNTY, et al.,<br><br>　　　　　Defendants. | Case No. 1:11-cv-01884-DLB PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>ECF No. 12 |

Plaintiff Robin Scott Dasenbrock ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On November 14, 2011, Plaintiff filed his complaint. ECF No. 1. On September 24, 2012, the Court screened Plaintiff's complaint and ordered Plaintiff either to file a first amended complaint curing the deficiencies identified or notify the Court that he wished to proceed only on the claims found to be cognizable. ECF No. 10. The Court found that Plaintiff stated claims for deliberate indifference in violation of the Eighth Amendment and negligence against Defendants Enenmoh, Perez, Doe 1, and Page. The Court also ordered that Plaintiff could not proceed with all four Defendants in the same action, finding that Plaintiff was not in compliance with Rule 20(a)(2) of the Federal Rules of Civil Procedure. Plaintiff failed to state a claim against Defendants Kelso, Walker, Parvez, and Ybarra. On October 15, 2012, Plaintiff filed a motion seeking reconsideration. ECF No. 12.

Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an opposing party, . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. *Id.*

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citation omitted) (emphasis in original).

Plaintiff raises two arguments in his motion: 1) Plaintiff does not wish to proceed with three separate actions because all Defendants should be joined in this action and 2) Defendant Parvez should not be dismissed from this action.

**A.     Permissive Joinder**

Plaintiff contends that Defendants Enenmoh, Doe 1, Page, and Perez should all be in the same action. Pl.'s Mot. 1-2. Plaintiff contends that he is in compliance with Rule 20(a)(2) of the Federal Rules of Civil Procedure. Pl.'s Mot. 1-2. Plaintiff further contends that he modeled his pleadings on *Gil v. Reed*, 381 F.3d 649 (7th Cir. 2004), which allegedly allowed several causes of action arising from a prisoner's medical treatment to proceed in the same action. Pl.'s Mot. 1-2.

*Gil* is unpersuasive. The district court in *Gil* allowed the action to proceed on an inmate's medical care following his rectal prolapse surgery. 381 F.3d at 652. This encompassed incidents in March 1998 and May 2000. *Id.* at 653. For the March 1998 incident, the defendant (physician assistant) had failed to provide the plaintiff with medication following his surgery. *Id.* For the May 2000 incident, the defendant (physician) had disagreed with another doctor's treatment and cancelled medication following a second surgery for the same condition. *Id.* However, Plaintiff's cognizable claims here do not arise from the same series of transactions or occurrences. Plaintiff's claim against Defendant Enenmoh involves an alleged substantial delay in providing Plaintiff with a

2

hemorrhoidectomy.  Plaintiff's claim against Defendants Perez and Doe 1 involves their alleged refusal to provide Plaintiff with medication on January 2, 2010, after the hemorrhoidectomy occurred.  Plaintiff's claim against Defendant Page involves an alleged failure to treat Plaintiff's severe blood loss in February 2010.  While these claims may all generally involve Plaintiff's medical care, the Court does not find that they involve the same transaction or occurrence.

If Plaintiff chose to amend and were to allege facts which would support a finding of permissive joinder, then Plaintiff's claims against Defendants may proceed in the same action.  Based on Plaintiff's pleadings in his complaint, however, Plaintiff has not sufficiently alleged facts which demonstrate that the right to relief against the Defendants arises out of the same transaction or occurrence or series of transactions or occurrence, and that questions of law or fact common to all Defendants will arise in the action.  Plaintiff's motion for reconsideration as to this issue is denied.

### B. Defendant Parvez

Plaintiff contends that Defendant Parvez violated Plaintiff's rights under the Eighth Amendment.  Plaintiff contends that the doctrine of res ipsa loquitur applies to Defendant Parvez's alleged conduct.  Pl.'s Mot. 3-4.  However, res ipsa loquitur applies only in the context of negligence, not deliberate indifference.   *Reber v. United States*, 951 F.2d 961, 964 (9th Cir. 1991) (res ipsa loquitur is form of circumstantial evidence that permits inference of negligence from set of proven facts); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (negligence is not a violation of the Eighth Amendment).  Based on Plaintiff's allegations in his original complaint, Plaintiff failed to state a § 1983 claim. Plaintiff's motion for reconsideration as to this issue is denied.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for reconsideration, filed October 15, 2012, is denied.

IT IS SO ORDERED.

Dated:   **October 30, 2012**              /s/ *Dennis L. Beck*
                                       UNITED STATES MAGISTRATE JUDGE