UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN DASENBROOK,<br><br>    Plaintiff,<br><br>  v.<br><br>A. ENENMOH, et al.,<br><br>    Defendants. | Case No. 1:11-cv-01884 AWI DLB PC<br><br>ORDER REGARDING PLAINTIFF'S MOTIONS<br>[ECF Nos. 39, 45, 47, 48, 53, 62, 64, 74, 75, 82, 83, 84, 87, 91]<br><br>ORDER REGARDING DEFENDANTS' MOTION TO TAKE DEPOSITION AS MOOT<br>[ECF No. 41]<br><br>ORDER DENYING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE TO REFILING<br>[ECF No. 68] |

    Plaintiff Robin Dasenbrook ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  This action is proceeding against Defendants Enenmoh, Page, Perez and blonde Doe 1 for claims of negligence and deliberate indifference to a serious medical need in violation of the Eighth Amendment.

    On November 29, 2012, Plaintiff filed a First Amended Complaint.  On May 13, 2013, the Court determined that service was appropriate and directed the U.S. Marshal Service to serve the amended complaint on Defendants Enenmoh, Page, and Perez.  On August 14, 2013, Defendant Enenmoh filed a waiver of service.  On September 10, 2013, Defendant Enenmoh filed an answer.  On September 11, 2013, the Court issued a discovery and scheduling order.  The discovery cut-off

date was set for February 10, 2014, and the dispositive motion deadline was set for April 9, 2014. On February 5, 2014, Defendant Page filed a waiver of service with the Court. According to the waiver, the U.S. Marshal attempted service by mail on June 12, 2013, but it proved unsuccessful. The U.S. Marshal made a second attempt to forward the mail on January 7, 2014, which did prove successful. On March 7, 2014, Defendant Page filed an answer to the amended complaint. On May 9, 2014, Defendants Enenmoh and Page filed a motion for summary judgment. Plaintiff filed an opposition on June 9, 2014. Defendants filed a reply to the opposition on July 14, 2014.

In addition to the above, Plaintiff has filed numerous motions, which the Court will now address in turn.

I.   Motion for Extension of Time [ECF No. 39]

On December 19, 2013, Plaintiff filed a motion for an enlargement of time regarding the service of process on the defendants. Defendants did not file an opposition. Plaintiff stated he had heard nothing concerning the service of Defendants Page and Perez since the Court issued its order on May 13, 2013, directing the U.S. Marshal to serve Defendants Enenmoh, Page, and Perez. Plaintiff is advised that Defendant Enenmoh executed a waiver of service of summons on August 14, 2013, and filed an answer to the complaint on September 10, 2013. [ECF Nos. 23, 38.] As to Defendant Perez, the summons was returned unexecuted on December 30, 2013. [ECF No. 40.] According to the Process Receipt and Return, Defendant Perez could not be located without more information since there are numerous Perez in the Department of Corrections' database. [ECF No. 40.] A waiver of service was returned executed by Defendant Page on February 5, 2014. [ECF No. 44.] The waiver of service was initially sent on June 12, 2013, with no result. [ECF No. 44.] The waiver was then reattempted on January 7, 2014, and it was executed on February 3, 2014, by Defendant's counsel. [ECF No. 44.] With respect to blonde nurse Doe #1, the Court did not direct service on this individual insofar as the individual remains unidentified. Therefore, there is no cause for an enlargement of time at present. Plaintiff's motion will be denied.

II.   Motions for Copy of Deposition Transcript [ECF Nos. 45, 74]

Plaintiff has filed motions to obtain a copy of his deposition transcript. Defendants did not file an opposition. Plaintiff is not entitled to a free copy of his deposition transcript. Fed. R. Civ. P.

30(f)(3).  Plaintiff is entitled only to review the transcript and make changes, if he made a request for review before the completion of the deposition.  Fed. R. Civ. P. 30(e)(1).  If Plaintiff made a timely request, the Court requests that Defendants ensure the review to which he is entitled occurs.  Nevertheless, Plaintiff's motions for a free copy of the deposition transcript are DENIED.

