1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   ROBIN DASENBROOK,                    Case No. 1:11-cv-01884 AWI DLB PC

12              Plaintiff,                 ORDER REGARDING PLAINTIFF'S
                                           MOTIONS TO COMPEL AND/OR REOPEN
13        v.                               DISCOVERY [ECF Nos. 49, 57, 63, 65, 67],
                                           AND MOTION FOR ENLARGEMENT OF
14                                         TIME TO COMPLETE DISCOVERY [ECF
                                           No. 55]
15   A. ENENMOH, et al.,
                                           ORDER AND NOTICE AUTHORIZING
16              Defendants.                ISSUANCE OF SUBPOENA DUCES TECUM
                                           DIRECTING PRODUCTION OF
17                                         DOCUMENTS BY STU SHERMAN,
                                           WARDEN OF CORCORAN SUBSTANCE
18                                         ABUSE AND TREATMENT FACILITY

19
                                           ORDER DIRECTING CLERK'S OFFICE TO
20                                         SERVE COPY OF SUBPOENA WITH
                                           ORDER
21
                                           ORDER REOPENING DISCOVERY AS TO
22                                         DEFENDANT PAGE

23

24

25          Plaintiff Robin Dasenbrook ("Plaintiff") is a California state prisoner proceeding pro se and

26   in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  This action is proceeding against

27   Defendants Enenmoh, Page, Perez and blonde Doe 1 for claims of negligence and deliberate

28   indifference to a serious medical need in violation of the Eighth Amendment.

                                                  1

On November 29, 2012, Plaintiff filed a First Amended Complaint.  On September 10, 2013, Defendant Enenmoh filed an answer.  On September 11, 2013, the Court issued a discovery and scheduling order.  The discovery cut-off date was set for February 10, 2014, and the dispositive motion deadline was set for April 9, 2014.  On March 7, 2014, Defendant Page filed an answer to the amended complaint.

On January 30, 2014, Defendants Enenmoh and Page requested an extension of time to respond to Plaintiff's Request for Production of Documents ("RPD"), Sets 1 and 2, Plaintiff's Interrogatories ("ROG"), Set 1, and Plaintiff's Request for Admissions ("RFA"), Set 1.  On February 4, 2014, the Court granted Defendants' motion.  On March 7, 2014, Defendants requested an additional extension of time to respond to Plaintiff's discovery requests.  On March 14, 2014, the Court granted an additional extension.  The deadline for responding to Plaintiff's above-noted discovery requests was moved to March 21, 2014.

On March 3, 2014, Plaintiff filed a motion to compel discovery.  On April 7, 2014, Plaintiff filed a motion for enlargement of time with respect to Defendants' discovery responses.  On April 10, 2014, Plaintiff filed a second motion to compel discovery.  Defendants filed an opposition to the motion on May 1, 2014.  On April 24, 2014, Plaintiff filed a third motion to compel discovery.  Defendants filed an opposition on May 14, 2014, and Plaintiff filed a reply on May 29, 2014.  On April 30, 2014, Plaintiff filed a fourth motion to compel discovery.  Defendants did not file an opposition.  On May 5, 2014, Plaintiff filed a fifth motion to compel discovery.  Defendants filed an opposition on June 4, 2014.  The matters are deemed suitable for decision.  Local Rule 230(l).

## LEGAL STANDARD

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action.  Fed. R. Civ. P. 26(b)(1) (quotation marks omitted).  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  Id. (quotation marks omitted).  Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.  See, e.g., Grabek v. Dickinson,

2012 WL 113799, at *1 (E.D. Cal. 2012).  This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  Id., at *1.

However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigator.  Therefore, to the extent possible, the Court endeavors to resolve the motion to compel on its merits.  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**DISCUSSION**

I.      Plaintiff's First Motion to Compel Discovery [ECF No. 49]

On March 3, 2014, Plaintiff filed a motion to compel discovery.  Plaintiff complains that Defendants wrongly refused his January 20, 2014, discovery request as untimely.

The court-ordered deadline for discovery was February 10, 2014, and all discovery requests had to be served on or before January 11, 2014.  Plaintiff did not seek an extension of the deadline.  Therefore, Defendants are correct that the discovery request was untimely.  Plaintiff points out that Defendants obtained an extension of time to complete discovery on February 4, 2014, therefore, his requests were timely.  However, the extension was only granted to allow Defendants to respond to Plaintiff's outstanding discovery requests.  The deadline for propounding discovery was not moved.  Therefore, Plaintiff's motion to compel is denied.

II.     Plaintiff's Second Motion to Compel [ECF Nos. 57 and 66]

On April 10, 2014, Plaintiff filed a second motion requesting an order to compel Defendant Enenmoh to answer questions 3, 15, 32, and 40 of Plaintiff's Request for Admissions, Set One.  Defendant opposed the motion on May 1, 2014.

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."  Fed. R. Civ. P. 36(a)(1).

3

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

"The grounds for objecting to a request must be stated," Fed. R. Civ. P. 36(a)(5), and with other forms of discovery, it is well established that boilerplate objections do not suffice, e.g., Thompson v. Yates, No. 1:06-cv-00763-RCC, 2011 WL 5975469, at *2-3 (E.D. Cal. Nov. 29, 2011); Everest Indem. Ins. Co. v. Aventine-Tramonti Homeowners Assoc., No. 2:09-cv-1672-RCJ-RJJ, 2011 WL 3841083, at *2 (D. Nev. Aug. 29, 2011); Palladini v. City of Milpitas, No. CV 06-00779 JW (HRL), 2008 WL 1774090, at *2 (N.D. Cal. Apr. 16, 2008); Medina v. U.P.S., No. C-06-791 JW PVT, 2007 WL 2123699, at *2 (N.D. Cal. Jul. 23, 2007); Eastridge Personnel of Las Vegas, Inc. v. Du-Orpilla, No. 2:06-cv-00776-KJD-PAL, 2007 WL 1232229, at *2 (D. Nev. Apr. 26, 2007); A. Farber & Partners, Inc. v. Garber, 237 F.R.D. 250, 255 (C.D. Cal. 2006).

Finally, "[t]he requesting party may move to determine the sufficiency of an answer or objection," Fed. R. Civ. P. 36(a)(6). "Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer must be served." Id. Efforts to obstruct discovery through objections or evasive responses which lack any good faith basis will not be condoned. Marchand v. Mercy Med. Cntr., 22 F.3d 933, 938 (9th Cir. 1994); In re TFT-LCD (Flat Panel) Antitrust Litigation, No. M 07-1827 SI, 2011 WL 3566419, at *5 (N.D. Cal. Aug. 12, 2011); Mitchell, 2010 WL 3835765, at *1.

A.     RFA, Set One

**RFA No. 3:** "Do you admit it makes no sense medically of financially, to send plaintiff to see a specialist doctor at a hospital for appropriate advice, yet once the plaintiff returns to the prison, prison doctors, who are not specialists and ignorant of the diagnosis and treatment of plaintiffs problems decide plaintiff should not be treated as indicated in the specialists Hospital Discharge

orders?"

**Response:** Defendant objected to the request on the grounds that it is vague as to time and as to what services the specialist provided to Plaintiff, and that the request lacked foundation in that it assumes that prison doctors are uninformed as to the diagnoses made by specialists.

Plaintiff contends that his request is not vague or lack foundation. He argues that regardless of whether he is saying prison doctors are uninformed, "either way, they have a duty to admit those parts of this request that can be admitted and qualify or deny the remainder per Fed. R. Civ. P. 36(a)." Defendant contends that his request was not inadequate because Plaintiff fails to direct Defendant to a specific event or date in Plaintiff's medical history for him to admit or deny, and he cannot admit or deny a statement that is based on assumptions that are not true.

**Ruling:** Plaintiff's motion to compel is denied. Defendant is correct that Plaintiff fails to direct Defendant to a specific event. In addition, the statement relies on an assumption that Defendant contests as untrue.

**RFA No. 15:** "Do you admit a serious medical need exists for surgery when sixteen doctors and specialists all order surgery for the plaintiff?"

**Response:** Defendant states he cannot admit or deny without more information about Plaintiff's medical condition and the surgery that was ordered.

Plaintiff argues that Defendant's response is evasive and incomplete. Plaintiff contends that Defendant does not need more information regarding his medical condition and surgery that was ordered. He states all such information can be located by Defendant in Plaintiff's medical records. He states that Defendant is the Chief Medical Officer and is required to review all referrals for surgery, that Defendant has reviewed Plaintiff's case factors on numerous occasions when responding to inmate appeals, and that Defendant has knowledge of all of Plaintiff's surgeries because he is on the Medical Authorization Review Committee.

Defendant argues that he cannot admit or deny without more information concerning the type of surgery allegedly ordered, when those orders were given, what Plaintiff's medical condition was at those times, and what treatment or medications Plaintiff was receiving at those times surgery was allegedly ordered. Defendant argues he should not be expected to review Plaintiff's entire medical

5

chart and records and provide Plaintiff with his opinion on whether Plaintiff had a serious medical

surgery at some unspecified time.

**Ruling:** Plaintiff's motion is granted.  The First Amended Complaint sets forth the sixteen

orders for surgery and the dates thereon.  First Am. Compl., at 10.  Defendant will be ordered to

provide a response.

**RFA No. 32:** "Do you admit that in plaintiffs 602 Appeal Log #SATF 33-10-10644, page 2

you wrote, in part . . . "A consultation with Doctor Parvez was completed on May 4, 2011 in the

correctional treatment center (CTC), His notes indicate a local examination of your rectum revealed

you had one anal fissure and after that an anal fistula.  He wrote the hemorrhoids are probably

internal, but he could not feel them at the present time. His assessment included the following: anal

fissure, anal fistula, and rectal bleeding?"

**Response:** Defendant objects that the request is not relevant to a claim or defense of any

party.  Plaintiff argues that the response is evasive and incomplete.  He claims he is requesting

whether the document was genuine.  Defendant states he was not asked to admit or deny the

genuineness of a document.  Rather, he was asked whether he wrote something in response to a 602

after May 4, 2011, which is not relevant to a surgery that took place in 2009.

**Ruling:** Plaintiff's motion is denied.  The Court agrees that something Defendant wrote in

response to Plaintiff's 602 in 2011 as to Plaintiff's condition at that time is not relevant to

Defendant's alleged behavior leading up to the surgery which took place in 2009.

**RFA No. 40:** "Do you admit witness D. Ybarra, RN, mistakenly granted two of plaintiffs

602 appeals #09-12311 and 09-12896 on 6-19-09 falsely stating plaintiffs procedure had been

completed? (You yourself did comprehensive reviews of plaintiffs unit health record when plaintiff

complained Ybarra slowed down his surgery by falsely stating it was completed)."

**Response:** Defendant objects on the ground that the request is not relevant to a claim or

defense of any party.

Plaintiff argues that the response is evasive and incomplete.  Plaintiff states he is challenging

the untimeliness of his surgery and states that Defendant did comprehensive reviews of Plaintiff's

health record when Plaintiff complained that Ybarra slowed down his surgery by falsely stating it

was completed.  Defendant contends that whether or not Ybarra was mistaken in her denials of Plaintiff's 602s is irrelevant to any claim or defense concerning the allegation that Defendant failed to make sure that Plaintiff had a hemorrhoidectomy performed in a timely fashion.

**Ruling:** The Court agrees that the request is irrelevant to any claim or defense in this case. Plaintiff's motion is denied.

B.      Conclusion

Based on the foregoing, Plaintiff's motion to compel responses to RFA Nos. 3, 32, and 40 are denied.  Plaintiff's motion to compel a response to RFA No. 15 is granted.

III.      Plaintiff's Third Motion to Compel [ECF Nos. 63, 70, 73]

On April 24, 2014, Plaintiff filed a third motion to compel.  Plaintiff asks that the Court compel Defendant Enenmoh to answer Plaintiff's RPD, Sets One and Two.  Defendant opposed the motion on May 14, 2014, and Plaintiff replied to the opposition on May 29, 2014.

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things.  Fed. R. Civ. P. 34(a)(1) (quotation marks omitted).  "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand."  Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010).  If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to

7

1    allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2)

2    to evaluate the merit of that response.  Ochotorena v. Adams, No. 1:05-cv-01525-LJO-DLB (PC),

3    2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010).  As with previously discussed forms of

4    discovery, boilerplate objections do not suffice.  Fed. R. Civ. P. 34(b)(2)(B), (C); Burlington N. &

5    Santa Fe Ry. Co., 408 F.3d at 1149.

6    A.    Timeliness

7         Defendant first objects that Plaintiff's motion to compel is untimely.  Defendant notes that

8    the cut-off date for discovery was February 10, 2014, and Plaintiff's motion to compel was not filed

9    until April 24, 2014.  However, as Plaintiff notes, Defendant was granted extensions until March 21,

10   2014, to file responses to Plaintiff's discovery requests.  Defendant argues that Plaintiff did not

11   timely seek extensions of time to file motions to compel.  While this is true, Plaintiff did seek an

12   extension of time with respect to his discovery requests on April 7, 2014, which the Court has not

13   yet ruled on.  [ECF No. 55.]  In light of the fact Plaintiff is a pro se litigator, and there has been

14   much unresolved confusion given the timing of Defendant Page's entry into the action, the Court

15   finds that Plaintiff's motion to compel should be entertained in the interest of justice.  Therefore,

16   Plaintiff's motion for extension of time will be construed as a motion to extend time to file his

17   motion to compel and it will be granted nunc pro tunc.

