UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBIN DASENBROOK, | ) | Case No.: 1:11-cv-01884 AWI DLB PC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING MOTION FOR ISSUANCE |
| | ) | OF SUBPOENAS AND MOTIONS FOR |
| | ) | CLARIFICATION |
| v. | ) | [ECF No. 94, 99, 100] |
| | ) | |
| | ) | ORDER DISMISSING REQUEST FOR RULING |
| | ) | [ECF No. 97] |
| A. ENENMOH, et al., | ) | |
| | ) | ORDER DENYING PLAINTIFF'S MOTION FOR |
| Defendants. | ) | RECONSIDERATION |
| | ) | [ECF No. 95] |
| | ) | |

Plaintiff Robin Dasenbrook ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. This action is proceeding against Defendants Enenmoh, Page, Perez, and blonde Doe 1 for claims of negligence and deliberate indifference to a serious medical need in violation of the Eighth Amendment.

On October 8, 2014, Plaintiff filed a motion for issuance of subpoenas and service by the U.S. Marshal, as well as a motion for reconsideration. On October 9, 2014, he filed a motion requesting a ruling. On October 29, 2014, he filed two motions for clarification.

1

I. <u>Motions for Issuance of Subpoenas and Clarification [ECF Nos. 94, 99, 100]</u>

On October 8, 2014, Plaintiff filed a motion for the Clerk of Court to issue subpoenas duces tecum. On October 15, 2014, the Court issued an order authorizing the issuance of a subpoena duces tecum. Fed. R. Civ. P. 4, 45; 28 U.S.C. § 1915(d). Therefore, Plaintiff's motion is moot.

On October 29, 2014, Plaintiff filed two motions for clarification concerning the Court's order authorizing issuance of the subpoena duces tecum. Plaintiff acknowledges that the order stated that the subpoena duces tecum would be issued after the passage of ten days. However, Plaintiff states he does not know how service of the subpoena will be effected. Plaintiff is advised that, by separate order, the Court will direct the U.S. Marshal to serve the subpoena.

II. <u>Request for Ruling [ECF No. 97]</u>

On October 9, 2014, Plaintiff filed a motion requesting a ruling on the numerous motions he filed. On October 15, 2014, the Court resolved those motions. Therefore, Plaintiff's request for a ruling is moot.

III. <u>Motion for Reconsideration [ECF No. 95]</u>

On October 8, 2014, Plaintiff filed a motion for reconsideration of this Court's order of September 17, 2014, denying several of his motions. Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist. <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control...." <u>Id</u>. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *affirmed in part and reversed in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff requests that the Court reconsider the order denying several of his motions. Plaintiff argues that the Court erroneously determined that Defendant Page's answer was timely.  He states the Court determined that her waiver of service was executed on February 3, 2014.  He argues that her answer, filed on March 7, 2014, was beyond the twenty-one day deadline set forth in Fed. R. Civ. P. 12(a)(1)(A)(i).  However, this rule does not apply.  Defendant Page waived service under Rule 4(d).  Therefore, under Fed. R. Civ. P. 12(a)(1)(A)(ii), she had sixty (60) days to file a responsive pleading.  The March 7, 2014, filing was therefore timely.  Plaintiff argues that Defendant Page entered the action when Defendants filed a motion for extension of time on January 30, 2014.  Even if the Court were to consider January 30, 2014 as the starting date, the answer is still timely. Accordingly, Plaintiff's motion for reconsideration of the order denying his motions for default and contempt are denied.

Plaintiff also complains that his deposition was conducted on January 29, 2014, without Defendant having first obtained leave of court pursuant to Fed. R. Civ. P. § 30(a)(2)(B).  However, Defendant sought leave of court on January 8, 2014.  The Court inadvertently did not address the motion until recently, but the motion would have been granted at that time.  Therefore, Plaintiff's motion to reconsider the order denying Plaintiff's motion to exclude his deposition is denied.

Plaintiff further complains that he does not have a full copy of his deposition transcript. As stated before, Plaintiff is not entitled to a free copy of his deposition transcript. Fed. R. Civ. P. 30(f)(3).

Last, Plaintiff asks the Court to reconsider its ruling concerning Plaintiff's request for extension of time to locate Defendant Perez. By separate order, the Court will direct the U.S. Marshal to re-serve the summons and complaint on Defendant Perez. Therefore, the request for extension of time is moot.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Plaintiff's motion for issuance of subpoena and motions for clarification are DISMISSED;

2) Plaintiff's request for ruling is DISMISSED; and

3) Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: **November 6, 2014**           /s/ Dennis L. Beck
                                      UNITED STATES MAGISTRATE JUDGE