1

2

3

4

5

6
# UNITED STATES DISTRICT COURT

7
EASTERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| 9 ROBIN DASENBROOK, | Case No. 1:11-cv-01884 AWI DLB PC |
| 10           Plaintiff, | ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL AND REQUEST FOR ADDITIONAL SUBPOENA DUCES TECUM [ECF No. 109], PLAINTIFF'S MOTION TO LODGE DEPOSITIONS [ECF No. 110], PLAINTIFF'S MOTION FOR THIRD PARTY DISCOVERY [ECF No. 111], PLAINTIFF'S MOTION FOR DEPOSITION SUBPOENAS [ECF No. 114], PLAINTIFF'S MOTION FOR THIRD PARTY DISCOVERY AND REQUEST TO REOPEN DISCOVERY [ECF No. 117], PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF No. 118], PLAINTIFF'S MOTION TO COMPEL [ECF No. 120], AND PLAINTIFF'S MOTION FOR THIRD PARTY DISCOVERY [ECF No. 121] |
| 11    v. | |
| 12 | |
| 13 A. ENENMOH, et al., | |
| 14          Defendants. | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | ORDER DIRECTING DEFENDANT PAGE TO SHOW CAUSE |
| 20 | ORDER AND NOTICE AUTHORIZING ISSUANCE OF SUBPOENA DUCES TECUM DIRECTING PRODUCTION OF DOCUMENTS BY STU SHERMAN, WARDEN OF CORCORAN SUBSTANCE ABUSE AND TREATMENT FACILITY |
| 21 | |
| 22 | |
| 23 | |
| 24 | ORDER DIRECTING CLERK'S OFFICE TO SERVE COPY OF SUBPOENA WITH ORDER |
| 25 | |

26

27
      Plaintiff Robin Dasenbrook ("Plaintiff") is a California state prisoner proceeding pro se and

28
in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  This action is proceeding against

1    Defendants Enenmoh, Page, Perez and Blonde Nurse Doe #1 for claims of negligence and deliberate

2    indifference to a serious medical need in violation of the Eighth Amendment.

3          On November 29, 2012, Plaintiff filed a First Amended Complaint.  On September 10, 2013,

4    Defendant Enenmoh filed an answer.  On September 11, 2013, the Court issued a discovery and

5    scheduling order.  The discovery cut-off date was set for February 10, 2014, and the dispositive

6    motion deadline was set for April 9, 2014.  On March 7, 2014, Defendant Page filed an answer to the

7    amended complaint.  Defendants Perez and Blonde Doe Nurse #1 were not yet identified and served.

8          Subsequently, Plaintiff filed numerous discovery requests and various motions.  On May 9,

9    2014, Defendants Enenmoh and Page filed a motion for summary judgment.  On September 17,

10   2014, and October 15, 2014, the Court addressed Plaintiff's various discovery requests and motions.

11   Discovery was reopened as to Defendant Page, and the deadline for discovery as to Page was

12   extended ninety days from the date of service of the October 15, 2014, order.  In light of the ongoing

13   discovery dispute and the fact that discovery had been reopened, Defendants' motion for summary

14   judgment was denied without prejudice to refiling at the conclusion of discovery.

15         Since that time, Plaintiff has filed numerous additional motions, which the Court will address

16   in turn.  The Court notes that many of the motions were made in attempt to locate Defendants Perez

17   and Blonde Doe Nurse #1.  At this time, Defendant Perez has been served, and on January 29, 2015,

18   Defendant Perez filed an answer.  Defendant Blonde Doe Nurse #1 has not been identified.

19   1.    Plaintiff's Motion to Compel Response to Subpoena Duces Tecum and Request for
20         Additional Subpoena Duces Tecum [ECF No. 109]

21         On December 8, 2014, Plaintiff filed a motion to compel a response to the subpoena duces

22   tecum ("SDT") issued by the Court on October 15, 2014.  In the alternative, Plaintiff requested an

23   additional SDT.  Defendants did not file an opposition.

