# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN DASENBROOK,<br><br>Plaintiff,<br><br>v.<br><br>A. ENENMOH, et al.,<br><br>Defendants. | Case No. 1:11-cv-01884 DAD DLB PC<br><br>ORDER AND NOTICE AUTHORIZING ISSUANCE OF SUBPOENA DUCES TECUM DIRECTING PRODUCTION OF DOCUMENTS BY C.S.AT.F. DIRECTOR OF NURSING<br>[ECF No. 147]<br><br>ORDER DIRECTING CLERK'S OFFICE TO SERVE COPY OF SUBPOENA WITH ORDER<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUBPOENA DUCES TECUM<br>[ECF No. 152]<br><br>ORDER DISREGARDING PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE AND/OR SANCTIONS<br>[ECF No. 150] |

Plaintiff Robin Dasenbrook ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's Second Amended Complaint, filed September 8, 2015, against Defendants Enenmoh, Page, Perez and Adair on claims of negligence and deliberate indifference to a serious medical need in violation of the Eighth Amendment.

On November 2, 2015, Plaintiff filed a motion requesting the issuance of a subpoena duces tecum ("SDT"). On December 7, 2015, Plaintiff filed a second motion requesting the issuance of a SDT. On December 22, 2015, Defendant filed an opposition to Plaintiff's second motion. On

1

1 January 6, 2016, Plaintiff filed a reply.

2 In addition, on December 2, 2015, Plaintiff filed a motion for an order to show cause and/or
3 sanctions. On December 16, 2015, Defendant filed an opposition. On December 28, 2015, Plaintiff
4 filed a motion requesting the Court disregard Plaintiff's motion of December 2, 2015, for order to
5 show cause and/or sanctions.

6 I.     Motion for Issuance of Subpoena Duces Tecum [ECF No. 147]

7 In Plaintiff's motion of November 2, 2015, he notes that Defendant Page stated she was not
8 the custodian of certain documents and records that he had requested in his Request for Production
9 of Documents ("RPD"). In addition, Defendant Page alluded to Plaintiff being able to serve a
10 subpoena on the Office of the Director of Nursing should he desire those documents. (See ECF No.
11 144, Def.'s Opp'n at p. 3, lns. 22-24.) Plaintiff has identified the documents he seeks from third
12 party Office of the Director of Nursing, C.S.A.T.F. (See ECF No. 147, Pl.'s Mot. Attach.)

13 The record reflects that Defendant has produced all of the responsive documents within her
14 possession, custody, or control, but additional documents not within her possession, custody, or
15 control may exist. Fed. R. Civ. P. 34(a), 45. Therefore, the Court finds that it is in the interest of
16 justice to authorize the issuance of a subpoena duces tecum commanding the C.S.A.T.F. Director of
17 Nursing to produce those documents identified by Plaintiff and which are responsive to RPDs 1, 3,
18 7, 10-13, 15-16, and 31, if any exist.

19 Pursuant to Federal Rule of Civil Procedure 45(a)(4), this order serves as notice to the parties
20 that the United States Marshal will be directed to initiate service of the subpoena following the
21 passage of ten days from the date of service of this order, and a copy of the subpoena shall be
22 provided with this order.

23 II.    Motion for Issuance of Subpoena Duces Tecum [ECF No. 152]

24 In his motion dated December 7, 2015, Plaintiff seeks a subpoena duces tecum directed to
25 Jeffrey Beard, Secretary of CDCR, ordering him to produce any and all documents containing the
26 names and positions of all medical personnel named "Adair" presently working as a nurse at any
27 California correctional facilities, or any and all documents listing the termination or transfer of any
28 personnel named Adair from the CDCR that is within the CDCR's care, custody, and control.

2

Defendants oppose the issuance of the subpoena as an undue and unnecessary burden that would require disclosure of protected government personnel records. Under Fed. R. Civ. Proc. 45(c)(3)(A), "'[a]n evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party.'" Moon v. SCP Pool Corp., 232 F.R.D. 633, 637 (C.D. Cal. 2005), quoting Travelers Indem. Co. v. Metropolitan Life Insur. Co., 228 F.R.D. 111, 113 (D.Conn. 2005). In determining whether the request is unduly burdensome, the court must consider "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" Id.

a. *Relevance*

Plaintiff contends that the files and documents he requested are relevant in order to enable him to locate Defendant Adair. Defendant argues that the documents are not relevant to locating Defendant Adair. Rather the documents that Plaintiff seeks will include the personnel records of any and all persons employed, transferred or terminated by the CDCR named Adair, and these documents could potentially include training documents, financial information, or performance reviews of individuals wholly irrelevant to this action. In addition, the request would give access to sensitive information that may involve other non-parties.

The Court agrees with Defendants that Plaintiff's request includes documents and records that would be entirely, or for the most part, irrelevant to this action.

b. *Need for Documents*

Plaintiff argues that reviewing the personnel records of all medical personnel named Adair employed or terminated by the CDCR would reveal the contact information for Defendant Adair. Defendant argues that the U.S. Marshal and the CDCR Special Investigator have already deployed available resources in attempting to locate and serve Defendant Adair, including her most recent contact information. Thus, Defendants argue, Plaintiff's purported need will not be fulfilled by disclosure of personnel documents, since significant resources beyond Plaintiff's limitations have already been expended.

The Court finds that Plaintiff has no need for the documents and records he seeks. The U.S.