III.     Motion for Contempt [ECF No. 47]

On February 18, 2014, Plaintiff filed a motion to find Defendant Page in contempt of court.  Defendants did not file an opposition.  Plaintiff complains that Defendant Page was mailed a summons and complaint on June 12, 2013, and Defendant Page did not respond.  Plaintiff states that over the next several months he attempted to ascertain the status of service on Page but to no avail.  Plaintiff states he only found out that Page had been located when he received Defendants' motion for an extension of time to serve responses to Plaintiff's discovery requests.  Plaintiff claims Defendant Page violated court scheduling orders and should be found in contempt of court.  Plaintiff requests money damages be awarded him.

As noted above, a waiver of service was mailed to Defendant Page on June 12, 2013.  The attempt was unsuccessful and the U.S. Marshal Service forwarded the waiver again on January 7, 2014.  Defendant Page acknowledged receipt of the waiver and executed the waiver on February 3, 2014, through her attorney.  Defendant Page then filed an answer to the complaint on March 7, 2014.  The Court understands Plaintiff's frustration in the delay; however, the Court does not find any cause to find Defendant Page in contempt.  The first attempt by the U.S. Marshal Service at service proved unsuccessful but there is no reason to believe this was due to Defendant Page's malfeasance.  Accordingly, Plaintiff's motion to find Defendant Page in contempt is denied.  Plaintiff's concerns as to the timing of Defendant Page's entry into the action will be addressed by reopening discovery as to Defendant Page, by separate order.

IV.     Motion for Judicial Notice and Default Judgment [ECF Nos. 48, 53]

On February 18, 2014, Plaintiff filed a motion requesting judicial notice, a motion requesting an order to answer interrogatories and admissions, and motion for default judgment.  Defendants did not file an opposition.  Plaintiff again details his frustrations in attempting to determine the status of service on Defendants Page and Perez.  Plaintiff states that it was not until January 30, 2014, that he

found out that Defendant Page had been found and was being represented by the Attorney General. Plaintiff complains that this delay has prejudiced him because Defendant Page did not enter the action until after the court-ordered discovery cut-off date, and this has frustrated his attempts to serve discovery on Defendant Page.

Plaintiff first asks that the Court take judicial notice of the actions of the parties. Plaintiff is advised that the Court is well aware of the actions of the parties based on the numerous pleadings filed in this case.

Plaintiff next asks that Defendant Page be directed to answer the interrogatories and admissions he attached to his motion. By separate order, discovery will be reopened solely as to Defendant Page. Plaintiff may then serve his discovery requests to the extent that they have not already been answered.

Plaintiff next asks that default judgment be entered against Defendant Page. He renews this request in his motion of March 24, 2014. According to the Process Receipt and Return, the U.S. Marshal did not personally serve Defendant Page. [ECF No. 44.] The record shows that a waiver of service was executed on February 3, 2014, after the waiver was mailed on January 7, 2014. Defendant Page then timely filed an answer on March 7, 2014. Since Defendant Page appeared in the action and filed a timely response, entry of default is precluded. Fed. R. Civ. P. 4(d), (e), Fed. R. Civ. P. 55; Franchise Holding II, LLC v. Huntington Rests. Grp., Inc., 375 F.3d 922, 927-28 (9th Cir. 2004) (if party appeared, clerk's entry of default void ab initio). Accordingly, Plaintiff's motion is HEREBY DENIED.

V.     Motion for Sanctions

On April 30, 2014, Plaintiff filed a motion to impose sanctions against Defendant Page for violating Fed. R. Civ. P. 33 and 36(a) by failing to respond to Plaintiff's discovery requests for admissions and interrogatories. Defendant did not file an opposition. Plaintiff states that once he became aware that Defendant Page had appeared, he served several discovery requests on her. Plaintiff states that Defendant Page failed to respond to his requests. As Plaintiff acknowledges, however, the discovery cut-off date was February 10, 2014. Therefore, the requests Plaintiff served on Defendant Page were untimely and Plaintiff had not sought an extension of time to serve his

discovery requests beyond the cut-off date.  Defendant Page's refusal to answer discovery beyond the cut-off date is not sanctionable conduct.  Plaintiff's motion for sanctions is denied.