18   B.    RPD, Set One

19        **RPD No. 1:** "What are the Millman and Robertson (M&R) Healthcare Management

20   Guidelines? (Please see p. 1-6-1 um [sic] program Health care services protocols – utilization

21   management from plaintiffs initial disclosures already sent)."

22        **Response:** Defendants object on the ground that it is not a proper request for production of

23   documents in that it does not seek a readily identifiable document and appears to call for the creation

24   of, rather than the production of, documents.

25        Plaintiff alleges that that "[a]ll document requests [that Defendants] say call for the creation

26   of documents is not true. . . . I explained [in my letter to the Attorney General's Office] exactly

27   where these documents can be found and showed that these documents do exist."  Defendant argues

28   that the request asks Defendant Enenmoh to tell Plaintiff what the "Millman and Robertson"

8

guidelines are.  Defendant Enenmoh states he cannot do this without creating a document.

**Ruling:** Plaintiff's request is denied.  Defendant is correct that the request seeks creation of a document.

**RPD No. 2:** "[P]rovide a copy of the utilization management program within The Health Care Services delivery system (HCSDS)?"

**Response:** Defendants object on the ground that the documents sought are equally available to Plaintiff as they are to Defendants in that Inmate Medical Services Policies and Procedures are available for Plaintiff to review and copy in the prison law library.

Plaintiff counters that he cannot obtain these documents in the prison library.  He states the prison librarian confirmed that these documents were not in the library.  Plaintiff cites to a CDCR Form 22 to substantiate his assertion.  Defendants, however, note that Senior Librarian Hampson responded to Plaintiff's CDCR 22 and informed Plaintiff that he would "need to do some research regarding the actual accessibility of said [requested] materials."

**Ruling:** Plaintiff's request is granted.  Plaintiff has shown that the document is not equally available to him.  Defendants are ordered to produce any responsive documents that may exist.

**RPD No. 3:** "[P]rovide cop[]ies of the following references taken from utilization management program p. 1-6-3 XII:

a) California Code of regulation, Title 15, Division 3, Chapter 1, Subchapter 4, Article 8, sections 3350-3352.1

b) Division 23, Health care services Division memo number 99-0019 and 98-0043

c) medical services for inmates, CDC/HCSD Reference booklet

d) UM program guidelines, July 1999, revised from (UM) utilization management plan 1996."

**Response:** Defendants object on the ground that the documents sought are equally available to Plaintiff as they are to Defendants in that the documents requested in subparts a) and c) can be found, viewed, and copied by Plaintiff in the prison law library.  After a reasonable search, Defendants cannot determine what the memos are in subpart b). Defendants do not have possession, custody, or control of the document requested in subpart d).

As before, Plaintiff states he cannot obtain these documents from the prison library.  He claims that the prison librarian confirmed that these documents were not in the prison library, and he cites to a CDCR Form 22 to substantiate that assertion.  Defendants note that Senior Librarian Hampson responded to Plaintiff's CDCR 22 and informed Plaintiff that he would need to do some research regarding the actual accessibility of said materials.

**Ruling:** Plaintiff's request is partially granted.  Plaintiff has shown that the documents referenced in subparts a) and c) are not equally available to him.  Therefore, Defendants will be ordered to produce those documents.  Defendants cannot determine what documents are referenced in subpart b), and Defendants do not have possession, custody or control of the documents referenced in subpart d).  Therefore, Plaintiff's motion is denied as to subparts b) and d).

**RPD No. 5:** "what is the policy outlined in the CDCR scope of services – medical standards of care? (taken from p. 1-6-1 UM program – health care services protocols)."

**Response:** Defendants object on the ground that it is not a proper request for production of documents in that it does not seek a readily identifiable document and appears to call for the creation of, rather than the production of, documents.

Plaintiff contends that the creation of documents is not true.  He states he explained where these documents can be found and showed that they exist.  Defendant states the request asks Defendant to tell Plaintiff what CDCR's policy is with respect to "medical standards of care." He states he cannot comply without creating a document.

**Ruling:** Plaintiff's motion is denied.  Defendant is correct that the request calls for the creation of a document.

**RPD No. 7:** "[P]rovide a copy of the signed form's shown on p. 5-8c-4 at V "Development and Approval of the Standardized procedure" (taken from Gastrointestinal System, Rectal Peri-anal complaints, Health Care Services protocol) which will be reviewed annually – i.e., all annual coppies of this form from RN pages (defendants) 2-12-10 incident date to 2013."

**Response:** Defendants object on the grounds that the request is overly broad and burdensome. Without waiving this objection, Defendants state they do not have any responsive documents in their possession, custody, or control.

1    Plaintiff contends that Defendant wrongly objected to this request on the ground that it calls

2    for the creation of, rather than the production of, documents.  However, Defendant challenged the

3    request on the grounds that he does not have control of the requested documents.

4    **Ruling:** Plaintiff's request is denied.  He fails to show that Defendants' objections are not

5    justified.

6    **RPD No. 8:** "[P]rovide a copy of all MARC (medical authorization Review Committee)

7    decisions – Third Level 'that shall be documented in the plaintiff inmates health record' and to

8    include:

9    a) cop[]ies of all concurrent Reviews ("Those shall evaluate the ongoing need for

10   acute/sub-acute or non acute levels of care p. 1-6-2) for plaintiff

11   b) cop[]ies of all retrospective Reviews for plaintiff (see p. 1-6-2 IV – "These shall evaluate

12   the medical necessity and appropriateness of treatment after it has been rendered…etc) for plaintiff

13   c) cop[]ies of all concurrent Reviews to Include Admissions, continued stays and discharge

14   planning activities (p. 1-6-2 IV UM program – health care services)

15   d) Copy of Marc Third level Review's decisions on all the Doctor referral for surgery (RFS_

16   CDC Form 7243 submitted by the following doctors:

17   11-29-07 Dr. Harpal Bhaika

18   5-9-08 Dr. Leon

19   8-11-08 Dr. Beregovskaya

20   8-22-08 Dr. Schuster

21   9-3-08 Dr. Moulious

22   4-22-09 Dr. Peters

23   4-29-09 Dr. Beregovskaya

24   7-1-09 Dr. Raman

25   8-4-09 RFS submitted 2nd level p. 3 for surgery – see exhibit D

26   8-24-09 Dr. Metts

27   9-16-09 Dr. Rodriguez

28   10-21-09 RFS submitted

1    10-29-09 Nurse Kipps said RES done

2    11-18-09 Dr. Parvez

3    12-10-09 Dr. Metts

4    plus any other RFS submitted by those or any other doctor on different dates – some Dr.'s

5    submitted multiple requests. (see p. 1-6-3 UM-utilization management program, Health Care

6    Services at VIII #7243 forms – RFS – who's [sic] purpose of "concurrent, retrospective reviews was

7    documents")

8    e) provide a list of all plaintiffs tracking numbers # and the reports, reviews, authorizations

9    for surgery and colonoscopies, etc. utilization management or the CDCR-CMO Enenmoh has on file.

10    f) provide all documents listed on p. 1-6-3 um utilization management program, health care

11    services at VII documentation, ie:

12    • Utilization management worksheets for plaintiff

13    • CDC form 7243

14    • Utilization management concurrent review and recorded data

15    • Information requests and information received

16    • Cop[]ies of other supporting documentation that pertain to plaintiff from 2007-2013"

17    **Response:** Defendants object on the grounds that the request is compound and overly broad.

18    Defendants further object that the request seeks documents kept in Plaintiff's Unit Health Record

19    (UHR) and those documents are equally available to Plaintiff in that Plaintiff has the ability to

20    review and make copies of records in his UHR according to prison policy and procedure. Defendants

21    further object to this request to the extent that it seeks physician's requests for services for other

22    inmates because they would violate third-party privacy rights and are not relevant to any party's

23    claims or defenses nor likely to lead to the discovery of admissible evidence.

24    Defendants object to subpart e) of this request on the grounds that it is not a proper request

25    for production of documents in that it does not seek a readily identifiable document and appears to

26    call for the creation of, rather than the production of, documents.  Without waiving these objections,

27    Defendants respond that they do not have any documents in their possession, custody, or control that

28    are responsive to subparts a), b), c), d) or f). Defendants state they searched the Medical

Authorization Review (MAR) committee's records and did not find any related to Plaintiff.  Further, Defendants produced all documents in their possession, custody, or control that Defendant stated are responsive to subpart e) as Attachment 1.

Plaintiff complains that he cannot obtain these documents, the documents are not in the Defendants' Initial Disclosures, and he cannot locate them in his Unit Health Record.  Plaintiff states he stated exactly where he saw them listed in the CDCR Health Care Services protocols, and he alleges that Defendant Enenmoh has access to them.

**Ruling:** Plaintiff's request is denied.  Defendant Enehmoh responded that he made a diligent search for responsive documents and to the extent they were located, they have been produced.

**RPD No. 9:** "[P]rovide all documentation for all plaintiffs medical appeals (Exhibits A-M) concerning the determination of whether or not said appeals should be accepted as an emergency appeal also to include:

a) 'include the name and date of health care staff contacted'

b) 'indicate the basis for the determination of appeals that are determined to be non emergent status' (see p. 1-12-1, chapter 12, Inmate medical appeals tracking program, health care services, protocols sent during plaintiffs initial disclosures."

**Response:** Defendants object on the grounds that it seeks information that is not relevant to a party's claims or defenses nor likely to lead to the discovery of admissible evidence and it is not a proper request for production of documents in that it does not seek a readily identifiable document and appears to call for the creation of, rather than the production of, documents. Defendants further claim that the documents Plaintiff seeks are equally available to Plaintiff in that Plaintiff has the ability to review and make copies of records in his central file according to prison policy and procedure.

Plaintiff disputes that the request calls for creation of a document.  He contends he explained to Defendants where the documents could be found.

**Ruling:** Plaintiff's request is denied.  The request calls for the creation of a document wherein Plaintiff requests Defendant Enenmoh to state which health care staff were responsible for determining whether his medical inmate appeals should be categorized as emergency 602s and to

13

1   explain the basis for such determinations.   Additionally, Plaintiff does not argue that his 602s are

2   not equally available to him.

3       **RPD No. 10:** "On 11-25-13 plaintiff saw a psychiatrist who said someone had just updated

4   plaintiffs medical records and files from 2005-2008. Now that the computer files have been updated

5   – provide all medical files from 2007 and Dr. notes from 2007 making sure to include plaintiffs Dr.

6   visits of 1-22-07, 2-21-07, 3-19-07, 3-23-07, 4-26-07, 6-24-07, 9-22-07 and any in Nov. Dec. 07 (in

7   exhibit I, 9-8-2010 plaintiff tried to get 7362 forms) and now needs the above as well. This

8   information is vital to plaintiffs defense and arguments at trial."

9       **Response:** Defendants object on the grounds that it is overly broad and burdensome and the

10   records Plaintiff seeks are equally available to Plaintiff as they are to Defendants in that Plaintiff has

11   the ability to review and make copies of records in his UHR according to prison policy and

12   procedure.

13       Plaintiff claims that he "cannot get these documents – they are not in the Defendants Initial

14   Disclosures, nor can I find them in my UHR (Unit Health Record). But I did list exactly where I saw

15   them listed in the CDCR Health Care Services protocols the Chief Medical Officer Defendant

16   Enenmoh has access to them." (ECF No. 63 at 5:21-26.)

17       **Ruling:** Plaintiff's request is denied.  Plaintiff does not dispute that he has the ability to

18   review and make copies of his records contained in his UHR.

19       **RPD No. 11:** "[P]rovide a list of all Marc (medical authorization review committee)

20   members from 2007-2013 to include all dates an RFS was submitted/approved by them (see dates

21   above at p. 4 # 8 (d).) Exclude their personal addresses, ssn #'s, etc – just provide a prison contact

22   address plaintiff can contact them without exposing sensitive info "redact" sensitive info."

23       **Response:** Defendants object on the grounds that it is overly broad and burdensome and it is

24   not a proper request for production of documents in that it does not seek a readily identifiable

25   document and appears to call for the creation of, rather than the production of, documents.

26       **Ruling:** Plaintiff's request is denied.  Plaintiff's request calls for the creation of a document.

27       **RPD No. 12**: "[P]rovide list of names of doctor's working at CTC – correctional treatment

28   center, substance abuse treatment facility, Corcoran prison, Corcoran CA 93212 on 2-23-10 during

plaintiff's return from Bakersfield Hospital. Plaintiff needs to discover the name of the admitting CTC Doctor who ordered iron and vitamin C when plaintiff returned to the prison)."

**Response:** Defendants object on the ground that it is not a proper request for production of documents in that it does not seek a readily identifiable document and appears to call for the creation of, rather than the production of, documents.

**Ruling:** Plaintiff's request is denied.  Plaintiff's request calls for the creation of a document.

**RPD No. 13:** "[P]rovide a copy of the California Health Care Services Memorandum dated 2/1/10 the CMO A. Enenmoh relies on to deny prescribed medications to inmates."