24         Plaintiff asks the Court to issue an order compelling the Warden at Corcoran SATF to

25   produce documents requested in the SDT.  Plaintiff states he received a response from the litigation

26   coordinator at SATF dated November 12, 2014, which stated that the facility did not possess all of

27   the records described in the SDT.  Plaintiff states the Warden only provided records for January 2,

28   2010.  He states the Warden did not provide records for January 1, 2010, or copies of any documents

2

1   identifying the names of personnel who were assigned to "E Yard" medical clinic on January 2,

2   2010, at SATF during third watch between 1500 to 2300 hours.  Plaintiff states he needs these

3   documents to identify Defendant Perez and Blonde Doe Nurse #1.

4          Insofar as Defendant Perez has already appeared in this action, the motion to compel is

5   unnecessary and will be denied.  As to Defendant Blonde Doe Nurse #1, Plaintiff states he needs the

6   medical sign in sheets or logs from the facility in order to determine the identity of Blonde Doe

7   Nurse #1.  Plaintiff states the response from the litigation coordinator indicated the custodian of

8   records did not possess copies of documents identifying names of personnel who were assigned to

9   the "E Yard Medical Clinic."  Plaintiff believes that the SDT was too general, and a more specific

10  request for the medical sign-in sheets would assist the Warden in complying and providing the

11  information Plaintiff seeks.  As previously noted, Defendants did not file an opposition.  The Court

12  is thus persuaded that this information may be relevant to assisting Plaintiff in discovering the

13  identity of Defendant Blonde Doe Nurse #1.  Accordingly, the Court will issue a SDT directed to the

14  Warden for the medical sign-in sheets for the third watch at SATF E-Yard on January 2, 2010.

15  2.      Motion to Lodge Deposition of Walsh and Little [ECF No. 110]

16          On December 11, 2014, Plaintiff filed a motion requesting that the depositions of Walsh and

17  Little be lodged so as to preserve them in the record.  Plaintiff has attached the declarations to his

18  motion.  Insofar as Plaintiff's motion and the attached declarations have been filed with the Court,

19  Plaintiff's motion to lodge them is moot.

20  3.      Motion for Third Party Discovery through Subpoena Duces Tecum [ECF No. 111]

21          On November 26, 2014, Plaintiff filed a motion for third party discovery.  Plaintiff requests a

22  Subpoena Duces Tecum directed to Corcoran District Hospital seeking copies of medical billing

23  records, insurance records, communication records, and payment information concerning the

24  medical procedure performed on Plaintiff.  Plaintiff is advised that the court-ordered deadline for

25  discovery was February 10, 2014, and all discovery requests had to be served on or before January

26  11, 2014.  Plaintiff did not seek an extension of the deadline.  Therefore, the discovery request is

27  untimely by nearly one year.  Discovery was reopened but solely as to Defendant Page.

28  Accordingly, Plaintiff's motion is denied.

1    4.    Deposition Subpoena Request [ECF No. 114]

2         On December 24, 2014, Plaintiff filed a letter directed to the Clerk of the Court requesting

3    subpoenas for six corrections officers to take depositions by written questions.  Depositions by

4    written questions entail more than mailing questions to the deponents and awaiting their written

5    responses.  Rather, an officer must be retained to take responses and prepare the record.  Fed. R. Civ.

6    P. 31(b).  Plaintiff is proceeding in forma pauperis, and his motion does not suggest an

7    understanding of the requirements for conducting a deposition by written questions or the ability and

8    willingness to pay an officer to take the responses for the record.  Therefore, the request is denied.