Marshal and the CDCR Special Investigator have already endeavored to locate Nurse Adair using their resources, which include the personnel files Plaintiff seeks. Thus, producing these records to Plaintiff will not fulfill his need.

    c. *Breadth of Document Request*

Plaintiff requests any and all documents for medical personnel named Adair who work for the CDCR, or any and all documents listing the termination or transfer of medical personnel named Adair. Defendant contends this request would require the CDCR to expend an incalculable and oppressive amount of resources in investigating files across thirty different institutions over multiple years. The Court finds that the request is overly broad. Requiring the CDCR to go through several years of records at all CDCR facilities in order to find any and all documents dealing with anyone named Adair would be exceedingly burdensome.

    d. *Time period*

Plaintiff seeks records for an open-ended time period. Defendant argues that Plaintiff's request would require the CDCR to scour years of records at each of their institutions. The Court finds that the request is overly burdensome as to time period.

    e. *Particularity*

Plaintiff asks for any and all documents concerning any medical employee named Adair, whether current, terminated, or transferred. Defendants argue the request is vague and potentially asks CDCR to produce every document in their possession that names a medical employee named Adair. Defendants contend that a large institution such as CDCR could never adequately search for such an undefined set of documents.

The Court finds that Plaintiff's request is entirely vague and could potentially require the CDCR to search all of its records and files which would constitute an extraordinary burden.

    f. *Ruling*

Upon review of the factors identified above, the Court finds Plaintiff's request for subpoena duces tecum directed to Secretary Jeffrey Beard to be unduly burdensome when weighed against the value of the information to Plaintiff. Accordingly, Plaintiff's request is denied.

///

III.     Motion Requesting Order to Show Cause and/or Sanctions [ECF No. 150]

On December 2, 2015, Plaintiff filed a motion requesting an order to show cause and/or sanctions against Defendant Enenmoh for his alleged failure to abide by court orders. Defendant filed an opposition on December 16, 2015, in which he stated he would serve supplemental responses to the requested discovery. Plaintiff filed a motion requesting that the Court disregard the motion on December 28, 2015. Plaintiff states he received the requested discovery on December 18, 2015, and therefore the motion is no longer needed. Therefore, the Court will disregard Plaintiff's motion.

**ORDER**

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Court authorizes the issuance of a subpoena duces tecum directing the C.S.A.T.F. Director of Nursing to produce those documents responsive to RPDs 1, 3, 7, 10-13, 15-16, and 31, and which are listed in Attachment 1 to this Order;

2. Pursuant to Rule 45(a)(4), the parties are placed on notice that the subpoena duces tecum will be issued after the passage of **ten (10) days** from the date of service of this order; and

3. The Clerk's Office shall serve a copy of the subpoena with this order;

4. Plaintiff's motion for subpoena duces tecum directed to Secretary Jeffrey Beard (ECF No. 152) is DENIED; and

5. Plaintiff's motion requesting an order to show cause and/or sanctions is DISREGARDED.

IT IS SO ORDERED.

Dated:    **January 19, 2016**            /s/ Dennis L. Beck
                                   UNITED STATES MAGISTRATE JUDGE

## Attachment 1

**You are commanded to produce and permit inspection and copying of the following documents, including but not limited to documents which are retained in paper, electronically stored, preserved in microfiche, etc.**

**No. 1:** Produce any and all documents RN Page was required to sign per CDCR Protocols, Page 1-8-3, Implementation and Review of Health Care Policies and Procedures Manual.

**No. 2.:** Produce any and all case study analyses, written examinations, and/or return demonstrations documenting RN Page's ongoing evaluation pertaining to CDCR Protocol Page 5-6a-1 III.E. Cardiovascular system.

**No. 3.:** Produce any and all case study analyses, written examinations, and/or return demonstrations documenting RN Page's ongoing evaluation pertaining to CDCR Protocol Page 5-8c-s Gastrointestinal system, Gastrointestinal bleeding, Health Care services.

**No. 4.:** Produce any and all lists or documents that RN Page is authorized to perform the assessment and treatment of patients presenting with rectal peri-anal complaints, gastrointestinal system, Health Care Services Page 5-8c-3.

**No. 5.:** Produce any and all case study analyses, written examinations, and/or return demonstrations documenting RN Page's ongoing evaluation pertaining to CDCR Protocol: Rectal peri-anal complaints, Gastrointestinal system, Health Care Services.

**No. 6.:** Produce any and all documents regarding RN Page's initial evaluation that state she satisfactorily demonstrated all critical behaviors identified on the competency validation tool for the Rectal peri-anal complaints, Gastrointestinal system, Health Care Services.

**No. 7.:** Produce any and all written performance appraisals for the following Health Care Services Protocols RN Pages was validated for:
   a) Cardiovascular system: Chest pain, HCS, Page 5-6a-3;
   b) Gastrointestinal system rectal peri-anal complaints, HCS, Page 5-8c-3;
   c) Gastrointestinal system, gastrointestinal bleeding, HCS, Page 5-8c-3;
   d) Cardiovascular chronic care program, chapter 2, HCS, Page 7-2-3;
   e) CPHCS and/or CCHCS (California Correctional Health Care Services guides).

**No. 8.:** Produce any and all documentation that RN Page is familiar with the cardiovascular chronic care program, Chapter 2, HCS protocols.

**No. 9.:** Produce any and all documents that show RN Page is authorized to perform the assessment or treatment of patients presenting symptoms of cardiovascular diseases or symptoms listed on Page 7-2-1 of the cardiovascular chronic care program.

**No. 10.:** Produce any and all documents of the reviews done on RN Page by the Senior Registered Nurse concerning Page's use of approved protocols, HCS, as stated on Page 5-1-2, Nursing Program Overview.