Nevertheless, the Court understands Plaintiff's frustration in the timing of Defendant Page's appearance which has deprived him of the opportunity to obtain discovery from Defendant Page.  Therefore, by separate order, discovery will be reopened as to Defendant Page.

VI.     Motions for Ruling [ECF Nos. 62, 91]

On April 23, 2014, and July 16, 2014, Plaintiff filed motions requesting a court ruling on the numerous motions in this case.  Plaintiff is advised that the Court is burdened with a massive backlog of cases.  The Court is sympathetic to Plaintiff's concerns, but the Court must act on matters in the order they are presented, and the filing of numerous motions requesting the same relief only serves to complicate and stall proceedings.  Accordingly, Plaintiff's motions are denied.  Nevertheless, the Court will render rulings on multiple outstanding motions with this Order.

VII.    Motions to Supplement [ECF Nos. 82, 83, 87]

On June 12, 2014, Plaintiff filed two motions to supplement his June 9, 2014, opposition to Defendant's motion for summary judgment.  On June 18, 2014, Plaintiff filed a motion to expand and attach a supplemental brief to his opposition.   As will be set forth below, Defendants' motion for summary judgment will be denied with leave to refile at the conclusion of discovery.  At that time, Plaintiff will have the opportunity to file a full and complete opposition.

VIII.   Motion to be Relieved of Claim Requirements [ECF No. 84]

Plaintiff requests that he be relieved of the claim requirements set forth in Cal. Gov. Code § 946.4(a).  Plaintiff raises this argument in response to Defendants' argument in the motion for summary judgment that Defendants are entitled to summary judgment on Plaintiff's negligence claims because Plaintiff failed to present a government claim to the Board within six months of the accrual of the cause of action.  Defendants' motion for summary judgment will be denied with leave to refile once discovery is complete.  Plaintiff may raise his arguments in his opposition at that time.  Therefore, Plaintiff's motion is denied.

IX.     Motion to Exclude Deposition Transcript [ECF No. 75]

On May 29, 2014, Plaintiff filed a motion to exclude the deposition of Plaintiff on January

29, 2014. Plaintiff complains that he was not given a copy of the transcript, therefore, he is precluded from countering Defendants' arguments concerning statements he made in his deposition. As discussed above, Plaintiff is not entitled to a free copy of his deposition transcript. Moreover, Defendants have attached relevant portions of the deposition transcript to the motion for summary judgment. Therefore, Plaintiff's argument that he cannot counter Defendants' arguments is not well-taken. Accordingly, Plaintiff's motion to exclude the deposition transcript is denied.

X.   Defendants' Motion to Take Deposition by Videoconference [ECF No. 41]

On January 8, 2014, Defendants filed a motion to take Plaintiff's deposition by videoconference. Insofar as Plaintiff's deposition has already been conducted, the motion is denied as moot.

XI.   Motion for Summary Judgment [ECF No. 68]

On May 9, 2014, Defendants Enenmoh and Page filed a motion for summary judgment. By separate order, the Court will reopen discovery as to Defendant Page. In light of this, the Court will deny the motion for summary judgment without prejudice to refiling the motion after discovery has been concluded. By separate order, the Court will set forth a scheduling order.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1)   Plaintiff's motions [ECF Nos. 39, 45, 47, 48, 53, 62, 64, 74, 75, 82, 83, 84, 87, 91] are DENIED;

2)   Defendants' motion to take Plaintiff's deposition by videoconference is DENIED as moot; and

3)   Defendants' motion for summary judgment is DENIED WITHOUT PREJUDICE to refiling at the conclusion of discovery.

IT IS SO ORDERED.

Dated:   **September 17, 2014**          /s/ *Dennis L. Beck*
                                         UNITED STATES MAGISTRATE JUDGE