**Response:** Defendants object on the grounds that it lacks foundation and it seeks information that is not relevant to a party's claims or defenses nor likely to lead to the discovery of admissible evidence. Without waiving these objections, and after a reasonable search, Defendants do not have any responsive documents in their possession, custody, or control.

**Ruling:** Plaintiff's request is denied.  Defendants state they have conducted a reasonable search and have found no responsive document in their possession, custody, or control.

**RPD No. 18:** "Please provide a copy of the medical symbol the CDCR uses on the back of Inmate Identification cards to show all CDCR officer's and medical staff this inmate is on chronic care for heart related reasons (plaintiff had one placed on the back of his identification card by R&R receiving and release correctional officers from 2009 onward). It was a caduceus – the winged staff of mercury – now a symbol of the medical professional. R&R or the CMO Enenmoh should have a copy too."

**Response:** Defendants object on the ground that it seeks information that is not relevant to a party's claims or defenses nor likely to lead to the discovery of admissible evidence.

Plaintiff argues that this symbol is relevant to this lawsuit because it was on the back of his identification card in 2009 and 2010, and he needs it so he can "question witnesses as to the uses of this symbol or why it wasn't used." (ECF No. 63 at 62:7-12.)  Defendants argue that the picture of the caduceus symbol has nothing to do with whether Defendants provided negligent medical care or acted with deliberate indifference to Plaintiff's medical needs.  In addition, Defendants point out that Plaintiff can ask witnesses about the uses of the caduceus symbol with respect to inmate

1    identification cards without showing them a picture.

2         **Ruling:** Plaintiff's request is denied.  A picture of the caduceus symbol is not relevant to

3    Plaintiff's allegations.

4         **RPD No. 19:** "Provide all notes from plaintiffs registered nurse line visit of 2-3-10 to include

5    RN Notes of the chief complaint, quality of pain, obtaining of past medical history, etc. and provide

6    name of registered nurse plaintiff saw."

7         **Response:** Defendants object on the ground that the records are equally available to Plaintiff

8    since Plaintiff has the ability to review and make copies of records in his UHR according to prison

9    policy and procedure.  Defendants further state that if such documents exist, Defendants already

10   provided them to Plaintiff in Defendant's initial disclosures.

11        Plaintiff claims that he "cannot get these documents – they are not in the Defendants Initial

12   Disclosures, nor can I find them in my UHR (Unit Health Record). But I did list exactly where I saw

13   them listed in the CDCR Health Care Services protocols the Chief Medical Officer Defendant

14   Enenmoh has access to them." (ECF No. 63 at 5:21-26.)

15        **Ruling:** Plaintiff's request is denied.  Plaintiff does not dispute that he has equal access to his

16   records in his UHR.  In addition, Defendants state they provided all such documents, to the extent

17   they exist, in initial disclosures.

18        **RPD No. 20:** "Provide all documents, notes and name of personel plaintiff saw on 11/29/07

19   for a consultation (mentioned in 602 #2299 Exhibit A dated 4/22/08)."

20        **Response:** Defendants object on the grounds that it seeks information that is not relevant to a

21   party's claims or defenses nor likely to lead to the discovery of admissible evidence and the records

22   Plaintiff seeks are equally available to Plaintiff as they are to Defendants in that Plaintiff has the

23   ability to review and make copies of records in his UHR according to prison policy and procedure.

24   Defendants further state that if such documents exist Defendants already provided them to Plaintiff

25   in Defendant's initial disclosures.

26        Plaintiff claims that he "cannot get these documents – they are not in the Defendants Initial

27   Disclosures, nor can I find them in my UHR (Unit Health Record). But I did list exactly where I saw

28   them listed in the CDCR Health Care Services protocols the Chief Medical Officer Defendant

1  Enenmoh has access to them." (ECF No. 63 at 5:21-26.)

2  **Ruling:** Plaintiff's request is denied. Plaintiff does not dispute that he has equal access to his

3  records in his UHR.  In addition, Defendants state they provided all such documents, to the extent

4  they exist, in initial disclosures.

5  **RPD No. 21:** "Provide a list of all doctors the CDCR uses that are "Independent contractors"

6  and do specialty work for the CDCR."

7  **Response:** Defendants object on the grounds that it is overly broad and burdensome, it is not

8  a proper request for production of documents in that it does not seek a readily identifiable document

9  and appears to call for the creation of, rather than the production of, documents, and it seeks

10  information that is not relevant to a party's claims or defenses nor likely to lead to the discovery of

11  admissible evidence.

12  Plaintiff states that "[a]ll document requests [that Defendants] say call for the creation of

13  documents is not true. . . . I explained [in my letter to the Attorney General's Office] exactly where

14  these documents can be found and showed that these documents do exist." (ECF No. 63 at 6:14-22.)

15  **Ruling:** Plaintiff's request is denied.  Plaintiff's request is overly broad and seeks evidence

16  which is not relevant to any of his claims. In addition, the request calls for the creation of a

17  document.

18  **RPD No. 22:** "Of these 'Independent contractors' the CDCR uses (and the CMO or MARC

19  sent plaintiff to) provide forms showing these 'independent contractors' (Doctors and specialists) is

20  on:

21  a) a state payroll?

22  b) paid by contract? Or Independent bill?

23  c) are they considered to be 'state actors' 'clothed with the authority of state law?'

24  d) provide any contractual arrangements the state has with these Independent contractors

25  (doctors) they have between the CDCR, hospitals. They have contracts with, etc. to show they have

26  the ability and authorization to perform services and surgeries on inmates in the CDCR's behalf.

27  e) provide forms describing what was their status at the hospital?

28  f) Do the hospital withhold taxes or pay social security obligations? Provide forms and proof.

17

g) do they receive compensation or do they have to re-apply for staff privileges periodically? Provide documentation on this.

h) provide a copy of all contracts and insurance agreements

**Response:** Defendants object on the ground that it is overly broad and burdensome, compound, and seeks information that is not relevant to a party's claims or defenses nor likely to lead to the discovery of admissible evidence.

Plaintiff argues that the requested information is relevant because it will help him prove that the specialists he saw who were independent contractors were actually "state actors" and, as such, had the authority to prescribe medications to inmates. (ECF No. 63 at 63:6-14.)

**Ruling:** Plaintiff's request is denied.  The request is overly broad, burdensome, and seeks information not reasonably calculated to lead to admissible evidence.

**RPD No. 23:** "Provide a list of all hospitals or providers, CSATF California substance Abuse Treatment Facility the CDCR has "contractual arrangements" with to provide medical inpatient and selected outpatient services for inmates/patients (see p. 1-6-2 VI scope of program guidelines, utilization management program, Health Care Services Protocol – services provided "to inmate/patient rendered by both CDC employees and contracted health care providers")

(i.e, "UM activities shall be performed at CDC's Health Care Facilities, as well as contracted Health Care Facilities")

a) Describe if corcoran hospital is a privately owned facility

b) Describe if Bakersfield Hospital is a privately owned facility"

**Response:** Defendants object on the grounds that it is not a proper request for production of documents in that it does not seek a readily identifiable document and appears to call for the creation of, rather than the production of, documents and it seeks information that is not relevant to a party's claims or defenses nor likely to the discovery of admissible evidence.

**Ruling:** Plaintiff's request is denied.  Plaintiff's request seeks information which is not relevant to any of his claims, and calls for the creation of a document.

**RPD No. 24:** "As pertains to #23 above – provide a list of health care service plans with which corcoran and Bakersfield hospital's have contracts with (see Exhibit p. plaintiff provided

18

1   (Corcoran hospital maintains a list of the health care service plans with which it has contracted and

2   can be obtained at its business office – plaintiff tried to obtain one – to no avail.). Bakersfield must

3   have a list also."

4   **Response:** Defendants object on the grounds that it is not a proper request for production of

5   documents in that it does not seek a readily identifiable document and appears to call for the creation

6   of, rather than the production of, documents, it seeks information that is not relevant to a party's

7   claims or defenses nor likely to lead to the discovery of admissible evidence, and it is unintelligible

8   as drafted.

9   **Ruling:** Plaintiff's request is denied.  Plaintiff's request seeks information which is not

10  relevant to any of his claims, and calls for the creation of a document.

11  **RPD No. 25:** "Provide a list of all the Health Care Managers or designee's (sometimes CMO

12  acts as Health Care Manager's) Assigned and who worked at or supervised S.A.T.F. (substance

13  abuse Treatment Facility) from 2007-2013 (See p 1-1-1 Administration overview, chapter 1, Health

14  Care Services, III health Care manager – Administrative and management personnel are in place to

15  supervise, oversee, and direct health care services at the institution.)"

16  **Response:** Defendants object on the grounds that it is not a proper request for production of

17  documents in that it does not seek a readily identifiable document and appears to call for the creation

18  of, rather than the production of, documents and it seeks information that is not relevant to a party's

19  claims or defenses nor likely to lead to the discovery of admissible evidence.

20  **Ruling:** Plaintiff's request is denied.  Plaintiff's request seeks information which is not

21  relevant to any of his claims, and calls for the creation of a document.

22  **RPD No. 26:** "[P]rovide a list of all the chief medical officers who worked at or supervised

23  S.A.T.F. from 2007-2013 (again see lines #12-15 above at #25).

24      a) provide the date defendant cmo A. Enenmoh became the cmo-chief medical officer –

25      beginning and or ending duress"

26  **Response:** Defendants object on the grounds that it is not a proper request for production of

27  documents in that it does not seek a readily identifiable document and appears to call for the creation

28  of, rather than the production of, documents and it seeks information that is not relevant to a party's

1   claims or defenses nor likely to lead to the discovery of admissible evidence.

2   **Ruling:** Plaintiff's request is denied.  Plaintiff's request seeks information which is not

3   relevant to any of his claims, and calls for the creation of a document.

4   **RPD No. 27: "**Recopy and/or translate all the following defense exhibits (how can you use

5   an Exhibit if neither one of us can read or understand it)?)

6   Defense Exhibits in Initial Disclosures:

7       a) p. 93

8       b) page 104

9       c) page 129

10      d) page 159

11      e) p. 165 #3

12      f) p. 167 #1

13      g) p. 169 what doctor?

14      h) p. 180 last one?

15      i) p. 181 at #3 none of doctor Enenmoh

16      j) p. 188 last fourlines unreadable

17      k) p. 205 #2 around lines 6-8

18      l) p. 217 unreadable

19      m) p. 218 unreadable

20      n) p. 219 unreadable

21      o) p. 221 "

22      p) p. 223 "

23      q) p. 229 "

24      r) p. 230 can't read

25      s) p. 244 can't read

26      t) p. 252 can't read handwriting

27      u) p. 260 unreadable – handwriting

28      v) p. 261 " "

w) p. 277 " "

x) p. 278 " "

y) p. 279 " "

z) p. 286 " "

aa) p. 367 signature unreadable

ab) 470 what is this chart – what does it pertain too?

Ac) 484 bad copy

Ad) 671 tech's name?

Ae) 461 need copy

Af) 848 unreadable"

**Response:** Defendants object on the grounds that it is not a proper request for production of documents in that it does not seek a readily identifiable document and appears to call for the creation of, rather than the production of, documents and it seeks information that is not relevant to a party's claims or defenses nor likely to lead to the discovery of admissible evidence. Additionally, the documents Defendants gave to Plaintiff in their initial disclosures are exact copies of the documents they have in their possession, custody, or control.

**Ruling:** Plaintiff's request is denied. Plaintiff does not dispute that Defendants have provided exact duplicates of the documents in question.  Plaintiff's additional request calls for the creation of an additional document.

**RPD No. 28: "**Provide the 7362 form – Request for Medical Services Form submitted by plaintiff to get called into RN page's (defendant) nurses line – any 7362 form from 2-1-10 to 2-12-10 please."

**Response:**  Defendants object on the ground that the records Plaintiff seeks are equally available to Plaintiff and Plaintiff has the ability to review and make copies of records in his UHR according to prison policy and procedure. Additionally, Defendants state that to the extent the documents exist, Defendants already provided them to Plaintiff in Defendant's initial disclosures.

**Ruling:** Plaintiff's request is denied. Plaintiff does not dispute that he has equal access to his records in his UHR.  In addition, Defendants state they provided all such documents, to the extent

they exist, in initial disclosures.

**RPD No. 29:** "Provide all interviews, reports, statements, documents, etc. of Defense witness Dr. C. Nyenke, physician and surgeon that pertains to plaintiff"

**Response:**  Defendants object on the ground that the records sought are equally available to Plaintiff and Plaintiff has the ability to review and make copies of records in his UHR according to prison policy and procedure.  In addition, Defendants state that, if such documents exist, Defendants already provided them to Plaintiff in Defendant's initial disclosures.

**Ruling:** Plaintiff's request is denied. Plaintiff does not dispute that he has equal access to his records in his UHR.  In addition, Defendants state they provided all such documents, to the extent they exist, in initial disclosures.