9    5.    Motion for Third Party Discovery and Interrogatories [ECF No. 117]

10        On January 5, 2015, Plaintiff filed a motion requesting leave of court to conduct third party

11   discovery.  Plaintiff seeks an order which would require six correctional officers to answer

12   interrogatories in order that he may discover the identity of Defendants Perez and Blonde Nurse Doe

13   #1.  Defendant Perez has appeared by filing an answer in this action.  Thus, to the extent that

14   Plaintiff seeks to discover Defendant Perez's identity, the issue is moot.  Since Defendant Perez has

15   appeared, he is not a third party and so, Plaintiff's request to conduct third party discovery as to him

16   is denied.  With respect to the other five correctional officers, Plaintiff's request to serve

17   interrogatories must be denied because interrogatories may only be directed to parties, and the five

18   correctional officers are not parties to this action.  See Fed. R. Civ. P. 33.

19   6.    Motion for Reconsideration [ECF No. 118]

20        On January 20, 2015, Plaintiff filed a motion for reconsideration of the Court's order denying

21   appointment of counsel [ECF No. 116].  Plaintiff argues that the Court committed clear error in

22   failing to address the fact that Plaintiff requested counsel be appointed for the limited purpose of

23   discovering the identity of Defendant Blonde Nurse Doe #1.  Plaintiff asks that an attorney be

24   appointed to investigate, prepare and conduct depositions of the above-noted correctional officers.

25        Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence,

26   surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could

27   not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether

28   previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4)

4

1   the judgment is void; or (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b). Rule 60(b)(6)

2   "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized

3   only where extraordinary circumstances ..." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir.

4   2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both

5   injury and circumstances beyond his control...." Id. (internal quotation marks and citation omitted).

6   In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or

7   different facts or circumstances are claimed to exist which did not exist or were not shown upon

8   such prior motion, or what other grounds exist for the motion."

9        "A motion for reconsideration should not be granted, absent highly unusual circumstances,

10  unless the district court is presented with newly discovered evidence, committed clear error, or if

11  there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma

12  GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted,

13  and "[a] party seeking reconsideration must show more than a disagreement with the Court's

14  decision, and recapitulation ..." of that which was already considered by the Court in rendering its

15  decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001).  To succeed, a

16  party must set forth facts or law of a strongly convincing nature to induce the court to reverse its

17  prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.

18  1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

19       Here, the Court does not find clear error or any extraordinary circumstances justifying

20  reconsideration.  As previously stated, the court will seek volunteer counsel only in the most serious

21  and exceptional cases.  Plaintiff's difficulties in identifying a defendant do not constitute exceptional

22  circumstances justifying appointment of counsel.  Plaintiff's motion for reconsideration is therefore

23  denied.

24  7.      Plaintiff's Motion to Compel [ECF No. 120]

25       On March 13, 2015, Plaintiff filed a motion for a court order compelling Defendants Page

26  and Perez-Hernandez to respond to Plaintiff's Requests for Admissions, Interrogatories, and

27  Production of Documents.  Plaintiff states he has served the above discovery requests on Defendants

28  Page and Perez-Hernandez; however, neither Defendant has responded.  Defendants did not file an

1  opposition to the motion.

2        With respect to Defendant Page, Plaintiff correctly states that the Court granted Plaintiff's

3  motion to compel on October 15, 2014, and granted Defendants thirty days to supplement their

4  responses as set forth in the Court's Order.  [ECF No. 98.]  The Court notes that Defendants were

5  granted an extension of time on November 21, 2014, to supplement their discovery responses.

6  According to Plaintiff's unopposed motion, Plaintiff has written to Defendants' counsel in an effort

7  to secure a response from Defendant Page, but Defendant has refused to answer his requests for

8  admissions and interrogatories.  Accordingly, Defendant Page is ordered to show cause why

9  sanctions should not be imposed for failure to supplement Defendants' discovery responses as

10  ordered by the Court on October 15, 2014.

11        With respect to Defendant Perez-Hamilton, an answer was only recently filed.  Discovery

12  closed on February 10, 2014, and was only reopened as to Defendant Page.  Therefore, Defendant

13  Perez-Hernandez was not obligated to respond to Plaintiff's discovery requests.  That being said, the

14  Court finds that Plaintiff is entitled to serve discovery on Defendant Perez-Hernandez since

15  Defendant Perez-Hernandez has only recently entered the action.  Therefore, discovery will be

16  reopened as to Defendant Perez-Hernandez only.