**RPD No. 31:** "Provide a list of names (only) and CDC numbers of all inmates at S.A.T.F., Cocoran (sic) prison who had hemorrhoidectomy surgeries in the past four years. Plaintiff also needs the following documents: (under Rule 26 (b)(1):

a) notes from the utilization management of MARC showing how many hemorrhoid surgeries were performed from 2007-2012. ("calculated to lead to admissible evidence." Discovery of")

b) how long did each inmate wait for surgery from the time the MAR committee approved surgeries to their actual surgery date (documents should be easy to obtain using the tracking numbers defendants claim are efficient or from utilization who keep this records – inpatients service logs and outpatient service logs or from the health care services Division – Quality Management program (see volume 3 – Quality Management system or p. 1-1-3 V administration overview health care services

c) of these surgeries – how many like plaintiff, had to be rescheduled for a second surgery when problems arose after their first surgeries."

**Response:** Defendants object on the grounds that it is overly broad and burdensome, not a proper request for production of documents in that it does not seek a readily identifiable document and appears to call for the creation of, rather than the production of, documents, seeks information that is not relevant to a party's claims or defenses nor likely to lead to the discovery of admissible

1  evidence, and would violate third-party privacy rights.

2  **Ruling**: Plaintiff's request is denied.  Plaintiff's request seeks information which is not

3  relevant to any party's claims or defenses and calls for the creation of a document.

4  **RPD No. 32:** "Provide all coppies (sic) of documents sent to the HUM (headquarters

5  utilization management committee) concerning plaintiffs case along with all supporting documents

6  (Institutional management committee approves medical services/procedures and surgeries then

7  forwards all supporting documents and approvals to the HUM Committee – title 15 ccr 3352 (a) and

8  (c) and 3352.1 (c) – they too should have this information? (#31 info? Too)"

9  **Response:**  Defendants object on the grounds that it seeks information that is not relevant to

10  a party's claims or defenses nor likely to lead to the discovery of admissible evidence and the

11  documents Plaintiff seeks are equally available to Plaintiff, and Plaintiff has the ability to review and

12  make copies of records in his UHR according to prison policy and procedure.

13  **Ruling:** Plaintiff's request is denied. Plaintiff does not dispute that he has equal access to his

14  records in his UHR.

15  **RPD No. 33:** "Provide all documentation that pertains to plaintiffs family history and

16  plaintiffs history of heart trouble that is listed in plaintiffs unit health record (i.e., plaintiff has been

17  on heart medications since aproximatly (sic) 1996 and chronic care for his heart around 2006? – Dr.

18  Metts on 2-18-10 opened plaintiff's medical file and immediately noted this, so there must be a

19  section in the U.H.R. that specifically list this history.)"

20  **Response:** Defendants object to this request on the grounds that it is overly broad and

21  burdensome and the records Plaintiff seeks are equally available to Plaintiff as they are to

22  Defendants in that Plaintiff has the ability to review and make copies of records in his UHR

23  according to prison policy and procedure.

24  **Ruling:** Plaintiff's request is denied. Plaintiff does not dispute that he has equal access to his

25  records in his UHR.

26  **RPD No. 35:** "Produce all Policies, Directives and Instructions concerning medical services

27  – "Including but not limited to" the Development and Implementation of Policies and procedures.

28  Please also list all the guidelines and who they send a copy of the Report to – see penal code section

1    5023.2.”

2         **Response:**  Defendants object to this request on the grounds that it is overly broad and

3    burdensome and it seeks information that is not relevant to a party's claims or defenses nor likely to

4    lead to the discovery of admissible evidence. Defendants further object to this request to the extent

5    that it calls for the creation of, rather than the production of, documents.

6         Plaintiff claims that the requested documents will help him "establish the standard of care at

7    SATF and defendant Enemohs [sic] responsibilities at SATF." (ECF No. 63 at 63:22-23.)

8         **Ruling:** Plaintiff's request is denied. The Court agrees that the request that Defendant

9    Enenmoh provide Plaintiff with copies of all of SATF's "policies, directives, and instructions

10   concerning medical services" is overly broad and burdensome.  In addition, Plaintiff's request that

11   Defendant make a list calls for the creation of a document.

12        **RPD No. 36:** "Please provide the "terms of the Hospital Contracts" and/or copies (sic) of

13   the contracts and insurance forms that pertain to plaintiff on the Dates listed herein at #16 – p.6 line

14   25-28)"

15        **Response:**  Defendants object to this request on the grounds that it seeks information that is

16   not relevant to a party's claims or defenses nor likely to lead to the discovery of admissible evidence

17   and it is unintelligible as drafted.

18        Plaintiff argues that he needs these documents "to establish [his] assertions that doctors at

19   [Bakersfield and Corcoran] hospitals were under contract by the CDCR to perform medical

20   procedures and surgeries on [him]." (ECF No. 63 at 63:24-64:5.)

21        **Ruling:** Plaintiff's request is denied.  The information sought with this request is not relevant

22   to any party's claims or defenses, nor is it likely to lead to discovery of admissible evidence.

23        **RPD No. 37:** "Provide any copies (sic) of defendant Enenmoh's notes, statements, reports,

24   investigatory action documentation, including but not limited to the above concerning defendant

25   Enenmohs actions after he discovered plaintiff was not receiving proper treatment from officer c/o

26   perez and Blond nurse Doe #1 and RN page (ie; when CMO Enenmoh answered A numbers (sic) of

27   plaintiffs 602 inmate Appeals, he did a "comprehensive Review" of plaintiffs case – he was acting as

28   the cmo and an examiner or administrator. Once he had actual knowledge or reason to believe that

1   defendants c/o Perez, RN page and Blond nurse Doe #1 were mistreating or not treating the plaintiff

2   – the CMO Enenmoh "must verify with medical officials that the prisoner is/was receiving proper

3   treatment" and take corrective actions to ensure the patient was. What corrective actions did

4   defendant Enenmoh take? What documentation did he file to correct?"

5       **Response:**  Defendants object to this request on the grounds that it lacks foundation and

6   seeks information that is not relevant to a party's claims or defenses nor likely to lead to the

7   discovery of admissible evidence. Without waiving these objections, Defendants do not have any

8   responsive documents in their possession, custody, or control.

9       **Ruling:**  Plaintiff's request is denied.  Defendant Enenmoh stated that he does not have any

10  responsive documents in his possession, custody, or control.

11      **RPD No. 38:** "Provide documentation "including but not limited to" any policy or directive

12  or order that the cmo denies prescribed medications to inmates because it was "non-formulary" –

13  What justification can Enehmoh provide in the form of documentation? What policy directive? (in

14  plaintiffs case and in the similar case of Foster v. Enenmoh 420 Fed appx 718 (c.a.g. (cal) 2011) the

15  cmo Enenmoh denied prescribed meds because they were "non formulary". Why? Provide some

16  type of documentation showing this directive or policy please."

17      **Response:**  Defendants object to this request on the ground that the documents sought are

18  equally available to Plaintiff as they are to Defendants in that Inmate Medical Services Policies and

19  Procedures are available for Plaintiff to review and copy in the prison law library.

20      Plaintiff argues that he cannot obtain these documents in the prison library.  He states the

21  prison librarian confirmed that these documents were not in the library.  Plaintiff cites to a CDCR

22  Form 22 to substantiate his assertion.  Defendants, however, note that Senior Librarian Hampson

23  responded to Plaintiff's CDCR 22 and informed Plaintiff that he would "need to do some research

24  regarding the actual accessibility of said [requested] materials."

25      **Ruling:** Plaintiff's request is granted.  Plaintiff has shown that the document is not equally

26  available to him.  Defendants are ordered to produce any responsive documents that may exist.

27      **RPD No. 41:** "Provide all documentation the Health care services Division has concerning

28  plaintiff Dasenbrock from 2007-2013 (see p. 1-1-13 Administrative overview, health care services V

Quality Management Program – HCSD requires an ongoing OM program to provide Systematic monitoring and evaluation of the Quality and appropriateness of health care services provided – see volume 3, Quality Management System.) or documents within this Quality Management Program."

**Response:** Defendants object on the grounds that the request is overly broad and burdensome and seeks information that is not relevant to a party's claims or defenses nor likely to lead to the discovery of admissible evidence. Without waiving these objections, Defendants state they have produced all responsive documents in their possession, custody, or control.

**Ruling:** Plaintiff's request is denied. Defendants state they have produced all responsive documents in their possession, custody, or control.

**RPD No. 43:** "Provide all utilization management documentation that pertains to plaintiff from 2007-2013 "including but not limited to":

a) UM worksheets

b) UM concurrent reviews and recorded data

c) Information requests and information received

d) coppies [sic] of other supporting documentation

(i.e. these are kept on file in the utilization management office – see p. 3 of 6 utilization management medical services review procedure – Calif. Correctional Health Care Services.)."

**Response:** Defendants object to this request on the grounds that it is overly broad and burdensome and seeks information that is not relevant to a party's claims or defenses nor likely to lead to the discovery of admissible evidence. Without waiving these objections, Defendants state they have produced all responsive documents in their possession, custody, or control.

**Ruling:** Plaintiff's request is denied. Defendants state they have produced all responsive documents in their possession, custody, or control.

**RPD No. 44:** "Provide all documentation of the Reviews of the plaintiffs case that were sent to the HUMC for Fourth level Review (see p. 3 of 6 IV A (1)(b) - Review speciality care appeals and complex cases, and make referrals, as appropriate, to HUMC for fourth level review – UM medical services Review procedures, Calif. Correctional Health Care Services. Enemoh's job to."

**Response:** Defendants object on the grounds that the request is overly broad and

26

1  burdensome and seeks information that is not relevant to a party's claims or defenses nor likely to

2  lead to the discovery of admissible evidence. Defendants further object on the ground that the

3  records Plaintiff seeks are equally available to Plaintiff given that Plaintiff has the ability to review

4  and make copies of records in his UHR according to prison policy and procedure. Without waiving

5  these objections, Defendants produce all responsive documents in their possession, custody, or

6  control as Attachment 1 to this request.

7  **Ruling:**  Plaintiff's request is denied.  Defendants state they have produced all responsive

8  documents in their possession, custody, or control.

9  **RPD No. 45:**  "The CMO Enenmoh is a member of the IUMC Committee/membership –

10  (Institutional utilization management committee) and at IV A(1)(f) "Ensure that institutions medical

11  staff receive training on UM policies and procedures, and provide feed back to providers regarding

12  adherence to policies and procedures. Therefore, During Enenmohs time as CMO-

13  Provide Documentation defendats (sic) enemoh trained his medical staff on UM policies and

14  procedures - especially RN page, c/o perez and Blond nurse Doe #1 After Enemoh read plaintiffs

15  602 appeals showing he was denied medical attention which violates these UM policies. Plaintiff

16  requests Enenmoh provide the actual signed documents the listed defendants should have signed

17  once they were re-trained after plaintiff appealed/complained of their wrongful and illegal actions.

18  Enemoh's job as a member of the IUMC was to train these individuals – show proof please see p. 3

19  of 6 IV A.2(c) "Institution chief, physician and surgeon")"

20  **Response:**  Defendants object to this request on the grounds that it is unintelligible as

21  framed, vague as to time, overly broad and burdensome, and seeks information that is not relevant to

22  a party's claims or defenses nor likely to lead to the discovery of admissible evidence.

23  Plaintiff contends that Enenmoh is required to re-train staff when "problems arise or once he learned

24  of problems when he conducted comprehensive reviews of Plaintiff's 602 appeals." (ECF No. 63 at

25  66:13-19.)

26  **Ruling:**  Plaintiff's request is denied.  Whether Defendant Enenmoh re-trained staff is not

27  relevant to any party's claims or defenses.

28  **RPD No. 47:**  "Provide a copy of the list of all Registered Nurses authorized to perform the

RN protocol: chest pain, procedure which shall be maintained on file in the office of the Director of Nursing, here at SATF Corcoran prison, from 2007-2013. (see p. 5-6 a-5 cardiovascular system, chest pain, health care services protocols.)."

**Response:**  Defendants object to this request on the ground that it seeks information that is not relevant to a party's claims or defenses nor likely to lead to the discovery of admissible evidence. Without waiving this objection, Defendants responded as follows: All Registered Nurses at SATF are authorized to perform the RN protocol: chest pain.

Plaintiff argues that he needs this list "to show the Defendants were or were not authorized to perform this procedure." (ECF No. 63 at 66:25-28.)

**Ruling:** Plaintiff's request is denied.  Defendants have responded that all Registered Nurses at SATF are authorized to perform the RN protocol: chest pain.

**RPD No. 48:** "Provide all written examinations for RN page and Blond Nurse doe and cmo Enenmoh concerning ongoing examinations for RN protocol: chest pain ("ongoing competence will be validated annually using case study analysis, written examinations," etc...)...shall attend an in-service on the assessment and management of chest pain – see p. 5-6a-5 III A. and E., cardiovascular system, chest pain, Health Care Services protocols...."

**Response:**  Defendants object on the grounds that the request is overly broad and burdensome and seeks information that is not relevant to a party's claims or defenses nor likely to lead to the discovery of admissible evidence. Without waiving these objections, Defendants state they do not have any responsive documents in their possession, custody, or control.

**Ruling:**  Plaintiff's request is denied.  Defendant Enenmoh states he does not have possession or control of the documents.