17  8.     Motion for Third Party Discovery through Subpoena Duces Tecum [ECF No. 121]

18        On March 18, 2015, Plaintiff filed a motion requesting leave of court to conduct discovery

19  through the issuance of subpoenas duces tecum directed to Correctional Officers L.D. Moreno, Jr.,

20  G.U. Marquez, M. Torres, G. E. Nagatani, and M.I. Adrich, Jr.  Plaintiff states he has been unable to

21  locate Defendant Blonde Nurse Doe #1 and he believes these correctional officers possess

22  information that will lead to discovery of Defendant's identity.

23        Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena

24  commanding the production of documents or tangible things from a nonparty, Fed. R. Civ. P. 45, and

25  to service of the subpoena by the United States Marshal, 28 U.S.C. 1915(d).  Here, however,

26  Plaintiff is not seeking production of documents or tangible things.  Rather, Plaintiff has attached

27  interrogatories to his motion which he seeks to serve on the correctional officers identified above.

28  As previously stated in this order, interrogatories may only be directed to parties, and the five

6

1  correctional officers are not parties to this action.  See Fed. R. Civ. P. 33.  Plaintiff's request for

2  subpoenas duces tecum are therefore denied.

3  **ORDER**

4       Accordingly, IT IS HEREBY ORDERED:

5       1)     Plaintiff's motion for Subpoena Duces Tecum [ECF No. 109] is GRANTED in part,

6  and the Court authorizes the issuance of a Subpoena Duces Tecum directing the Warden at SATF to

7  produce the following documents:

8       **a.  Copies of medical sign-in sheets for the "E" Yard Medical Clinic on January**

9       **2, 2010, at SATF, during Third Watch between 1500 to 2300 hours**;

10       2)     Pursuant to Rule 45(a)(4), the parties are placed on notice that the Subpoena Duces

11  Tecum will be issued by the Court after the passage of ten (10) days from the date of service of this

12  order;

13       3)     The Clerk's Office shall serve a copy of the subpoena with this order;

14       4)     Plaintiff's motion to lodge deposition transcripts [ECF No. 110] is DENIED;

15       5)     Plaintiff's motion for third party discovery [ECF No. 111] is DENIED;

16       6)     Plaintiff's request for subpoenas for deposition by written questions [ECF No. 114] is

17  DENIED;

18       7)     Plaintiff's motion for third party discovery and interrogatories [ECF No. 117] is

19  DENIED;

20       8)     Plaintiff's motion for reconsideration [ECF No. 118] is DENIED;

21       9)     Plaintiff's motion to compel [ECF No. 120] is GRANTED in part, and Defendant

22  Page is ORDERED TO SHOW CAUSE within thirty (30) days why sanctions should not be

23  imposed for failure to supplement Defendants' discovery responses as ordered by the Court on

24  October 15, 2014;

25       10)     Discovery is reopened as to Defendant Perez-Hernandez. The discovery deadline is

26  extended ninety (90) days from the date of service of this order as follows:

27       a.     Plaintiff has thirty (30) days from the date of service by mail of this order

28  within which to serve any additional discovery requests on Defendant Perez-Hernandez;

b.      Defendant Perez-Hernandez has thirty (30) days from the date of service by mail of the discovery requests to serve his responses; and

c.      Plaintiff has thirty (30) days from the date of service by mail of the responses to file a motion to compel, if one is necessary.

11)     Plaintiff's motion for third party discovery through Subpoena Duces Tecum [ECF No. 121] is DENIED.

IT IS SO ORDERED.

Dated:    **April 22, 2015**                                    /s/ *Dennis L. Beck*

UNITED STATES MAGISTRATE JUDGE

8