**RPD No. 49:** "Provide coppies [sic] of form on p. 5-6a-6 at V Development and approval of the standardized procedure, signed by the Health care manager, for any and all – including but not limited to – procedures, ongoing evaluations and competency Done on RN page, Blond Nurse Doe #1 or cmo A. Enenmoh from 2007-2013. (see p. 5-6a-6 cardiovascular system, chest pain , health care services protocols)."

**Response:**  Defendants object to this request on the grounds that it is unintelligible as drafted

1  and seeks information that is not relevant to a party's claims or defenses nor likely to lead to the

2  discovery of admissible evidence.

3  **Ruling:** Plaintiff's request is denied.  The request seeks information that is not relevant to

4  any party's claims or defenses.

5  **RPD No. 51:** "Defendant Enenmoh was plaintiff's treating physician in 2007-2008 – provide

6  all notes and documentation the defendant has concerning those visits, examinations, including but

7  not limited to "anything in the defendants possession. Produce any paperwork of observation notes

8  when he noticed plaintiffs visible injuries and he tried to treat the plaintiff for those injuries, my pain

9  and suffering."

10  **Response:**  Defendants object to this request on the grounds that it is overly broad and

11  burdensome and seeks information that is not relevant to a party's claims or defenses nor likely to

12  lead to the discovery of admissible evidence. In addition, Defendants state that to the extent such

13  documents exist, they are in Plaintiff's UHR, which Plaintiff can review and copy according to

14  prison policy and procedure.

15  **Ruling:** Plaintiff's request is denied.  Plaintiff does not contest that he has access to his

16  health records which would contain this documentation.

17  **RPD No. 52:** "Provide the 7362 Form dated 3-14-11 that was not in defendants disclosures.

18  The plaintiff wrote on it, "Im also in pain still bleeding from my surgery, itching constantly"….."

19  why do I still bleed from the rectum a year after surgery?"

20  **Response:**  Defendants object to this request on the grounds that the records Plaintiff seeks

21  are equally available to Plaintiff as they are to Defendants in that Plaintiff has the ability to review

22  and make copies of records in his UHR according to prison policy and procedure and the request

23  seeks information that is not relevant to a party's claims or defenses nor likely to lead to the

24  discovery of admissible evidence.

25  **Ruling:** Plaintiff's request is denied.  Plaintiff does not contest that he has access to his

26  health records which would contain this documentation.  In addition, the March 14, 2011,

27  documentation is irrelevant insofar as Plaintiff's claims concern events which took place at the latest

28  in February and March of 2010.

1    **RPD No. 53:** "Provide the 7362 form dated 9-29-09 that was not in defendants disclosures.

2    Plaintiff said "I haven't had surgery due to no colonoscopy results."

3    **Response:**  Defendants object to this request on the grounds that the records Plaintiff seeks

4    are equally available to Plaintiff as they are to Defendants in that Plaintiff has the ability to review

5    and make copies of records in his UHR according to prison policy and procedure.  In addition,

6    Defendants state that they have already produced all of Plaintiff's medical records from 2007

7    through 2010 that they have in their possession, custody, or control as part of Defendant's initial

8    disclosures.

9    **Ruling:** Plaintiff's request is denied.  Plaintiff does not dispute that he has access to his

10   health records.  Moreover, Defendants state they have produced all of Plaintiff's medical records

11   from 2007 through 2010 that Defendants have in their possession, custody, or control.

12   **RPD No. 54:** "Provide the 7362 form dated 10-4-09 that was not in defendats (sic)

13   disclosures, as well as

14       a) 7362 Form dated 10-18-09 (Im still suffering from rectal bleeding, constant pain and

15       itching – 2 years)

16       b) 7362 Form dated 2-25-10 (requesting to see a Doctor two days after my release from

17       Bakersfield Hospital)."

18   **Response:**  Defendants object to this request on the grounds that the records Plaintiff seeks

19   are equally available to Plaintiff as they are to Defendants in that Plaintiff has the ability to review

20   and make copies of records in his UHR according to prison policy and procedure.  In addition,

21   Defendants state they have already produced all of Plaintiff's medical records from 2007 through

22   2010 that they have in their possession, custody, or control as part of Defendant's initial disclosures.

23   **Ruling:** Plaintiff's request is denied.  Plaintiff does not dispute that he has access to his

24   health records.  In addition, Defendants state they have produced all of Plaintiff's medical records

25   from 2007 through 2010 that Defendants have in their possession, custody, or control.

26   C.    RPD, Set Two

27   **RPD No. 1:** "List the names of all personnel who were assigned to "E" yard medical clinic

28   on 1-2-10 at S.A.T.F. (Substance Abuse Treatment Facility), Corcoran Prison 93212-5242 during

third watch from 1500 to 2300 hours. (So that defendant Blond Nurse Doe # 1, correctional officer

(c/o) Perez and one material witness can be identified and served by the U.S. Marshalls service)"

**Response:**  Defendants object to this request on the ground that it is not a proper request for

production of documents in that it does not seek a readily identifiable document and appears to call

for the creation of, rather than the production of, documents.

**Ruling:** Plaintiff's request is denied.  Defendant is correct that the request seeks creation of a

document.

**RPD No. 3:** "Provide a list of names of all correctional officers assigned to S.A.T.F.,

Corcoran prison, E yard third watch from 1500 to 2300 hours to discover the identities of material

witnesses – one was a corrections officer standing outside E yard medical during defendant c/o

Perez's incident and two material witnesses were assigned to Building 4 who plaintiff reported the

incident to and who verified plaintiffs incident."

**Response:**  Defendants object to this request on the ground that it is not a proper request for

production of documents in that it does not seek a readily identifiable document and appears to call

for the creation of, rather than the production of, documents.

**Ruling:** Plaintiff's request is denied.  Defendant is correct that the request seeks creation of a

document.

**RPD No. 4:** "Provide the names of the two material witnesses who were corrections officers

working in Building 3, E Yard, S.A.T.F., Corcoran prison 93212-5242 on 1-2-10 During Third

watch from 1500-2300 that plaintiff reported the c/o perez incident to."

**Response:**  Defendants object to this request on the ground that it is not a proper request for

production of documents in that it does not seek a readily identifiable document and appears to call

for the creation of, rather than the production of, documents.

**Ruling:** Plaintiff's request is denied.  Defendant is correct that the request seeks creation of a

document.

**RPD No. 5:** "Provide copies of the corrections officer log book entries + notes on 1-2-10,

Building 4, E yard SATF, Corcoran prison from 1500-2300 hours. (This was plaintiffs housing unit,

and the two floor officers were material witnesses who confirmed plaintiffs incident. This log will be

used in court to show these officers notes of the incident and is needed to ascertain the identities of the officers involved as material witnesses.).”

**Response:** Defendants object on the ground that the request seeks information that is not relevant to a claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Defendants do not have any responsive documents in their possession, custody, or control.

**Ruling:** Plaintiff's request is denied.  The request seeks information that is not relevant to any party's claims or defenses.  In addition, Defendant Enenmoh states he does not have possession, custody, or control of the log books in Building 4 on E yard.

**RPD No. 6:** “Provide a list of all personell (sic) who were assaigned (sic) to 4 Building on 1-1-10 at S.A.T.F., Corcoran prison 93212-5242, second watch from 0700-1400 hours and Third watch from 1500-2300 hours on E yard and copies (sic) of the Building 4 log book entries for this date and times. (Plintiff (sic) was returned to E yard 4 Building from the hospital on this date. c/o perez was working there and plaintiffs needs to discover material witnesses to the 1-1-10 confrontation with c/o perez and the log 4 book entries of his return and documents concerning his treatment, pain and suffering, etc.”

**Response:** Defendants object to part of this request on the ground that it is not a proper request for production of documents in that it does not seek a readily identifiable document and appears to call for the creation of, rather than the production of, documents.  As to the remainder of the request, Defendant Enenmoh states he does not have possession, custody, or control of the E-yard-4 Building log books.

**Ruling:** Plaintiff's request is denied. Defendant is correct that the first part of the request seeks creation of a document.  As to the remainder, Defendant states he does not have possession, custody, or control of responsive documents.

**RPD No. 7:** “Please provide competency evaluation reports for defendant's Enenmoh, RN page, Blond Nurse Doe #1 and correctional officer perez to include written tests in employee file and/or staff development training file from 2007-2013. (See protocol for competency testing, chapter 3, health care services II, page 5-4-2…“competency assessment shall be included in the nursing

services program at least quarterly to test the skill of nursing staff".).' "

**Response:** Defendants object to this request on the ground that it seeks information that is not relevant to a party's claims or defenses nor likely to lead to the discovery of admissible evidence. In addition, Defendants contend that the information requested is part of Defendant Enenmoh's and Defendant Page's personnel files and thus is protected from disclosure by the constitutional right to privacy, the official information privilege, California Government Code section 6254, and California Evidence Code section 1040. Also, Defendants claim they do not have possession, custody, or control of Blond Nurse Doe #1's or Correctional Officer Perez's personnel files.

**Ruling:** Plaintiff's request is denied.  The request seeks information which is not relevant to any party's claims or defenses.  Plaintiff's claims concern negligence and deliberate indifference to Plaintiff's medical needs, not incompetence and dereliction of duty.  Defendants correctly point out that competency evaluation reports will not tend to prove or disprove that Defendants were negligent or deliberately indifferent.

**RPD No. 8:** "Provide performance evaluation reports for defendants Enenmoh, RN page, Blond Nurse Doe #1 and c/o perez to included written tests and performance evaluations documents in employee's file, staff development training file, etc. From 2007-2013. (see protocol for competency testing, chapter 4, Health Care Services II. Page 5-4-2). Redact personal info like birthdate, ssn, home address, etc.)"

**Response:** Defendants object to this request on the ground that it seeks information that is not relevant to a party's claims or defenses nor likely to lead to the discovery of admissible evidence. In addition, Defendants argue that the information requested is part of Defendant Enenmoh's and Defendant Page's personnel files and thus is protected from disclosure by the constitutional right to privacy, the official information privilege, California Government Code section 6254, and California Evidence Code section 1040. Also, Defendants state they do not have possession, custody, or control of Blond Nurse Doe #1's or Correctional Officer Perez's personnel files.

**Ruling:** Plaintiff's request is denied. The request seeks information which is not relevant to any party's claims or defenses.  Plaintiff's claims concern negligence and deliberate indifference to Plaintiff's medical needs.  Defendants correctly point out that written tests and performance

1  evaluations will not tend to prove or disprove that Defendants were negligent or deliberately

2  indifferent to Plaintiff's medical needs.

3      **RPD No. 9:** "Provide the following documentation listed in the RN protocol: Rectal Peri-

4  Anal Complaints, Health Care Services, page 5-8-c1 to p. 5 8c-4 for defendats (sic) Enenmoh, RN

5  page and Blond Doe #1 including but not limited to:

6          A) post test examinations for peri-anal complaints (see requirements for an RN p. 5-8c-3

7          gastro intestinal system, health care services protocols)

8          B) at #D – results of defendants 'competence validation tool examination' (must

9          satisfactorily demonstrate all critical behaviors identified on the competency validation tool).

10         C) results of the written performance appraisal (shall be performed by the supervising RN or

11         designee six months after initial competence has been validated) for defendants

12         D) all appraisal notes or examinations done after defendants incident dates:

13             - c/o perez and Blond nurse doe incident date 1-2-10

14             - RN page incident date 2-12-10

15             - A. Enenmoh – incident date 2007-2013

16         ("ongoing competence will be validated annually using case study analysis")."

17     **Response:** Defendants object to this request on the ground that it seeks information that is

18  not relevant to a party's claims or defenses nor likely to lead to the discovery of admissible evidence.

19  In addition, Defendants claim that the information requested is part of Defendant Enenmoh's and

20  Defendant Page's personnel files and thus is protected from disclosure by the constitutional right to

21  privacy, the official information privilege, California Government Code section 6254, and California

22  Evidence Code section 1040. Also, Defendants state they do not have possession, custody, or control

23  of Blond Nurse Doe #1's personnel files.

24     **Ruling:** Plaintiff's request is denied. The request seeks information which is not relevant to

25  any party's claims or defenses.  Plaintiff's claims concern negligence and deliberate indifference to

26  Plaintiff's medical needs.  Defendants correctly point out that written tests and performance

27  evaluations will not tend to prove or disprove that Defendants were negligent or deliberately

28  indifferent to Plaintiff's medical needs.

1    **RPD No. 10:** "Provide written examination for defendants Enenmoh RN page and Blond

2    Nurse Doe concerning cardiovascular system: chest pain – to include written post test examinations

3    and competency evaluations for 'chest pain' – cardiovascular system – (see p. 5-6-5 cardiovascular

4    system, chest pain, health care services protocols, III A. and E. ongoing Evaluation and A. Education

5    and training)."

6    **Response:** Defendants object to this request on the ground that it seeks information that is

7    not relevant to a party's claims or defenses nor likely to lead to the discovery of admissible evidence.

8    In addition, Defendants contend the information requested is part of Defendant Enenmoh's and

9    Defendant Page's personnel files and thus is protected from disclosure by the constitutional right to

10   privacy, the official information privilege, California Government Code section 6254, and California

11   Evidence Code section 1040. Also, Defendants state they do not have possession, custody, or control

12   of Blond Nurse Doe #1's personnel files.

13   **Ruling:** Plaintiff's request is denied. The request seeks information which is not relevant to

14   any party's claims or defenses.  Plaintiff's claims concern negligence and deliberate indifference to

15   Plaintiff's medical needs.  Defendants correctly point out that written tests and performance

16   evaluations will not tend to prove or disprove that Defendants were negligent or deliberately

17   indifferent to Plaintiff's medical needs.

18   **RPD No. 11:** "Provide all performance Reviews for defendants Enenmoh, RN page, Blond

19   Nurse Doe #1 and c/o perez (see page 5-4-1 competency testing, chapter 4 – health care services

20   protocols). (Also to test the skill of nursing staff for other staff, "talics (sic) mine", at least quarterly

21   or as evidenced by need, to facilitate competency in the performance of nursing protocols)."

22   **Response:** Defendants object to this request on the ground that it seeks information that is

23   not relevant to a party's claims or defenses nor likely to lead to the discovery of admissible evidence.

24   In addition, Defendants claim the information requested is part of Defendant Enenmoh's and

25   Defendant Page's personnel files and thus is protected from disclosure by the constitutional right to

26   privacy, the official information privilege, California Government Code section 6254, and California

27   Evidence Code section 1040. Also, Defendants state they do not have possession, custody, or control

28   of Blond Nurse Doe #1's or Correctional Officer Perez's personnel files.

**Ruling:** Plaintiff's request is denied. The request seeks information which is not relevant to any party's claims or defenses.  Plaintiff's claims concern negligence and deliberate indifference to Plaintiff's medical needs.  Defendants correctly point out that performance evaluations will not tend to prove or disprove that Defendants were negligent or deliberately indifferent to Plaintiff's medical needs.

**RPD No. 12:** "Provide all documents concerning RN page and defendant Blond Doe #1's competent employee performance located in their employee file and staff development training file, from 2008-2013 (see page 5/4/2, competency testing, chapter 4, II, health care services)."

**Response:** Defendants object to this request on the ground that it seeks information that is not relevant to a party's claims or defenses nor likely to lead to the discovery of admissible evidence. In addition, Defendants argue that the information requested is part of Defendant Page's personnel files and thus is protected from disclosure by the constitutional right to privacy, the official information privilege, California Government Code section 6254, and California Evidence Code section 1040. Also, Defendants state they do not have possession, custody, or control of Blond Nurse Doe #1's personnel files.

**Ruling:** Plaintiff's request is denied. The request seeks information which is not relevant to any party's claims or defenses.  Plaintiff's claims concern negligence and deliberate indifference to Plaintiff's medical needs.  Defendants correctly argue that performance evaluations will not tend to prove or disprove that Defendants were negligent or deliberately indifferent to Plaintiff's medical needs.

**RPD No. 13:** "Provided coppies (sic) of any and all surgical Reviews of Admissions or discharge's done on plaintiff (should be currently held by the central office, utilization management, health care services division. – see page 1-6-3 utilization management program IX Required reports, health care services)."

**Response:** Defendants object to this request on the grounds that it is overly broad and burdensome, vague as to time, and unintelligible as drafted. To the extent that Plaintiff is asking Defendants to produce records from Plaintiff's medical file, these records are equally available to Plaintiff as they are to Defendants in that Plaintiff has the ability to review and make copies of his

medical records according to prison policy and procedure.

**Ruling:** Plaintiff's request is denied. Plaintiff does not dispute that he has access to his medical records where he can obtain copies of these records. In addition, Defendants state they have already produced all documentation concerning Plaintiff from 2007-2013 that is on file at the Healthcare Services Division in their response to RPD No. 41, Set One.

**RPD No. 16:** "Please provide a list of how many personnel or staff complaints and/or lawsuits were filed against Doctor parvez between 2007-2013. Dr. parvez is a specialist used by the CDCR to perform specialty consults and surgeries on inmates. He is considered a 'state actor', "acting in the stead of the state in providing medical care". He is under the direction of the cmo Enenmoh."

**Response:** Defendants object on the grounds that it is not a proper request for production of documents in that it does not seek a readily identifiable document and appears to call for the creation of, rather than the production of, documents and it seeks information that is not relevant to a party's claims or defenses nor likely to lead to the discovery of admissible evidence.

**Ruling:** Plaintiff's request is denied. Plaintiff's request seeks information which is not relevant to any party's claims or defenses and calls for the creation of a document.

**RPD No. 17:** "Please provide a list of how many personnel or staff complaints were filed against defendant Enenmoh between 2007-2013 at SATF, Corcoran prison"

**Response:** Defendants object to this request on the grounds that it is not a proper request for production of documents in that it does not seek a readily identifiable document and appears to call for the creation of, rather than the production of, documents and it seeks information that is not relevant to a party's claims or defenses nor likely to lead to the discovery of admissible evidence.

**Ruling:** Plaintiff's request is denied. Plaintiff's request seeks information which is not relevant to any party's claims or defenses and calls for the creation of a document.

**RPD No. 18:** "Please provide a list of how many lawsuits were filed against defendant Enenmoh between 2007-2013 and list who filed them (plaintiff needs this to show the defendant Enemoh 'state of mind', policy decisions, and reveal other constitutional violations the defendant has committed to show a pattern of deliberate indifference – example – In Foster v. Enenmoh 420

Fed appx 718 (C.A.Q. CCAL) (2011) defendant Enenmoh denied prescribed medications only because it was "non-formulary". Defendant Enenmoh did the same in plaintiff Dasenbrock's case – The court of appeals in the foster case ruled defendant Enenmoh violated The Eighth Amendment for Deliberate Indifference. Therefore, defendant Enenmoh knew his actions violated the Eighth Amendment – he did so again in plaintiff Dasenbrocks case. This information is calculated to lead to the discovery of admissible evidence."

**Response:** Defendants object to this request on the grounds that it is not a proper request for production of documents in that it does not seek a readily identifiable document and appears to call for the creation of, rather than the production of, documents and it seeks information that is not relevant to a party's claims or defenses nor likely to lead to the discovery of admissible evidence.

**Ruling:** Plaintiff's request is denied.  Plaintiff's request seeks information which is not relevant to any party's claims or defenses and calls for the creation of a document.

**RPD No. 19:** "Provide a list of names of persons working at S.A.T.F Corcoran prison who's (sic) responsibilities are to ensure the conduct of nurses and correctional officers is appropriate and within the law towards inmate/patients under their care or who present themselves to those guards and nurses requesting medical attention. (how were these responsibilities fulfilled? There must be a list that goes all the way to the cmo-chief medical officer or warden that explains The "chain of command" when and illegal action is detected or improper behavior detected.)"

**Response:**  Defendants object on the grounds that this request is not a proper request for production of documents in that it does not seek a readily identifiable document and appears to call for the creation of, rather than the production of, documents and it seeks information that is not relevant to a party's claims or defenses nor likely to lead to the discovery of admissible evidence.

**Ruling:** Plaintiff's request is denied.  Plaintiff's request seeks information which calls for the creation of a document.

**RPD No. 20:** "Provide a list of how many inmates appeals where filed by inmates at S.A.T.F. Corcoran prison against the MARC (medical Authorization Review Committee) and utilization management concerning medical tracking problems or delays in their surgical process (plaintiff needs this information to show his 3 ½ year wait to receive surgery was not the norm – and

the information is calculated to lead to the discovery of admissible evidence.).”

**Response:** Defendants object to this request on the grounds that it is not a proper request for production of documents in that it does not seek a readily identifiable document and appears to call for the creation of, rather than the production of, documents and it seeks information that is not relevant to a party's claims or defenses nor likely to lead to the discovery of admissible evidence.

**Ruling:** Plaintiff's request is denied.  Plaintiff's request seeks information which is not relevant to any party's claims or defenses and calls for the creation of a document.

**RPD No. 22:** “Provide a list of the 'contracted' health care facilities S.A.T.F. Corcoran prison sends inmate/patients under your care and supervision to (v.m.guidelines).”

**Response:** Defendants object to this request on the grounds that it is not a proper request for production of documents in that it does not seek a readily identifiable document and appears to call for the creation of, rather than the production of, documents and it seeks information that is not relevant to a party's claims or defenses nor likely to lead to the discovery of admissible evidence.

**Ruling:** Plaintiff's request is denied.  Plaintiff's request seeks information which is not relevant to any party's claims or defenses and calls for the creation of a document.

**RPD No. 23:** “Provide defendant Enenmoh” work history here at SATF, Corcoran prison to include arrival date, jobs and titles and when he became chief medical officer from 2007-2013.”

**Response:** Defendants object to this request on the grounds that it is not a proper request for production of documents in that it does not seek a readily identifiable document and appears to call for the creation of, rather than the production of, documents and it seeks information that is not relevant to a party's claims or defenses nor likely to lead to the discovery of admissible evidence.

**Ruling:** Plaintiff's request is denied. Plaintiff's request does not seek specific documentation; rather, the request seeks information which calls for the creation of a document.  In addition, such a report would be irrelevant to any party's claims or defenses.

**RPD No. 24:** “Provide a list of who the 'contracted health care providers' The CDCR's current utilization management program applies to inpatient and selected outpatient medical…services for CDCR inmate/patients. (see #22 above too)”

**Response:** Defendants object to this request on the grounds that it is not a proper request for

production of documents in that it does not seek a readily identifiable document and appears to call for the creation of, rather than the production of, documents, it seeks information that is not relevant to a party's claims or defenses nor likely to lead to the discovery of admissible evidence, and it is unintelligible as drafted.

**Ruling:** Plaintiff's request is denied. Plaintiff's request does not seek specific documentation; rather, the request seeks information which calls for the creation of a document.

**RPD No. 25:** "Provide coppies (sic) of any Reviews of Admissions and discharges done on plaintiff (see p. 1-6-1 utilization management, health care services for guidelines)."

**Response:** Defendants object to this request on the grounds that it is overly broad and burdensome, vague as to time, and unintelligible as drafted. To the extent that Plaintiff is asking Defendants to produce records from Plaintiff's medical file, these records are equally available to Plaintiff as they are to Defendants in that Plaintiff has the ability to review and make copies of his medical records according to prison policy and procedure.

**Ruling:**  Plaintiff's request is denied.  Plaintiff does not dispute that he has access to his medical records where he can obtain copies of these records.  In addition, Defendants state they have already produced all documentation concerning Plaintiff from 2007-2013 that is on file at the Healthcare Services Division in their response to RPD No. 41, Set One.

**RPD No. 26:** "Provide defendant Enenmoh relationship with the medical Authorization Review Committee ( The M.A.R.C. functions under the direction of the chief medical officer), to include his role in decision making, scheduling, direction of, etc…."

**Response:** Defendants object to this request on the grounds that it is not a proper request for production of documents in that it does not seek a readily identifiable document and appears to call for the creation of, rather than the production of, documents, it seeks information that is not relevant to a party's claims or defenses nor likely to lead to the discovery of admissible evidence, and it is unintelligible as drafted.

**Ruling:** Plaintiff's request is denied. Plaintiff's request does not seek specific documentation; rather, the request seeks information which calls for the creation of a document.

**RPD No. 27:** "Provide a list of names of who's job is it, within the CDCR, SATF Corcoran

40

1  prison, to check and ensure inmate patients receive surgery in a timely manner once they have been

2  approved and scheduled for theses surgeries."

3  **Response:** Defendants object to this request on the ground that it is not a proper request for

4  production of documents in that it does not seek a readily identifiable document and appears to call

5  for the creation of, rather than the production of, documents.

6  **Ruling:** Plaintiff's request is denied. Plaintiff's request does not seek specific

7  documentation; rather, the request seeks information which calls for the creation of a document.

8  **RPD No. 28:** "Provide a list of documents that establishes the standard of care at SATF

9  Corcoran under defendants Enenmoh's time working as the chief medical officer at SATF."

10  **Response:** Defendants object to this request on the grounds that it is not a proper request for

11  production of documents in that it does not seek a readily identifiable document and appears to call

12  for the creation of, rather than the production of, documents and it is unintelligible as drafted.

13  **Ruling:** Plaintiff's request is denied. Plaintiff's request does not seek specific

14  documentation; rather, the request seeks information which calls for the creation of a document.

15  **RPD No. 29:** "Provide a copy of any documents that regulates or requires or mentions the

16  training of corrections officers on the correct procedures in providing medical care to inmates in

17  custody or how to alert medical staff of a prisoners need for medical care once the inmate requests

18  medical care to a corrections officer."

19  **Response:** Defendants object to this request on the grounds that it is overly broad and

20  burdensome and the documents sought are equally available to Plaintiff as they are to Defendants in

21  that Inmate Medical Services Policies and Procedures are available for Plaintiff to review and copy

22  in the prison law library.

23  **Ruling:** Plaintiff's request is denied.  The request is overly broad and burdensome insofar as

24  the request asks Defendants to look through all CDCR policies and regulations to locate all

25  responsive documentation.  In addition, the training of correctional officers is irrelevant to whether

26  Defendants provided negligent medical care or were deliberately indifferent to Plaintiff's medical

27  needs.

28  **RPD No. 30:** "Please provide competency evaluation Reports for material witness D. Ybarra,

Registered Nurse CF, HCARN including but not limited to written tests in employee's file, and/or staff development training file, performance evaluations, etc. from 2008-2013. (see protocol for competency testing, chapter 4 Health Care Services II, p. 5-4-2…"competency assessment shall be included in the nursing services program at least quarterly to test the skill of nursing staff"). Plaintiff needs information on Ybarra – a material witness. She responded to a number of plaintiffs 602 appeals, preparing comprehensive reviews for the chief medical officer. She also wrongly granted two of plaintiff 602 appeals which, with the chief medical officers knowledge after he himself responded to plaintiffs 602 appeals, delayed plaintiffs surgery (i.e.) saying plaintiffs surgery was completed when it was not for on 6-19-09 Doctor Rodrigues ordered surgery – the same day Ybarra said it was done)"

**Response:** Defendants object to this request on the ground that it seeks information that is not relevant to a party's claims or defenses nor likely to lead to the discovery of admissible evidence. In addition, the information requested is part of Ybarra's personnel file and thus is protected from disclosure by the constitutional right to privacy, the official information privilege, California Government Code section 6254, and California Evidence Code section 1040.

**Ruling:** Plaintiff's request is denied.  The request seeks documentation which is not relevant to a party's claims or defenses nor likely to lead to discovery of admissible evidence.

**RPD No. 31:** "Describe witness D. Ybarra's actual duties while she worked for defendant Enenmoh from 2007 to 2013."

**Response:**  Defendants object to this request on the grounds that it is not a proper request for production of documents in that it does not seek a readily identifiable document and appears to call for the creation of, rather than the production of, documents and it seeks information that is not relevant to a party's claims or defenses nor likely to lead to the discovery of admissible evidence.

**Ruling:** Plaintiff's request is denied. Plaintiff's request does not seek specific documentation; rather, the request seeks information which calls for the creation of a document.

**RPD No. 32:** "Provide some type of contact information of prison address plaintiff can use to send her interrogatories, declarations, subpoena's, etc. (no home address or send her address to the court so plaintiff can go through the court to contact her)."

1    **Response:** Defendants object to this request on the grounds that it is vague as to who

2 Plaintiff is referring to when he says "her" and it is not a proper request for production of documents

3 in that it does not seek a readily identifiable document and appears to call for the creation of, rather

4 than the production of, documents.

5    **Ruling:** Plaintiff's request is denied. Plaintiff's request does not seek specific

6 documentation; rather, the request seeks information which calls for the creation of a document.

7    **RPD No. 34:** "Please provide the name of the individual who administered the Liquid

8 Barium to plaintiff Dasenbrock at Bakersfield Hospital between 2-20-10 to 2-23-10 when the

9 plaintiff was rushed to the hospital. This individual is a material witness and performed some kind of

10 "Egd" or gastrointestinal or x-ray of the intestines or stomach of plaintiff. Dr. Magalong was the

11 senior doctor of record at Bakersfield and may be able to assist in identification."

12    **Response:** Defendants object to this request on the ground that it is not a proper request for

13 production of documents in that it does not seek a readily identifiable document and appears to call

14 for the creation of, rather than the production of, documents.

15    **Ruling:** Plaintiff's request is denied. Plaintiff's request does not seek specific

16 documentation; rather, the request seeks information which calls for the creation of a document.

17    **RPD No. 40:** "Please provide coppies (sic) of the policies and procedure manuals distributed

18 at S.A.T.F. Cocoran (sic) prison that pertain to any allegation the plaintiff is raising in his suit (ie,

19 non-formulary denial, specialist prescriptions being considered recommendation only, etc… (see p.

20 1-8-2, chapter 8, Implementation and Review of Health care policies and procedures, Health care

21 services.

22    **Response:** Defendants object to this request on the grounds that it is vague and the

23 documents Plaintiff seeks are equally available to Plaintiff as they are to Defendants in that Plaintiff

24 has access to SATF's policies and the ability to review them in the law library.

25    **Ruling:** Plaintiff's request is denied.  The request is vague and overly broad and burdensome

26 insofar as the request asks Defendants to look through all CDCR policies and procedures to locate all

27 responsive documentation that might pertain to Plaintiff's suit.

28    **RPD No. 44:** "Provide coppies (sic) of all nursing protocol Flow sheets prepared by

defendants or witnesses on plaintiff Dasenbrock concerning: chest pain, constipation, gastrointestinal bleeding and hemorrhoids. Plaintiff specially raised these four issues to defendants RN page, Blond nurse doe and numerous Doctors, so there should be a number of flow sheets available and on record (see chapter 15, nursing protocol flow sheets, nursing protocol table of contents, health care services protocols). Each Flow Sheet is different and specifically for each symptom complained of: Hemorrhoids, chest pain, constipation and GI bleeding."

**Response:** Defendants object to this request on the grounds that it is overly broad and burdensome and the records Plaintiff seeks are equally available to Plaintiff as they are to Defendants in that Plaintiff has the ability to review and make copies of his medical records according to prison policy and procedure.

**Ruling:** Plaintiff's request is denied.  Plaintiff does not dispute that he has the ability to review and make copies of his records contained in his UHR.

**RPD No. 45:** "Describe the process for approving the use of non-formulary medications and for adding or deleting medications (see page 9-8-1, chapter 8, CDC Drug Formulary, Health Care Services protocols."

**Response:** Defendants object to this request on the ground that it is not a proper request for production of documents in that it does not seek a readily identifiable document and appears to call for the creation of, rather than the production of, documents.

**Ruling:** Plaintiff's request is denied. Plaintiff's request does not seek specific documentation; rather, the request seeks information which calls for the creation of a document.

**RPD No. 46:** "Provide a copy of the CDC Drug Formulary ("shall be readily available to clinical staff" page 9-8-1 procedure #1, CDC Drug Formulary, Health Care Services Protocol)"

**Response:** Defendants object to this request on the grounds that it is vague as to time and CDC Drug Formulary lists are available for Plaintiff's review in the SATF law library.

**Ruling:** Plaintiff's request is denied.  Plaintiff fails to demonstrate that he cannot obtain these documents from the law library.

**RPD No. 47:** "Provide any and all CDC Form 7374 that were filled out by Doctors/witnesses (prescribed drugs not listed in the CDC Drug Formulary can be submitted on a non Formulary Drug

44

1    request – CDC Form 7374, p. 9-8-1 – CDC Drug Formulary, Health Care Services protocols)

2    Doctors metts and Beregovskaya Both requested multivitamins, vitamins C and Iron – where are

3    their requests documentation? This must be approved by CMO Enenmoh – where is this Denial

4    Documentation on their requests? See form p. 9-8-2 CDC Form 7374."

5        **Response:** Defendants object to this request on the grounds that it is overly broad and

6    burdensome and the records Plaintiff seeks are equally available to Plaintiff as they are to

7    Defendants in that Plaintiff has the ability to review and make copies of his medical records

8    according to prison policy and procedure. Defendants further object to the extent that this request

9    seeks medical records from other patients on the grounds that it seeks information that is not relevant

10   to a claim or defense of any party and is not reasonably calculated to lead to the discovery of

11   admissible evidence and the disclosure of such information would violate third-party privacy rights.

12       **Ruling:** Plaintiff's request is denied.  Plaintiff does not dispute that he has access to his

13   medical records where he can obtain copies of these records.  In addition, Defendants state they have

14   already produced all responsive documentation concerning Plaintiff from 2007-2013 that is on file at

15   the Healthcare Services Division in their response to RPD No. 41, Set One.

16   D.    Conclusion

17       Based on the foregoing, Plaintiff's motion to compel responses to RPD, Set One, Nos. 1,

18   3(b), 3(d), 5, 7-13, 18-29, 31-33, 35-37, 41, 43, 45, 47-49, 51-52, are denied. Plaintiff's motion to

19   compel responses to RPD, Set Two, are denied. Plaintiff's motion to compel responses to RPD, Set

20   One, Nos. 2, 3(a), 3(c), 38, are granted.

21   IV.    Plaintiff's Fourth Motion to Compel [ECF Nos. 65]

22       On April 30, 2014, Plaintiff filed a fourth motion to compel wherein Plaintiff requested that

23   the Court issue two subpoenas duces tecum with respect to his second request for production of

24   documents.  Plaintiff states he has been unable to obtain information concerning the identities of the

25   remaining two defendants, Corrections Officer Perez and blonde Doe Nurse #1.  Defendants did not

26   file an opposition.

27       Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena

28   commanding the production of documents or tangible things from a nonparty, Fed. R. Civ. P. 45, and

to service of the subpoena by the United States Marshal, 28 U.S.C. 1915(d).  However, the Court will consider granting such a request only if the documents or tangible things sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendants through a request for the production of documents or tangible things.  Fed. R. Civ. P. 34.  If Defendants object to Plaintiff's discovery request, a motion to compel is the next required step.  If the Court rules that the documents or tangible things are discoverable but Defendants do not have care, custody, and control of them, Plaintiff may then seek a subpoena.  Alternatively, if the Court rules that the documents are not discoverable, the inquiry ends.

Here, Plaintiff seeks subpoenas duces tecum with respect to RPD, Set 2, Nos. 1-6.  Plaintiff asks that subpoenas be issued to the Warden and to the Custodian of Records, so that Plaintiff can obtain any and all documentation, including photographs, concerning individuals who were assigned to the medical clinic and to Building "4" in "E" yard at SATF on January 2, 2010, between 1500-2300 hours.  Plaintiff also seeks any and all documentation concerning log book entries and notes for January 2, 2010, at "E" yard between 1500-2300 hours.  Plaintiff claims that this information will assist him in determining the identities of correctional officer Perez, blonde nurse Doe #1, and two material witnesses.  Plaintiff requested production of these documents from Defendants, but Defendants objected on various grounds including the allegation that Defendants are not in possession, custody, or control of such records.  As discussed above, Plaintiff moved to compel production of these documents, except for his request for photographs (RPD No. 2).

Accordingly, the Court finds that it is in the interest of justice to authorize the issuance of a subpoena duces tecum commanding the Warden at SATF to produce the following documents:

**1.  Copies of documents identifying the names of personnel who were assigned to "E" Yard Medical Clinic on January 2, 2010, at SATF, during Third Watch between 1500 to 2300 hours.**

**2.  Copies of documents identifying all correctional officers assigned to "E" Yard at SATF, during Third Watch between 1500 to 2300 hours.**

**3.  Copies of Log Book entries for Building 4 at SATF, on January 2, 2010, during Third Watch between 1500 to 2300 hours.**

With respect to documents identifying the names of personnel, Defendants may redact all information except the names, badge numbers and addresses.  With respect to Log Book entries, Defendants may redact all sensitive and private information, and information which is likely to jeopardize the safety of prison personnel and inmates.  As to Plaintiff's other requests, the Court does not find the information sought to be relevant to a claim or defense of any party.

V.      Plaintiff's Fifth Motion to Compel [ECF Nos. 67]

On May 5, 2014, Plaintiff filed a fifth motion to compel.  Plaintiff seeks an order compelling Defendants to respond to Plaintiff's first set of interrogatories ("ROG"), questions 1, 3, 4, 5, 12, 13, 15, 20, 21, and 22.  On June 4, 2014, Defendants filed an opposition to Plaintiff's motion to compel.

An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact.  Fed. R. Civ. P. 33(a)(2) (quotation marks omitted).  Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981).  The responding party shall use common sense and reason.  E.g., Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008).  A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made.  Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D. Cal. 2013); L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007).  Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction.  Fed. R. Civ. P. 26(e)(1)(A).

A.      Timeliness

Defendants contend that the motion to compel is untimely.  The discovery cut-off date in this case was set for February 10, 2014, and the dispositive motion deadline was set for April 9, 2014.  Defendants sought extensions of time to respond to Plaintiff's discovery requests.   The Court granted Defendants' requests and set the deadline for responding to the requests to March 21, 2014.  On March 21, 2014, Defendants served their responses to the ROG Set 1.  On May 5, 2014, Plaintiff

1  filed the instant motion to compel.

2       Defendants argue that Plaintiff did not timely seek extensions of time to file motions to

3  compel.  While this is true, Plaintiff did seek an extension of time with respect to his discovery

4  requests on April 7, 2014, which the Court has not yet ruled on.  [ECF No. 55.]  In light of the fact

5  Plaintiff is a pro se litigator, and there has been much unresolved confusion given the timing of

6  Defendant Page's entry into the action, the Court finds that Plaintiff's motion to compel should be

7  entertained in the interest of justice.  Therefore, Plaintiff's motion for extension of time will be

8  construed as a motion to extend time to file his motion to compel and it will be granted nunc pro

9  tunc.

10  B.    ROG, Set One

11       **ROG No. 1:** "Why did you not make a decision to act when it became your actual

12  knowledge of the obvious fact (through your responding to numerous 602 appeals plaintiff filed –

13  with tracking numbers of those 602's that never led to surgery in a timely manner) that the current

14  policy and tracking system used to track pending surgeries was ineffectual as it resulted in a three

15  year delay in preventing plaintiff from bleeding constantly internally, for which numerous doctors

16  had deemed that the plaintiff had a need for immediate surgery? (You, yourself answered numerous

17  appeals to plaintiff, as with different tracking numbers from the referral for surgery requests and

18  Marc approvals – yet none but the last one led to surgery."

19       **Response:** Defendants objected on the grounds that the request lacks foundation and is vague

20  as to time.  Without waiving objections, Defendants responded as follows: "the system used at the

21  Substance Abuse Treatment Facility for tracking inmates' scheduled surgeries is not ineffectual."

22       Plaintiff contends Defendant did not answer the interrogatory.

23       **Ruling:** Plaintiff's request is denied.  Plaintiff asked Defendant to explain why he did not act

24  based on the assumption that the prison's tracking system was ineffectual.  Defendant explained that

25  the system was not ineffectual.  Therefore, he cannot answer why he did not act when he became

26  aware that the system was ineffectual when he claims the system was not ineffectual.

27       **ROG No. 3:** "Did you feel you had no choice but to comply and follow the policy of

28  considering specialist orders (the CDCR sent plaintiff to see) for prescription medications in their

discharge orders for plaintiff as 'recommendations only' articulated in the CDCR guidelines?"

**Response:** Defendants object to the interrogatory on the grounds that it lacks foundation and is vague as to time.  Without waiving the objections, Defendant responded as follows: "Specialty providers are not authorized to order diagnostic tests or additional specialty services for inmates, and they are not authorized to prescribe medications for inmate use at the prison.  Specialty providers may make recommendations to order those things, but the inmate's primary care provider must review those recommendations and decide whether to order them himself."

**Ruling:** Plaintiff's request is denied.  The interrogatory is not specific as to time and incident.

**ROG No. 4:** "What steps did you take to investigate whether it would be medically appropriate to ignore the unanimous advice of not only Hospital specialist Doctors the CDCR sent plaintiff to see, but plaintiffs Treating doctors here at the prison who both prescribed the same medication (Vitamin C, multivitamins) which you refused to provide due to a non formulary memo (602 # 10-10923 Exhibit H) and title 15 section 3350(a) (602 #10-10040 exhibit g)?"

**Response:** Defendants object to the interrogatory on the grounds that it is vague as to time, lacks foundation, and is argumentative.  Without waiving the objections, Defendant responded as follows: "Responding Party found, based on his professional training, judgment, and experience, that Vitamin C and Multivitamins were not medically necessary for Plaintiff's medical condition."

**Ruling:** Plaintiff's request is denied.  Defendant has answered the interrogatory.

**ROG No. 5:** "When the plaintiff filed numerous 602 appeals over the years saying he did not yet have surgery, after you said in 602 #08-02299 on 9-30-08 "The colonoscopy and hemorrhoidectomy are scheduled to be conducted on the same day, at the same appointment". What steps did you take thereafter to ensure that surgery was provided within a reasonably timely manner? (see p. 4-8-3 outpatient – specialty services, chapter 8, health care services protocols ex. D chief medical officer monitoring of pending specialty appointment at #4" . . . Management Committee any matter related to systemic delays")"

**Response:** Defendants responded: "At the time Responding Party responded to inmate appeal SATF-M-08-02299 on September 30, 2008, Dr. Schuster had recommended to the Medical

Authorization Review Committee that Plaintiff have a colonoscopy and hemorrhoidectomy. Utilization Management informed Responding Party that they were waiting for an appointment date to schedule the procedures.  The policy section to which Plaintiff refers in this interrogatory has to do with a Chief Medical Officer's obligations to ensure timely specialty consultations for high priority consultations. A colonoscopy or hemorrhoidectomy is a routine procedure, not a high priority consultation.  And it is the inmate's primary care provider who has the obligation to initiate medically necessary services for routine procedures based on the status of the inmate's condition. Moreover, the treatment plan for Plaintiff's medical condition was appropriate and Plaintiff did not experience any unnecessary delay in receiving medical care."

**Ruling:** Plaintiff's request is denied.  Defendant supplied a response to the interrogatory. Defendant states the responsibility for ensuring Plaintiff received surgery in a timely manner falls to his primary care provider, and Defendant did not take steps to monitor Plaintiff's surgery schedule.

**ROG No. 12:** "How many hemorrhoidectomies surgeries were performed on inmates at S.A.T.F. Corcoran prison between 2007-2013?"

**Response:** Defendants object that the request is overly broad and burdensome and is not relevant to a claim or defense of any party and is not reasonably calculated to lead to discovery of admissible evidence.

**Ruling:** Plaintiff's request is denied.  The number of surgeries performed on inmates at SATF is not relevant to Plaintiff's claims of negligence and deliberate indifference.

**ROG No. 13:** "How long did each inmate have to wait for Surgery from the time Surgery was approved by the medical Authorization Review Committee until the inmates actually received the ordered surgery? (by Inmates – as in #12 above, I mean all inmates at S.A.T.F. who had hemorrhoid surgeries between 2007-2013)."

**Response:** Defendants object on the grounds that the request is overly broad and burdensome and is not relevant to a claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

**Ruling:** Plaintiff's request is denied.  The length of time inmates at SATF waited to have hemorrhoid surgery is not relevant to Plaintiff's claim that Defendants were deliberately indifferent

to his medical needs or provided negligent medical care.

**ROG No. 15:** "After plaintiffs first hemmorroidotomy surgery, when plaintiff bled out and was rushed to Bakersfield Hospitals Emergency Room, Doctors at Bakersfield Hospital and doctors here at SATF Prison, Corcoran both ordered another surgery for plaintiff, yet another long delay cause plaintiff thereafter to suffer.  Why wasn't plaintiff given prompt surgery?"

**Response:** Defendants object on the grounds the interrogatory lacks foundation, is vague, and calls for speculation.  Defendants state the interrogatory is based on the false assumption that doctors ordered another surgery for plaintiff after his first hemorrhoidectomy.  In addition, Defendant Enenmoh states he was not Plaintiff's primary care provider so he would have to speculate why Plaintiff did not have a prompt surgery.

**Ruling:** Plaintiff's request is denied.  The interrogatory is speculative as to Defendant Enenmoh.

**ROG No. 20:** "What is your opinion regarding how the use, by yourself, of the memo stating non-formulary medication is disallowed or denied evidences a pattern of illegal constitutional violations to inmates (from your denying prescribed specialist doctor ordered medications for non-formulary reasons alone)? (You know from the Foster v. Enenmoh lawsuit that the court of Appeals held Inmate Foster stated claims against you for deliberate indifference violating the Eighth Amendment because you denied his treating doctors prescribed medications only because it was "non-formulary" exactly as you did in plaintiffs case – denying plaintiffs medications his prison Treating physicians and Hospital Specialists the CDCR sent plaintiff to only because they were non-formulary) Please answer – "the mere fact that interrogatory seeks opinion as opposed to fact does not make it improper per se – Fed. R. Civ. P. 1513."

**Response:** Defendants object on the grounds that the interrogatory lacks foundation and is unintelligible as drafted.  Without waiving objections, Defendants responded as follows: "Responding Party does not deny a physician's request to prescribe an inmate with certain medications based solely on the fact that the requested medication is a non-formulary medication.  Non-formulary medications are approved based on medical necessity and on individual bases after exercising clinical discretion and judgment.  If Responding Party does not approve a non-formulary

51

1  drug that has been recommended for an inmate, it is because the recommended medication is not

2  medically necessary for the inmate's medical condition.  In addition, and for clarification,

3  Responding Party received a verdict in his favor after a jury trial in *Foster v. Enenmoh*."

4  **Ruling:** Plaintiff's request is denied.  Defendant provided a response to the interrogatory.

5  Defendant submits that he does not accept the assumption Plaintiff makes that Defendant denies a

6  drug merely because it is on the non-formulary list.

7  **ROG No. 21:** "How many Inmates at SATF between 2007-2013 were denied specialist

8  prescribed medications by you (from doctors at hospitals the CDCR sent those inmates to specialized

9  treatment) only because these medications were listed as "non-formulary?"

10  **Response:** Defendants object on the ground that the interrogatory is not relevant to a claim

11  or defense of any party and is not reasonably calculated to lead to the discovery of admissible

12  evidence.  Without waiving the objection, Defendant states that after conducting a reasonable

13  inquiry into the documents he has available to him, he does not have an independent recollection.

14  **Ruling:** Plaintiff's request is denied.  The interrogatory seeks information that is not relevant

15  to a claim or defense in this case.

16  **ROG No. 22:** "Why has no Review of plaintiffs Admissions And discharge records done

17  after 6-19-19 per CDCR protocols? (See also page 1-6-1 Utilization management program, Health

18  Care Services protocol IV, Review process.  If you would have Reviewed these, you would have

19  seen Doctor Rodriguez on 6-19-19 ordered or recommended surgery for plaintiff on the same day

20  witness Ybarra falsely stated plaintiffs surgery had been "completed" on two of plaintiff's 602

21  Inmate Appeals (Exhibit D # SATF 33-08-12311, page 2, etc.)  Ybarra never checked to see if

22  surgery was completed and no review of records was done by you."

23  **Response:** Defendants object on the grounds that the interrogatory is unintelligible as drafted

24  and lacks foundation.

25  **Ruling:** Plaintiff's request is granted in part.  As basis for his interrogatory, Plaintiff asserts

26  that Defendant should have reviewed Plaintiff's admissions and discharge records, but did not.

27  Defendant claims Plaintiff misunderstands CDCR policies and fails to establish that the admissions

28  and discharge records should have been reviewed at all, much less by Defendant Enenmoh.

1   Defendant does not further clarify his assertion that Plaintiff misunderstands the protocol.

2   Defendant's response is insufficient.  Defendant must explain the protocol and why he is not tasked

3   with reviewing admissions and discharge records to determine if surgery was completed.

4   C.     Conclusion

5          Based on the foregoing, Plaintiff's motion to compel responses to ROG, Set One, Nos. 1, 3-

6   5, 12, 13, 15, 20, 21, are denied. Plaintiff's motion to compel a response to ROG Set One, No. 22 is

7   granted.

8   VI.    Discovery Reopened as to Defendant Page

9          As has been previously discussed, there has been much confusion due to Defendant Page's

10  entry into the action during the latter part of the discovery period.  It appears Defendant Page

11  responded to some of Plaintiff's discovery requests but not others due to timeliness.  The Court finds

12  that Plaintiff has not had a fair opportunity to serve discovery on Defendant Page.  Accordingly,

13  discovery will be reopened as to Defendant Page.  Plaintiff may serve discovery requests on

14  Defendant Page to the extent such discovery requests have not yet been propounded.

15         The discovery deadline as to Defendant Page is extended ninety (90) days from the date of

16  service of this order as follows:

17         A.     Plaintiff has thirty (30) days from the date of service by mail of this order within

18  which to serve any additional discovery requests;

19         B.     Defendant Page has thirty (30) days from the date of service by mail of the discovery

20  requests to serve her responses; and

21         C.     Plaintiff has thirty (30) days from the date of service by mail of the responses to file a

22  motion to compel, if one is necessary.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

53

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED:

1)      Plaintiff's first motion to compel responses is DENIED;

2)      Plaintiff's second motion to compel responses is GRANTED in part as to RFA No. 15, and DENIED in part as to RFA Nos. 3, 32, and 40;

3)      Plaintiff's third motion to compel responses is GRANTED in part as to RPD, Set One, Nos. 2, 3(a), 3(c), and 38, and DENIED in part as to RPD, Set One, Nos. 1, 3(b), 3(d), 5, 7-13, 18-29, 31-33, 35-37, 41, 43, 45, 47-49, 51-52, and DENIED as to RPD, Set Two;

4)      Plaintiff's motion for subpoenas duces tecum is GRANTED in part, and the Court authorizes the issuance of a subpoena duces tecum directing the Warden at SATF to produce the following documents:

1. Copies of documents identifying the names of personnel who were assigned to "E" Yard Medical Clinic on January 2, 2010, at SATF, during Third Watch between 1500 to 2300 hours;

2. Copies of documents identifying all correctional officers assigned to "E" Yard at SATF, during Third Watch between 1500 to 2300 hours;

3. Copies of Log Book entries for Building 4 at SATF, on January 2, 2010, during Third Watch between 1500 to 2300 hours;

5)      Pursuant to Rule 45(a)(4), the parties are placed on notice that the subpoena duces tecum will be issued after the passage of ten (10) days from the date of service of this order;

6)      The Clerk's Office shall serve a copy of the subpoena with this order;

7)      Plaintiff's fifth motion to compel responses is GRANTED in part as to ROG, Set One, Nos. 1, 3-5, 12, 13, 15, 20, 21, and DENIED in part as to ROG, Set One, No. 22;

8)      Defendants are GRANTED thirty (30) days to file responses to Plaintiff's motions to compel as ordered herein; and

9)      Discovery is reopened as to Defendant Page. The discovery deadline is extended ninety (90) days from the date of service of this order as follows:

1.      Plaintiff has thirty (30) days from the date of service by mail of this order

1    within which to serve any additional discovery requests on Defendant Page;

2          2.      Defendant Page has thirty (30) days from the date of service by mail of the

3    discovery requests to serve her responses; and

4          3.      Plaintiff has thirty (30) days from the date of service by mail of the responses

5    to file a motion to compel, if one is necessary.

6

7    IT IS SO ORDERED.

8    Dated:   **October 15, 2014**                    /s/ *Dennis L. Beck*

9                                            UNITED STATES MAGISTRATE JUDGE