1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

7

EASTERN DISTRICT OF CALIFORNIA

8

9    ROBIN DASENBROOK,                          Case No. 1:11-cv-01884 DAD DLB PC

10                    Plaintiff,                 ORDER DENYING PLAINTIFF'S MOTIONS
                                                 TO COMPEL
11
                v.                               [ECF Nos. 132, 134]
12

13   A. ENENMOH, et al.,

14                    Defendants.

15

16        Plaintiff Robin Dasenbrook ("Plaintiff") is a California state prisoner proceeding pro se and

17   in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  This action is proceeding on

18   Plaintiff's Second Amended Complaint, filed September 8, 2015, against Defendants Enenmoh,

19   Page, Perez and Adair on claims of negligence and deliberate indifference to a serious medical need

20   in violation of the Eighth Amendment.

21        On November 29, 2012, Plaintiff filed a First Amended Complaint.  On September 10, 2013,

22   Defendant Enenmoh filed an answer.  On September 11, 2013, the Court issued a discovery and

23   scheduling order.  The discovery cut-off date was set for February 10, 2014, and the dispositive

24   motion deadline was set for April 9, 2014.  Plaintiff served discovery requests on Defendant

25   Enenmoh, and he also served discovery requests on Defendant Page even though she had not yet

26   answered the complaint.  On March 7, 2014, after the discovery cut-off date, Defendant Page filed

27   an answer to the amended complaint.

28        Subsequently, Plaintiff filed numerous discovery requests and various motions.  On

1

1    September 17, 2014, and October 15, 2014, the Court addressed Plaintiff's various discovery

2    requests and motions.  Discovery was reopened as to Defendant Page, and the deadline for discovery

3    as to Page was extended ninety days from the date of service of the October 15, 2014, order.

4            On March 13, 2015, Plaintiff filed a motion for a court order compelling Defendants Page

5    and Perez-Hernandez to respond to Plaintiff's Requests for Admissions, Interrogatories, and

6    Production of Documents.  Plaintiff stated he had served the above discovery requests on Defendants

7    Page and Perez-Hernandez; however, Defendants did not respond.  Defendants stated they did not

8    receive said discovery requests.  Defendants did not file an opposition to the motion.

9            As to Defendant Page, the Court granted Plaintiff's motion to compel on October 15, 2014,

10   and directed Defendants to supplement their responses as set forth in the Court's Order within thirty

11   days.  [ECF No. 98.]  On April 24, 2015, Defendant Page was ordered to show cause why sanctions

12   should not be imposed for failure to supplement Defendants' discovery responses as ordered by the

13   Court on October 15, 2014.

14           On May 26, 2015, Defendant Page responded to the order to show cause.  On May 29, 2015,

15   the Court discharged the motion to compel.  Defendant Page was granted an extension of time to

16   serve her discovery responses.  After discovery was re-opened as to Defendant Page, Plaintiff re-

17   issued one comprehensive set of Interrogatories, Requests for Admission, and Request for

18   Production of Documents.  According to Defendant Page, on June 26, 2015, she served responses to

19   Interrogatories 1-23, Requests for Admission 1-57, and Request for Production of Documents.

20           On August 14, 2015, Plaintiff filed a motion to compel Defendant Page to respond to his

21   Request for Production of Documents.  On August 19, 2015, Plaintiff filed a motion to compel

22   Defendant Page to respond to Interrogatory 24 and Request for Admissions 58-100.  On August 20,

23   2015, Defendant Page responded to Request for Admissions 58-100.  On October 8, 2015,

24   Defendant Page filed Oppositions to Plaintiff's Motions to Compel.  Plaintiff filed a Reply to

25   Defendant's Oppositions on November 2, 2015.

26                                    **LEGAL STANDARD**

27           Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

28   party's claim or defense, and for good cause, the Court may order discovery of any matter relevant

                                              2

to the subject matter involved in the action.  Fed. R. Civ. P. 26(b)(1) (quotation marks omitted).

Relevant information need not be admissible at the trial if the discovery appears reasonably

calculated to lead to the discovery of admissible evidence.  Id. (quotation marks omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears

the burden of demonstrating why the objections are not justified.  See, e.g., Grabek v. Dickinson,

2012 WL 113799, at *1 (E.D. Cal. 2012).  This requires the moving party to inform the Court which

discovery requests are the subject of the motion to compel, and, for each disputed response, why the

information sought is relevant and why the responding party's objections are not meritorious.  Id., at

*1.

However, the Court is vested with broad discretion to manage discovery and notwithstanding

these procedures, Plaintiff is entitled to leniency as a pro se litigator.  Therefore, to the extent

possible, the Court endeavors to resolve the motion to compel on its merits.  Hunt v. County of

Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d

625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

## DISCUSSION

## I.   Motion to Compel Further Responses to Request for Production of Documents [ECF No. 132]

On August 14, 2015, Plaintiff moved to compel Defendant Page to submit further responses

to his Request for Production of Documents ("RPD").  Plaintiff states Defendant Page failed to

respond sufficiently to RPD Nos. 1, 3, 5-8, 10-13, 15-22, 24, 27-31, 33-36.  Plaintiff states he

received documents in response to only 3 out of the 36 requests sent.  Plaintiff states he contacted

Defendant's counsel in an effort to secure further responses to the evasive and incomplete responses

already served.  Defendant Page contends her response was adequate.

A party may serve on any other party a request within the scope of Rule 26(b) to produce and

permit the requesting party or its representative to inspect, copy, test, or sample the following items

in the responding party's possession, custody or control: any designated documents or tangible

things.  Fed. R. Civ. P. 34(a)(1) (quotation marks omitted).  "Property is deemed within a party's

'possession, custody, or control' if the party has actual possession, custody, or control thereof or the

legal right to obtain the property on demand." <u>Allen v. Woodford</u>, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing <u>In re Bankers Trust Co.</u>, 61 F.3d 465, 469 (6th Cir. 1995)); <u>accord</u> <u>Bovarie v. Schwarzenegger</u>, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); <u>Evans v. Tilton</u>, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, <u>Uribe v. McKesson</u>, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010).  If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response.  <u>Ochotorena v. Adams</u>, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010).  Boilerplate objections do not suffice.  Fed. R. Civ. P. 34(b)(2)(B), (C); <u>Burlington N. & Santa Fe Ry. Co.</u>, 408 F.3d at 1149.  The Court now turns to Plaintiff's request for production of documents.

**RPD No. 1:** "Provide copies of any and all documents Defendant Page was required to sign per protocol page 1-8-3 Implementation and Review of Health Care Policies and Procedures Manual (P & P Manual) that applies to her and understands them ("Employees are required to sign documentation that they have read the Policies and Procedures and understand them.")."

**Response:** "Documents responsive to this request are being provided as Attachment 1."

**Argument:** Plaintiff alleges that "[n]o documents were provided showing Defendant Page's signature stated she has read the HCSD Policies and Procedures Manual, and understands them which is required per Protocol Page 1-8-3."  Defendant states she attached responsive documents as Attachment "A."  Defendant argues that to the extent Plaintiff contends that no responsive documents have been produced or that other responsive documents exist, then Defendant has none, and she is not the custodian of any such records.

**Ruling:** Plaintiff's request is denied.  Plaintiff fails to demonstrate that Defendant Page's

4

1   response that she does not have any responsive documents in her possession, custody, or control or

2   accessible beyond that which she has already produced is not meritorious.

3       **RPD No. 3:** "Provide any and all case study and analysis, written examinations and/or return

4   demonstrations documenting Defendant Page's ongoing evaluation pertaining to protocol page 5-61-

5   5 III, E. Cardiovascular system, chest pain, health care services. (The Registered Nurse shall ...

6   "achieve a minimum score of 80% on the written posttest examination")."

7       **Response:** "Documents responsive to this request are being provided in Attachment 1."

8       **Argument:** Plaintiff states he asked for any and all case study analysis and written examinations

9   but none were provided.  Defendant responds that to the extent Plaintiff contends that no responsive

10  documents have been produced or that other responsive documents exist, then Defendant has no such

11  documents, and she is not the custodian of any such records.

12      **Ruling:** Plaintiff's request is denied.  Plaintiff fails to demonstrate that Defendant Page's

13  response that she does not have any responsive documents in her possession, custody, or control or

14  accessible beyond that which she has already produced is not meritorious.

15      **RPD No. 5:** "Provide copies of any and all Emergency Care Flow Sheets Defendant Page

16  filled out on 2-2-10 when you saw the Plaintiff at your RN (Registered Nurse) line as it states on

17  page 5-6a-4 III. G. Cardiovascular system-chest pain, Health Care Services, I.e., "all information

18  related to the patient's complaint shall be documented on the Emergency Care Flow Sheet". (This

19  information is not in the Plaintiff's Unit Health Record that the Plaintiff could find)."

20      **Response:** Documents responsive to this request, if they exist, were previously provided to

21  Plaintiff, and would be included in the 582 pages of medical records served on October 29, 2013.

22      **Argument:** Plaintiff contends: "You failed to provide any Emergency Care Flow sheets

23  Defendant Page filled out on 2-2-10 and 2-12-10 per Protocol 5-6a-4 'all information related to patients

24  complaints shall be documented on the Emergency Care flow sheet.' It was not in the 582 pages of

25  medical records and I am willing to send the Court all 582 pages if it so wishes."

26      **Ruling:** Plaintiff's request is denied.  Plaintiff fails to demonstrate that Defendant Page's

27  response that she does not have any responsive documents in her possession, custody, or control or

28  accessible beyond that which she has already produced in the 582 pages of medical records is not

1   meritorious.

2     **RPD No. 6:** "Provide a copy of any lists or documents that Defendant Page is authorized to

3   perform the assessment and treatment of patients presenting with gastrointestinal system, gastrointestinal

4   bleeding, Health Care Services, page 5-8b-2 that shall be 'maintained on file in the office of the Director

5   of Nursing'."

6     **Response:** "Documents responsive to this request are being provided as Attachment 1."

7     **Argument:** Plaintiff states that no documents or lists were provided that are maintained on file

8   in the office of the Director of Nursing showing Defendant Page is authorized to perform the assessment

9   and treatment of the Gastrointestinal system/Gastrointestinal bleeding.  Defendant states she is not in

10   possession or custody of the documents.  And to the extent they can be obtained from the Office of the

11   Director of Nursing, Plaintiff may also obtain them by use of a subpoena.

12     **Ruling:** Plaintiff's request is denied.  Defendant states that the documents are not in Defendant's

13   possession, but Plaintiff may obtain them by use of subpoena.  Accordingly, by separate order the Court

14   will grant Plaintiff's motion for subpoena duces tecum concerning this request.

15     **RPD No. 7:** "Provide any and all case study analysis, written examinations and/or return

16   demonstrations documenting Defendant Page's ongoing evaluation pertaining to Protocol page 5-8h-2

17   gastrointestinal system, gastrointestinal bleeding, Health Care services (the Registered Nurse shall . . .

18   Achieve a minimum score of 80% on the written posttest examination.)"

19     **Response:** "Documents responsive to this request are being provided as Attachment 1."

20     **Argument:** Plaintiff states that Defendant failed to provide any case study analysis, written

21   examination and or return demonstrations documenting Defendant Page's ongoing evaluation relating to

22   Protocol 5-8b-2, and in fact, no written examination were provided.  Defendant responds that to the

23   extent Plaintiff contends that no responsive documents have been produced or that other responsive

24   documents exist, then Defendant has no such documents, and she is not the custodian of any such

25   records.

26     **Ruling:** Plaintiff's request is denied.  Plaintiff fails to demonstrate that Defendant Page's

27   response that she does not have any responsive documents in her possession, custody, or control or

28   accessible beyond that which she has already produced is not meritorious.

1    **RPD No. 8:** "Provide documentation Defendant Page completed a "Flow Sheet" Gastrointestinal

2    Bleeding" she was require complete when she saw the Plaintiff on 2-12-10 at her RN line (or provide a

3    copy of said flow sheet) when the Plaintiff complained of rectal bleeding, of being anemic, and she told

4    the Plaintiff he had HIN (Hypertension) history".

5    **Response:** "Documents responsive to this request, if they exist, were previously provided to

6    Plaintiff, and would be included in the 582 pages of medical records served on October 29, 2013."

7    **Argument:** Plaintiff contends: "No documentation was provided showing Defendant page

8    completed a Flow Sheet: Gastrointestinal Bleeding – she was required to complete on 2-12-10. It was not

9    in the 582 pages sent, and Plaintiff will send these to the Court if so required."

10   **Ruling:** Plaintiff's request is denied.  Plaintiff fails to demonstrate that Defendant Page's

11   response that she does not have any responsive documents in her possession, custody, or control or

12   accessible beyond that which she has already produced in the 582 pages of medical records is not

13   meritorious.

14   **RPD No. 10:** "Provide a copy of any list or documents that Defendant page is authorized to

15   perform the assessment and treatment of patients presenting with rectal peri-anal complaints,

16   gastrointestinal system, Health Care Services that per page 5-8c-3" shall be maintained on file in the

17   office of the Director of Nursing"."

18   **Response:** "Documents responsive to this request are being provided as Attachment 1."

19   **Argument:** Plaintiff states that Defendant Page did not provide any document showing

20   Defendant is authorized to perform the assessment or treatment of patients presenting rectal peri-anal

21   complaints from the files maintained in the office of the Director of Nursing.  Defendant states she is

22   not in possession or custody of the documents.

23   **Ruling:** Plaintiff's request is denied.  Plaintiff fails to demonstrate that Defendant Page's

24   response that she does not have any responsive documents in her possession, custody, or control or

25   accessible beyond that which she has already produced is not meritorious.

26   **RPD No. 11:** "Provide any and all case study analysis, written examinations and or return

27   demonstrations documenting Defendant Page's ongoing evaluation pertaining to rectal peri-anal

28   complaints, gastrointestinal system, Health Care Services (The Registered Nurse shall . . . achieve a

1    minimum score of 80% on the written posttest examination" – per pages 5-8c-3 of said protocols)."

2    **Response:** "Documents responsive to this request are being provided as Attachment 1."

3    **Argument:** Plaintiff states that Defendant Page did not provide any case study analysis,

4    written examinations and/or return demonstrations documenting Page's ongoing evaluations pertaining

5    to rectal peri-anal complaints, and in fact, no written posttest examination of any kind were provided.

6    Defendant states she is not in possession or custody of the documents.

7    **Ruling:** Plaintiff's request is denied.  Plaintiff fails to demonstrate that Defendant Page's

8    response that she does not have any responsive documents in her possession, custody, or control or

9    accessible beyond that which she has already produced is not meritorious.

10    **RPD No. 12:** "Provide any and all documents regarding your initial evaluation that state or show

11    that you have satisfactorily demonstrated all criteria behaviors identified on the competency validation

12    tool and are considered competent to perform standardized functions for the rectal peri-anal complaints,

13    gastrointestinal system, Health Care Services, protocols.".

14    **Response:** "Documents responsive to this request are being provided as Attachment 1."

15    **Argument:** Plaintiff states that no documents were provided regarding Defendant Page's initial

16    evaluation that state or show she has satisfactorily demonstrated all criteria behaviors identified on the

17    competency validation tool, and Defendant Page's competency is the main focus of this case.  Defendant

18    states she is not in possession or custody of the documents.

19    **Ruling:** Plaintiff's request is denied.  Plaintiff fails to demonstrate that Defendant Page's

20    response that she does not have any responsive documents in her possession, custody, or control or

21    accessible beyond that which she has already produced is not meritorious.

22    **Request No. 13**: "Provide any and all written performance appraisals that "shall be performed by

23    the Supervision Registered Nurse or designee six months after initial competence has been validated for

24    Defendant Page on the following Health Care Services Protocol functions:

25         a) Cardiovascular system: Chest Pain, HCS, page 5-6a-3

26         b) Gastrointestinal system, gastrointestinal bleeding, HCS page 5-8c-3

27         c) Gastrointestinal system rectal peri-anal complaints, HCS 5-8c-3

28         d) Cardiovascular chronic care program, chapter 2, HCS Page 7-2-3

1    e) CPHCS and/or CCHCS (Calif. Correctional Health Care Service care guides)"

2    **Response:** "Documents responsive to this request are being provided as Attachment 1."

3    **Argument:** Plaintiff states that Defendant Page failed to provide any and all documents

4    regarding Page's written performance appraisals that shall be performed by the Supervising Registered

5    Nurse for Numbers b, c, d, and e.  Defendant states she is not in possession or custody of the documents.

6    **Ruling:** Plaintiff's request is denied.  Plaintiff fails to demonstrate that Defendant Page's

7    response that she does not have any responsive documents in her possession, custody, or control or

8    eaccessible beyond that which she has already produced is not meritorious.

9    **RPD No. 15:** "Provide any and all documentation that Defendant Page is familiar with the

10   cardiovascular chronic care program, chapter 2, Health Care Services (HCS) protocols and/or the

11   functions that pertain to the Nurse concerning this protocol."

12   **Response:** "Documents responsive to this request are being provided as Attachment 1."

13   **Argument:** Plaintiff states Defendant Page failed to provide documentation that she is familiar

14   with the cardiovascular (cv) chronic care program, and/or the functions that pertain to her concerning this

15   protocol.  Defendant states she is not in possession or custody of the documents.

16   **Ruling:** Plaintiff's request is denied.  Plaintiff fails to demonstrate that Defendant Page's

17   response that she does not have any responsive documents in her possession, custody, or control or

18   accessible beyond that which she has already produced is not meritorious.

19   **RPD No. 16:** "Provide any and all documents that show Defendant Page is authorized to

20   perform the assessment or treatment of patients presenting cardiovascular diseases (or symptoms listed

21   on page 7-2-1 of the cardiovascular chronic care program) as the Plaintiff did on 2-12-10 where RN Page

22   listed HTN (HTN is hypertension – which is listed as one of the diagnosed diseases on said Health Care

23   Services Protocol)."

24   **Response:** "Documents responsive to this request are being provided as Attachment 1."

25   **Argument:** Plaintiff argues that Defendant failed to provide documents that shows Page is

26   authorized to perform the assessment and treatment of patients presenting with cardiovascular disease (or

27   symptoms listed) on page 7-2-1 of the cv chronic care program.  Defendant states she is not in possession

28   or custody of the documents.

9

1   **Ruling:** Plaintiff's request is denied.  Plaintiff fails to demonstrate that Defendant Page's

2   response that she does not have any responsive documents in her possession, custody, or control or

3   accessible beyond that which she has already produced is not meritorious.

4   **RPD No. 17:** "Provide any and all documents that list the responsibilities an RN (Registered

5   Nurse) has which are crucial to the management of cardiovascular disease that pertains to Defendant

6   Page's d he [sic] cardiovascular chronic care program, Health Care Services (page 7-2-3 protocols)."

7   **Response:** "There are no documents responsive to this request."

8   **Argument:** Plaintiff argues that no document was provided even though it exists, and in fact

9   Protocol 7-2-3 lists some of the responsibilities an RN has which are crucial to the management of cv

10  disease.  Defendant maintains that no such documents exist.

11  **Ruling:** Plaintiff's request is denied.  Plaintiff fails to demonstrate that Defendant Page's

12  response that no such documents exist is not meritorious.

13  **RPD No. 18:** "Provide some form of documentation that on 2-2-10 while conducting your RN

14  line with the Plaintiff for triage, you recorded or documented a Nurse Encounter form per protocol page

15  4-4-3,C.3, Access to primary care, chapter 4, Health Care Services ("The Rn shall document on the

16  CDCR Form 7362 that a Nurse Encounter Form has been completed"). This encounter form is not in the

17  Plaintiff's Unit Health Record that he could find."

18  **Response:** "Documents responsive to this request, if they exist, were previously provided to

19  Plaintiff and would be included in the 582 pages of medical records served on October 29, 2013."

20  **Argument:** Plaintiff argues that there is no documentation that Defendant Page, while

21  conducting a triage line with the Plaintiff on February 2, 2010, recorded or documented a Nurse

22  Encounter Form. This document was not in the Plaintiff's Unit Health Record nor provided in the 582

23  pages of medical records served on October 29, 2013, nor was there documentation on the CDCR Form

24  7362 that a Nurse Encounter Form had been completed.  Defendant contends she is not in possession,

25  custody or control of any responsive documents.

26  **Ruling:** Plaintiff's request is denied.  Plaintiff fails to demonstrate that Defendant Page's

27  response that she does not have any responsive documents in her possession, custody, or control or

28  accessible beyond that which she has already produced in the 582 pages of medical records is not

1  meritorious.

2      **RPD No. 19:** "Provide any and all documents that show Defendant Page documented a

3  physician's referral for the Plaintiff during RN Page's initial triage on 2-12-10 since Page is claiming she

4  did so (See 'Access to Primary Care, chapter 4 page 4-4-3.C.5 "If the Rn determines that physician

5  referral is necessary, the RN shall document the referral on the CDCR Form 7362 and shall indicate the

6  time frame in which the inmate-patient shall be seen by the physician")while the 7362 form 2-12-10 was

7  provided, there is no documentation of any physicians referral on it, so how did Defendant Page

8  "Document the referral"? Provide the documentation)."

9      **Response:** "After a diligent search by medical staff at CSATF, no documents responsive to this

10  request could be located. However, a referral was made, and Plaintiff's medical records indicate he was

11  seen for his scheduled appointment on February 18, 2010. The relevant medical records were previously

12  provided to Plaintiff in the 582 pages of medical records served on October 29, 2013."

13      **Argument:** Plaintiff argues that no documentation was provided showing Defendant Page

14  documented a physician's referral for the Plaintiff during her February 12, 2010, triage line.  Plaintiff

15  argues that while Defendant states no documents responsive to this request could be located, Defendant

16  cannot thereafter claim a referral was made by Defendant Page without providing said document.

17  Plaintiff argues that the document is not in the 582 pages sent.  Defendant contends she is not in

18  possession, custody or control of any responsive documents.

19      **Ruling:** Plaintiff's request is denied.  Plaintiff fails to demonstrate that Defendant Page's

20  response that she does not have any responsive documents in her possession, custody, or control or

21  accessible beyond that which she has already produced in the 582 pages of medical records is not

22  meritorious.

23      **RPD No. 20:** "Provide any and all documentation on a document that Plaintiff was scheduled to

24  see a physician for the earliest possible appointment when Defendant Page saw the Plaintiff on 2-2-10

25  and 2-12-10 for her triage/RN line. This document is not in the Plaintiff's Unit Health Record (See –

26  Access to Primary Care, chapter 4, Health Care Services, page 4-4-3 III C.7. "Inmate-Patients shall be

27  scheduled to see the PCP for the earliest possible appointment if: (1) the inmate-patient was ducated to

28  see the RN and a medical complaint or treatment is not within the Rn's scope of the practice". .)"

11

1   **Response:** "There are no documents responsive to this request."

2   **Argument:** Plaintiff argues that no document was provided showing the Plaintiff was

3 scheduled to see a physician for the earliest possible appointment when Defendant Page saw the Plaintiff

4 during her 2-2-10 and 2-12-10 RN lines. Plaintiff contends that this document does exist per Protocol 4-

5 4-3 C.3 – Nurse encounter forms and CDCR 7362 Forms have spaces that show the documenting of a

6 physician referral time scheduling.  Defendant counters that she does not possess a document responsive

7 to this request, and Plaintiff's request would require the submission of a blank form.

8   **Ruling:** Plaintiff's request is denied.  Plaintiff fails to demonstrate that Defendant Page's

9 response that she does not have any responsive documents in her possession, custody, or control or

10 accessible.  While protocol may require the creation of such a document for a nurse encounter, this does

11 not undermine Defendant's statement that after a diligent search she could not locate such a document.

12   **RPD No. 21:** "Provide any and all documents that Defendant Page, a Registered Nurse, has

13 demonstrated . . . "The knowledge, ability and skill required to achieve a level of competency and

14 performance that meets expected standards. " (As listed on the HCS, Protocols, competency testing,

15 chapter 4, page 5-4-1, I. Policy) (If her conduct must be commensurate with community standards, and

16 the HCS Protocols, require this, provide documentation that her actions on 2-2-10 and 2-12-10 met

17 expected standards and that her knowledge, ability, and skill were demonstrated.)."

18   **Response:** "Documents responsive to this request are being provided as Attachment 1."

19   **Argument:** Plaintiff argues that Defendant did not provide any documentation in Attachment 1

20 that Defendant Page's action's on 2-2-10 and 2-12-10 met community standards or that her knowledge,

21 ability or skill were demonstrated.  Plaintiff alleges that these items are listed in the HCS Protocols for

22 competency testing.  Defendant argues that to the extent Plaintiff contends that no responsive

23 documents have been produced or that other responsive documents exist, then Defendant has none,

24 and she is not the custodian of any such records.

25   **Ruling:** Plaintiff's request is denied.  Plaintiff fails to demonstrate that Defendant Page's

26 response that she does not have any responsive documents in her possession, custody, or control or

27 accessible beyond that which she has already produced is not meritorious.

28   **RPD No. 22:** "Provide any and all documentation Defendant Page is competent in the

1   performance of the nursing protocols used at S.A.T.F. Corcoran prison where she works as so stated in

2   the HCS Protocols, competency testing, page 5-4-1, III, Procedure "A competency assessment program

3   shall be included in the nursing services programs to test the skill of nursing staff, at least quarterly or as

4   evidenced by need, to facilitate competency in the performance of the nursing protocols"."

5        **Response:** "Documents responsive to this request are being provided as Attachment 1."

6        **Argument:** Plaintiff argues that Defendant did not provide documentation that Defendant Page

7   is competent in the performance of the nursing protocols used at S.A.T.F. Corcoran Prison. Plaintiff

8   notes that a Competency Assessment program shall be included in the nursing services program to test

9   the skill of nursing staff.  Plaintiff asks why didn't Defendant provide these quarterly assessments for the

10   year 2010? Defendant argues that to the extent Plaintiff contends that no responsive documents have

11   been produced or that other responsive documents exist, then Defendant has none, and she is not the

12   custodian of any such records.

13        **Ruling:** Plaintiff's request is denied.  Plaintiff fails to demonstrate that Defendant Page's

14   response that she does not have any responsive documents in her possession, custody, or control or

15   accessible beyond that which she has already produced is not meritorious.

16        **RPD No. 24:** "Provide any and all documents like written tests taken/completed by Defendant

17   Page that was [sic] used to evaluate Page's "Competent Employee Performance" which is assessed or

18   evaluated by one or more of the following: written test. As shown on page 5-4-2, HCS competency

19   testing II. (which shall be documented in the employee file or staff development training file)."

20        **Response:** "There are no documents responsive to this request."

21        **Argument:** Plaintiff argues that Defendant failed to provide any written tests taken by

22   Defendant Page that were used to evaluate Page's "Competent Employee Performance."   Plaintiff argues

23   that these documents do exist and are located in her employee file or staff development training file.

24   Defendant argues that she has responded that she has no responsive documents and that Plaintiff

25   speculates that such documents do exist.

26        **Ruling:** Plaintiff's request is denied.  Plaintiff fails to demonstrate that Defendant Page's

27   response that she does not have any responsive documents in her possession, custody, or control or

28   accessible beyond that which she has already produced is not meritorious.

1   **RPD No. 27:** "Provide any and all documentation Defendant Page was, or is, a member of the
2   American Nurses Association."

3   **Response:** "Responding party objects to this request on the grounds that it seeks documentation
4   that is immaterial in that it has no bearing on the subject matter of this case, is not reasonable calculated
5   to lead to discovery of admissible evidence, and invades the privacy of Defendant."

6   **Argument:** Plaintiff argues that Defendant failed to provide documentation that she is or was
7   a member of the American Nurses Association (ANA). Plaintiff argues that this information is a
8   matter of public record and does not invade the privacy of Defendant.  Plaintiff states he is
9   attempting to show that Page violated the published professional standards of care delineated by the
10  ANA, CDCR Protocols, and the Business and Professional Code Section 2725 and 2038.  Plaintiff
11  states that the ANA is responsible for defining the scope and standards of generic nursing practice.
12  Plaintiff claims Defendant Page's actions directly violated ANA Policy, which shows she did not
13  provide the standard of care required.  Plaintiff claims Page has an ethical commitment that must not be
14  compromised. Plaintiff alleges the document is not immaterial, does have bearing on the subject matter
15  of this case, and is reasonable calculated to lead to the discovery of admissible evidence.

16  Defendant counters that whether or not Page is a member of the American Nurses
17  Association is beyond the scope of discovery.  Defendant argues that regardless of what Association
18  a nurse or physician might be a member of, the same standards of care apply as would apply to a
19  non-member.  Defendant states that membership in an association does not create a different and
20  distinct standard of care for a health care provider.  Defendant notes that according to CACI 501, the
21  Standard of Care for a Health Care Professional is determined as follows:

22  "[A/An] [insert type of medical practitioner] is negligent if [he/she] fails to use the
23  level of skill, knowledge, and care in diagnosis and treatment that other reasonably
    careful [insert type of medical practitioners] would use in the same or similar
    circumstances. This level of skill, knowledge, and care is sometimes referred to as
24  'the standard of care.' [You must determine the level of skill, knowledge, and care
    that other reasonably careful [insert type of medical practitioners] would use in the
25  same or similar circumstances, based only on the testimony of the expert witnesses
    [including [name of defendant ]] who have testified in this case.]" (Emphasis
26  Supplied.)

27  **Ruling:** Plaintiff's request is denied.  The document is irrelevant in that Defendant owes
28  Plaintiff the same standard of care regardless of which association she belongs.

14

1  **RPD No. 28:** "Provide any documents showing Defendant Page is familiar with the 'scope and

2  standards of nursing practice in correctional facilities.'"

3  **Response:** "Documents responsive to this request are being produced as Attachment 1."

4  **Argument:** Plaintiff argues that the documents were not in Attachment 1. Plaintiff states that

5  the scope and standards of nursing practice in correctional facilities is published by the ANA and is

6  adopted as ACHSA (American Correctional Health Services Association) Policy. Defendant argues that

7  she has responded that she has no responsive documents and that Plaintiff speculates that such

8  documents do exist.

9  **Ruling:** Plaintiff's request is denied.  Plaintiff fails to demonstrate that Defendant Page's

10  response that she does not have any responsive documents in her possession, custody, or control or

11  accessible beyond that which she has already produced is not meritorious.

12  **RPD No. 29:** "Provide any and all documents that show what medications Defendant Page was

13  taking 2-2-10 and 2-12-10 including, but not limited to methadone (8-31-10 Defendant Page said she had

14  been on methadone for fifteen years ("A person gives up or waives a privilege of confidentiality and

15  confidential information when she reveals that information to others – Federal Rules of Evidence 501)".

16  **Response:** "Responding party objects to this request of the grounds that it seeks privileged

17  information, seeks information that is immaterial to the matters at issue in this matter, and is not

18  reasonably calculated to lead to the discovery of admissible evidence."

19  **Argument:** Plaintiff argues that Defendant failed to provide documentation showing what

20  medications she was taking on 2-2-10 and 2-12-10, including but not limited to Methadone.  Plaintiff

21  claims this information is not privileged per Fed. R. Evidence 501, and is calculated to lead to the

22  discovery of admissible evidence. One of the Plaintiff's complaints against Defendant Page is her angry

23  state of mind and demeanor when she saw him on these dates.  Plaintiff states that methadone is an

24  opiate, and one of the signs of use, according to the 2008 Complete Guide to Prescription and

25  Nonprescription Drugs (PDR), is mood swings.  Plaintiff alleges that Defendant Page's angry demeanor

26  and tone of voice during her RN lines with the Plaintiff could indicate she had no legitimate reason for

27  the refusal of treatment, and may have been motivated by malice or was a side effect of the methadone,

28  which she admitted to taking. Page's angry refusal to provide medical assistance is sufficient to create a

15

1   genuine issue of fact regarding her state of mind – a state of mind compounded by her admitted drug

2   therapy use. While RN Page now claims she did not take methadone, she admitted to doing so.  Plaintiff

3   argues that if the Court feels this is privileged information, Plaintiff begs the Court to order Defendant

4   Page to produce her medical record showing any and all drugs she used for the Court's eyes only to

5   ascertain if she was taking opiates in 2010 as she stated for 15 years she did. Then the Court could

6   release only the information it deems relevant.

7           Defendant counters that information about any medications that Page may have been taking on

8   February 2, 2010 and February 12, 2010 is medical information protected from disclosure by Page's right

9   of privacy.  Defendant cites to <u>Fritsch v. City of Chula Vista</u>, 187 F.R.D. 614, 633 (S.D. Cal. 1999):

10                  Rule 26(b) of the Federal Rules of Civil Procedure allows the court to limit discovery
                    based upon the needs of the case, the importance of the issues, and undue burden, the
11                  court instead adopted a balancing test to determine the scope of protection to be afforded
                    medical records. Rule 26(c) confers upon the court broad authority to regulate or prevent
12                  discovery even where the information requested is within the scope of Rule 26(b). 'When
                    a discovery request "approaches the outer bounds of relevance and the information
13                  requested may only marginally enhance the objectives of providing information to the
                    parties or narrowing the issues, the court must then weigh that request with the hardship
14                  to the party from whom the discovery is sought.'

15   (Citations.) <u>Id</u>., at 633-634.

16           Defendant argues that in the <u>Fritsch</u> case, the Court held that plaintiff's privacy right was

17   paramount and precluded the production of her medical records, even though she was suing for

18   emotional distress. Page has not placed her medical condition at issue in this case and the issue of what

19   medications, if any, she was taking on the subject dates is extremely tangential to the issues in this case.

20   An alleged angry demeanor and tone in one's voice does not waive all privacy rights regarding that

21   person's medical condition and records. Plaintiff's speculation cannot trump Page's privacy right.

22   Plaintiff states that Page admitted she had been taking methadone for 15 years (which Page denies), but

23   he does not explain to whom she allegedly made this statement, the alleged circumstances surrounding it,

24   whether plaintiff allegedly heard it directly, whether it was allegedly oral or in writing, when she

25   allegedly started and stopped taking it, etc. There is no proper foundation for Plaintiff's claim and Page

26   denies ever having made such a statement. Page has not waived her privacy right regarding records

27   relating to any medication she may have been taking on the subject dates.

28           **Ruling:** Plaintiff's request is denied.  Defendant's possible use of drug therapy is tangential

to the ultimate issue in this case.  The Court agrees that whether Defendant may have been angry or used a rough tone of voice does not place Defendant's mental state at issue to such an extent that privileged medical records should be produced.

**RPD No. 30:** "Please provide any and all documents Defendant Page was given training or as a learning aid when Page was "trained in the Policies and Procedures during orientation, and whenever new Policies and Procedures are established." ...for the safe and effective delivery of quality nursing care. (See Nursing Program Overview, chapter 1, HCS, Protocols 5-1-1 to 5-1-2 "Each institution shall maintain local written policies and procedures, . . ., for the safe and effective delivery of quality nursing care" . . . "Each nursing service employee shall be trained in the policies and procedures during orientation." . . .".

**Response:** "Responding party objects to this request on the grounds that it is overly broad, seeks information that is immaterial to the matters at issue in this matter, and is not reasonably calculated to lead to the discovery of admissible evidence."

**Argument:** Plaintiff argues that Defendant failed to provide any documentation that she was given training or a learning aid when she was trained.  Plaintiff contends this information is needed to establish if Page was trained in the safe and effective delivery of quality nursing care.  Plaintiff states that per Protocol 5-1-2, the document exists and is material to the issues of this case and her inability to provide such care. It is calculated to lead to admissible evidence of her capability.  Defendant counters that such records would be maintained by the CDCR and Defendant does not have possession of them.

**Ruling:** Plaintiff's request is denied.  The request seeks documentation which is not relevant to a party's claims or defenses nor likely to lead to discovery of admissible evidence.

**RPD No. 31:** "Provide any and all documents of the reviews done on Defendant Page concerning her use of approved protocols, HCS, which was done by the Senior Registered Nurse ("A summary of the reviews shall be submitted on a monthly basis to continuous quality management for training purposes – see Page 5-1-2, Nursing Program Overview, HCS Protocols)."

**Response:** "Documents responsive to this request are being provided as Attachment 1."

**Argument:** Plaintiff argues that Defendant failed to provide any monthly summary reviews which shall be submitted to continuous quality management for training purposes on Defendant Page.

1   Defendant argues that she has responded that she has no responsive documents and that Plaintiff

2   speculates that such documents do exist.

3       **Ruling:** Plaintiff's request is denied.  Plaintiff fails to demonstrate that Defendant Page's

4   response that she does not have any responsive documents in her possession, custody, or control or

5   accessible beyond that which she has already produced is not meritorious.

6       **RPD No. 33:** "Provide any and all documents contained in Defendant Page's Nurse personnel

7   file and proof of practices binder concerning Defendant Page's competency and use of the Health Care

8   Services protocols:

9       a) Cardiovascular system, chest pain

10      b) Gastrointestinal system, gastrointestinal bleeding

11      c) Gastrointestinal system, rectal peri-anal complaints

12      d) Cardiovascular chronic care program

13      e) CCHS (California Correctional Health Care Services care guides) (See page 5-2-1,

14  introduction to Nursing Protocols, chapter 2, Health Care Services Protocols.)

15      f) Cardiovascular system, RN protocol; hypertension"

16      **Response:** "Documents responsive to this request are being provided as Attachment 1."

17      **Argument:** Plaintiff argues that Defendant failed to provide documents from Defendant Page's

18  Personnel file or Proof of practice binder for the items listed as b-f above. Plaintiff states Page stated in

19  Admission number thirty-four (34), in part… "The Protocols are not used during nursing triage, which is

20  where I saw the Plaintiff". CDCR Protocols state specifically that Protocols shall be used during Nursing

21  Triage. Plaintiff states he needs these documents to show RN Page's competency in the use of the Health

22  Care Services Protocols listed in b-f above.  Defendant argues that she has responded that she has no

23  responsive documents and that Plaintiff speculates that such documents do exist.

24      **Ruling:** Plaintiff's request is denied.  Plaintiff fails to demonstrate that Defendant Page's

25  response that she does not have any responsive documents in her possession, custody, or control or

26  accessible beyond that which she has already produced is not meritorious.

27      **RPD No. 34:** "Provide any and all documents concerning the nursing assessment flow sheets

28  Defendant Page used during her nursing triage of the Plaintiff on 2-2-10 and 2-12-10, said sheets

18

1   "provide structure to the assessment process". These sheets are not located in the Plaintiffs Unit Health

2   Record, but are mentioned on page 5-2-1, Introduction to Nursing Protocols, Health Care Services,

3   Protocols ("Regardless of the presenting complaint, abnormal vital signs shall always be noted and

4   referred if necessary") and provide copies of all flow sheets."

5          **Response:** "Documents responsive to this request, if they exist, were previously provided to

6   Plaintiff, and would be included in the 582 pages of medical records served on October 29, 2013."

7          **Argument:** Plaintiff argues that Defendant provided no documents concerning the nursing

8   assessment flow sheets Defendant Page used during her 2-2-10 and 2-12-10 RN Lines. They were not

9   located in the 582 pages served on the Plaintiff.  Plaintiff contends these documents exist and are

10   mentioned in the Introduction to Nursing Protocols, Page 5-2-1.  Plaintiff states that no flow sheets were

11   provided that show any abnormal vital signs and referrals.  Defendant argues that she has responded that

12   she has produced all responsive documents in her possession.

13          **Ruling:** Plaintiff's request is denied.  Plaintiff fails to demonstrate that Defendant Page's

14   response that she does not have any responsive documents in her possession, custody, or control or

15   accessible beyond that which was already produced in the 582 pages of medical records is not

16   meritorious.

17          **RPD No. 35:** "Provide any and all documents showing Defendant Page is in compliance with

18   the guidelines set forth by the North American Nursing Diagnosis Association (NANDA) (as stated in

19   the introduction to nursing protocol, page 5-2-2, HCS protocols)."

20          **Response:** "Responding party objects to this request on the grounds that it lacks foundation,

21   misstates the verbiage of the section referenced, does not seek an identifiable document, and is not

22   reasonably calculated to lead to the discovery of admissible evidence."

23          **Argument:** Plaintiff argues that Defendant failed to provide documents showing Defendant

24   was in compliance with the guidelines as set forth by NANDA.  Plaintiff denies that this request

25   lacks foundation.  Plaintiff argues that Page is being accused of negligence and deliberate

26   indifference because she is not in compliance with these guidelines. Plaintiff claims Page

27   misdiagnosed Plaintiff on three occasions (1-14-10, 2-2-10, and 2-12-10) and these are the basic

28   guidelines for ensuring that the diagnostic statement is correct.

Defendant counters that there is no indication in the cited section of the California Correctional

Health Care Services policies and procedures that CDCR nurses are required to comply with the

guidelines set forth by NANDA. Page 5-2-2 states:

> "According to the North American Nursing Diagnosis Association (NANDA) the nursing diagnosis is a 'clinical judgment about individual, family, or community responses to actual or potential health problems or to life processes. Nursing diagnoses provide the basis for selection of nursing interventions to achieve outcomes for which the nurse is accountable."

This is simply a definition of a nursing diagnosis. Whether Page complied with unspecified

guidelines of some nursing organization is beyond the scope of discovery.

**Ruling:** Plaintiff's request is denied.  The request seeks documentation which is not relevant

to a party's claims or defenses nor likely to lead to discovery of admissible evidence.

**RPD No. 36:** "Provide any and all documents showing the protocols that describe the criteria for

a physician's referral when an inmate/patient presents symptoms to a Registered Nurse at her triage line

for:

a) Hypertension, b) Anemia, c) Chest pain, cardiovascular system, d) Shortness of breath, 3)

Rectal peri-anal complaints, f) Dizziness, g) Weakness, h) Chronic care for inmate/patients, j)

Gastrointestinal bleeding. (See Page 5-2-2, Introduction to Nursing Protocols, Health Care Services, VII.

Criteria for referral "Each protocol describes criteria for a referral".)."

**Response:** "Responding party objects to this request on the grounds that it lacks foundation,

misstates the verbiage of the section referenced, does not seek an identifiable document, and is not

reasonable calculated to lead to the discovery of admissible evidence."

**Argument:** Plaintiff argues that Defendant failed to provide documents showing the

protocols that describe the criteria for a physician's referral for the listed symptoms above.  Plaintiff

states he needs these documents to establish the standard of care that Page was directed to

follow/implement and it will lead to the discovery of admissible evidence – whether she has, in fact,

followed that standard.

Defendant states the request is confusing.  Defendant states the request is apparently based

on the following language from the Introduction to Nursing Protocols which is part of the Inmate

Medical Services Policies & Procedures of the California Correctional Health Care Services: "Each

20

protocol describes criteria for a referral." In the Policies and Procedures, there are numerous protocols for many different medical conditions. The criteria for physician referral are contained in these protocols. There are not specific protocols in said Policies and Procedures for many of the medical conditions described in this Request. In short, plaintiff is asking Page to produce documents that, to the extent they exist, appear to be part of the public records of the CCHCS which are available on-line. This is not a proper request. Defendant states she is not the custodian.

> **Ruling:** Plaintiff's request is denied.  To the extent the documents exist, they are equally available to Plaintiff.

## II.   Motion to Compel Further Responses to Interrogatories and Request for Admissions [ECF No. 134]

On August 19, 2015, Plaintiff moved to compel Defendant Page to respond to Interrogatory ("ROG") Nos. 7-10, 13-15, 17-19, 24, and Request for Admissions ("RFA") (Nos. 1, 3, 7, 25, 55, 57-100.  Plaintiff contends that Defendant's responses were evasive and incomplete.  Defendant Page states she had not yet served responses to ROG No. 24 and RFA Nos. 58-100, but she has since done so.  She contends her responses to Plaintiff's other requests were adequate.

### A.   Interrogatories

An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact.  Fed. R. Civ. P. 33(a)(2) (quotation marks omitted).  Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981).  The responding party shall use common sense and reason.  E.g., Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008).  A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made.  Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D. Cal. 2013); L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007).  Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction.

Fed. R. Civ. P. 26(e)(1)(A).

**ROG 7**: "Please explain why you did not follow the CDCR Rn Protocol: Rectal peri-anal complaints/protocols when the Plaintiff on 2-12-10 at your RN Line complained of excessive post hemorhoid surgery excessive bleeding?"

**Response:** Defendant objected on the grounds that it is argumentative, presumes as true facts that have not been established as true, and is vague as to which, if any, protocols were followed.

**Argument:**  Plaintiff argues that he specifically listed the CDCR Protocol — RN Protocol Rectal peri-anal complaints and simply asked a question — Why didn't Defendant follow said protocol? Plaintiff contends this is not vague when he lists the exact protocol.

Defendants states it is impossible for her to respond to this Interrogatory because Plaintiff has made a vague reference to "CDCR Rn Protocol: Rectal Peri-anal complaints/ protocols."  Defendant argues that Plaintiff must specifically identify each of the protocols that he claims Page did not follow either by specifically identifying the document within which they are contained and setting them forth verbatim or attaching a copy of them. Page cannot be expected to respond to this Interrogatory when she does not know which protocols are being referred to.  In addition, Defendant argues the interrogatory presumes that whatever protocol is intended by the question was not met, and the question is argumentative and compound.

**Ruling:** Plaintiff's request is denied.  The question assumes facts which have not been established as true, specifically, Plaintiff asked Defendant to explain why she did not follow protocol based on the assumption that she did not.  In addition, Defendant is correct that the question is vague in that Plaintiff did not specify which protocols Defendant did not follow.

**ROG 8**: "On 2-12-10 when you saw Plaintiff at the RN line you were conducting, explain why you did not refer the Plaintiff to a doctor on a STAT basis when the Plaintiff complained of chest pain?'

**Response:** Defendant objects to this request on the grounds that it is duplicative of Request No. 5. Without waiving said objections, Defendant responded that her examination of Plaintiff revealed that his pulse was 70, blood pressure was 130/80, and that he was alert and oriented with no acute distress. Defendant states she reviewed Plaintiff's chart, which revealed that he already had several doctors appointments scheduled.  Defendant then confirmed that he had an existing appointment scheduled for

1   February 18, 2010. Defendant states that based on her training and experience, the lack of objective signs

2   of distress, and the existing scheduled doctor appointments, Plaintiff did not need to be seen until the

3   previously-scheduled doctor's appointment on February 18, 2010.

4   **Argument:**  Plaintiff argues that interrogatory number 8 is not duplicative of interrogatory

5   number five. Interrogatory 5 asks Page to please explain why she did not take him to see a doctor on 2-

6   12-10 when Plaintiff told her he had a family history of heart disease and was currently suffering from

7   sharp stabbing chest pains. Interrogatory 8 asks why she did not refer him to a doctor on a STAT basis

8   when Plaintiff complained of chest pain.

9   **Ruling:** Plaintiff's request is denied.  Defendant has answered the interrogatory.

10   **ROG 9:**  "On 2-12-10 when you saw Plaintiff at the RN line you were conducting, explain

11   why you did not refer the Plaintiff to a doctor on a STAT basis when the Plaintiff complained of

12   bleeding from the rectum?"

13   **Response:** Defendant gave the same response as they did for Interrogatory number 8 above.

14   **Argument:**  Plaintiff argues that interrogatory number 9 is not duplicative of interrogatory 5.

15   Interrogatory 9 asks why Page did not refer him to a doctor on a STAT basis when he complained of

16   bleeding from the rectum (which Protocol 5-8c-1 at (I)(E) mandates she do).  Interrogatory 5

17   concerned his complaint of chest pain.

18   **Ruling:** Plaintiff's request is denied.  Defendant has answered the interrogatory.

19   **ROG 10:** "What are your written scores on the Assessment and Management of Chest Pain —

20   written post test examinations" (mentioned on P. 5-6a-5 of the cardiovascular system, chest pain, health

21   care services protocol at III. Requirements for an RN. A. Education/Training.)"

22   **Response:**  Pass.

23   **Argument**: Plaintiff contends Page did not answer Interrogatory 10.  Plaintiff states he asked

24   what Page's written scores on the assessment and management of chest pain were, not whether she

25   passed or failed, but the actual scores she received when she took the tests.  Defendant argues that

26   Plaintiff has not made any showing that scoring was done on a more precise basis than pass or fail. In

27   addition, the documents that Page produced in response to the Request for Production of Documents

28   reveal that, for those assessments, scoring was done a pass or fail basis. Furthermore, there is no

relevancy to knowing the information sought.

**Ruling:** Plaintiff's request is denied. Defendant has answered the interrogatory.

**ROG 13:** "What date did you ask the Office of the Attorney General to represent you in Plaintiff's Action (Complaint)?"

**Response:** Defendant objected to this request on the grounds that it is unrelated to the subject matter of the claims or defenses, and is therefore not reasonable calculated to lead to the discovery of admissible evidence. Defendant further objected to this request on the grounds that it is covered by the attorney/client privilege.

**Argument:** Plaintiff argues that this information is part of the public record and is not covered by the attorney/client privilege.  Plaintiff notes that Defendants filed a motion for an extension of time earlier in this case and there is a discrepancy as to when exactly Page entered into this case. Plaintiff contends this information is calculated to lead to the discovery of admissible evidence: The date Page entered into this case and whether or not sanctions should be imposed for failure to respond to Plaintiff's Summons and Discovery timely.

Defendant argues that the interrogatory is irrelevant and beyond the scope of discovery, and that any issues relating to sanctions based on Page's prior conduct in responding to Plaintiff's complaint and responding to discovery leading up to the Court discharging the Order to Show Cause have already been decided and Plaintiff has no legal basis to seek reconsideration of those orders. The date when Page sought representation from the Office of the Attorney General is irrelevant for purposes of this Motion.

**Ruling:** Plaintiff's request is denied.  Defendant is correct that the question is irrelevant in that the discrepancy Plaintiff is concerned with has already been addressed and decided in previous court orders.

**ROG 14:** "Explain why you did not check on the Plaintiff's health from 2-12-10 to 2-18-10 after he complained of chest pain and blood loss at your RN Registered Nurses Line on 2-12-10."

**Response:** Defendant gave the same response as she did for Interrogatory number 8 above; adding "however, if Plaintiff had signs of distress after I saw him on the RN line, he could have informed custody staff, and if necessary, he would have been sent to the clinic."

**Argument:** Plaintiff argues that Defendant Page again claims Interrogatory number 14 is

1   duplicative of Interrogatory 5 when it is not.  Interrogatory 14 concerns why Page did not check on my

2   health from 2-12-10 to 2-18-10, while Interrogatory 5 concerns her explanation of why she did not take

3   me to see a doctor on 2-12-10.

4        Defendant argues that Plaintiff raises the same issue as discussed in connection with Page's

5   Response to Interrogatory No. 8 and it lacks merit for the same reasons.

6        **Ruling:** Plaintiff's request is denied. Defendant has provided a substantive response as to her

7   actions.

8        **ROG 15:** "Please explain why you did not summon medical attention for the Plaintiff on 2-12-10

9   at your RN line you were conducting when Plaintiff complained of excessive pain, chest pain and

10   anemia?"

11        **Response:** Defendant gave the same response as she did for Interrogatory number 8 above.

12        **Argument:** Plaintiff argues that Defendant Page again claims Interrogatory number 15 is

13   duplicative of Interrogatory 5 when it is not.  Interrogatory 15 concerns why Page did not summon

14   medical attention when he complained of excessive pain, chest pain, and anemia, whereas Interrogatory 5

15   only concerns why she did not take him to a doctor when he complained of sharp stabbing chest pain.

16        Defendant argues that Plaintiff raises the same issue as discussed in connection with Page's

17   Response to Interrogatory No. 8 and it lacks merit for the same reasons.

18        **Ruling:** Plaintiff's request is denied. Defendant has provided a substantive response as to her

19   actions.

20        **ROG 17:** "Why did you not conduct a rectal examination on 2-12-1 0 when the Plaintiff at your

21   Registered Nurses Line told you he was bleeding from the rectum?"

22        **Response:** Defendant gave the same response as she did for Interrogatory number 8 above.

23        **Argument:** Plaintiff argues that Defendant again claims Interrogatory number 17 is duplicative

24   of Interrogatory 5 when it is not. Interrogatory 17 concerns why Page did not conduct a rectal

25   examination when I told her I was bleeding from the rectum, whereas Interrogatory number 5 concerns

26   why she did not take me to see a doctor about chest pains.  Defendant argues that Plaintiff's interrogatory

27   raised the same issue discussed in connection with Defendant's Response to Interrogatory No. 8.

28        **Ruling:** Plaintiff's request is denied. Defendant has provided a substantive response as to her

actions.

**ROG 18:** "Explain please what actions you took on or after 2-12-10 to treat the Plaintiff's condition when he complained at your RN Line on 2-12-10 concerning his chest pain, anemia, and bleeding?"

**Response:** "Responding party objects to this request on the grounds that it misstates the conversation between Plaintiff and myself. Without waiving said objections, I evaluated Plaintiff to determine his clinical stability by checking his vital signs (temperature, pulse, respiration, and blood pressure) and observing generally Plaintiff's level of consciousness and ability to walk and/or move. I found that the Plaintiff was not in distress and was stable. I reviewed his chart, which revealed that he already had several doctor's appointments scheduled. I then confirmed that he had an existing appointment scheduled for February 18, 2010. Based on my training and experience, the lack of objective signs of distress, and the existing scheduled doctor's appointments, Plaintiff did not need to be seen until the previously-scheduled doctor's appointment on February 18, 2010."

**Argument:** Plaintiff contends that Defendant Page did not answer Interrogatory 18.  He states he asked what actions Page took on or after 2-12-10 to treat my condition. Even if she believes he misstated the conversation she still did not answer the first part of the question.  Defendant states that the only problem that Plaintiff has with her response is that Defendant has not discussed the treatment she provided to plaintiff after February 12, 2010. Defendant points out that in the First Amended Complaint, Plaintiff did not complain about the care and treatment he received from Page after February 12, 2010. Therefore, there is no good cause for compelling Page to describe each and every instance in which she provided care and treatment to Plaintiff after this date, if in fact she did.

**Ruling:** Plaintiff's request is denied. Defendant provided a response to Plaintiff's question.  As to Defendant's actions after February 12, 2010, Defendant correctly notes that Plaintiff's claims concern only Defendant's actions on February 12, 2010.

**ROG 19:** "Please list who your supervisors are, by title only, all the way from your position as a Registered Nurse at S.A.T.F. Corcoran Prison E Yard on 2-12-10 up to the chief medical officer and/or warden, whomever is at the top of your supervisorial chain of command?"

**Response:** "Responding party objects to this request on the grounds that it is overly broad, and

1   not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said

2   objections, my immediate supervisor was Belinda Haven, SRN II."

3       **Argument:** Plaintiff argues that Defendant Page failed to answer Interrogatory 19. A basic chain

4   of command is not overly broad and is calculated to lead to the discovery of admissible evidence:

5   supervisory liability, which supervisors were delineated to ensure RN Page was properly

6   trained/supervised, to include Defendant Enenmoh. Plaintiff states there seems to be no chain of

7   command listed here in prison so inmates cannot appeal misconduct to the personnel who supervise

8   nurses. Plaintiff states he needs to know the chain of command all the way to the Chief medical

9   Executive or Chief medical officer and/or Warden to establish Supervisory Liability, Failure to Train, or

10  ensure Page is re-trained to follow Protocols for this suit.  Defendant states that Plaintiff knows the

11  identity of the Chief Medical Officer of SATF Corcoran and according to the FAC, it is Dr. Enenmoh.

12  Defendant states she has provided the name of her immediate supervisor, and Plaintiff has not provided a

13  plausible explanation as to why the chain of command in between these persons is relevant to the claims

14  he has alleged in the FAC.

15      **Ruling:** Plaintiff's request is denied. Defendant has provided the name of her immediate

16  supervisor and Plaintiff knows the identity of the Chief Medical Officer.  The Court finds that Plaintiff

17  has failed to demonstrate why the identity of any additional individuals are relevant to this case.

18      **ROG 24:** "Why did you not follow the statutory Instructions set forth in the CCHCS (California

19  Correctional Health Care Services) Care Guide - Chest Pain, Diagnostic criteria - Evaluation, that

20  governs all prison medical care, and not promptly refer the Plaintiff, when he complained to you of

21  dizziness, chest pain and shortness of breath when you noted his Hypertension on 2-12-10?"

22      **Response:** No response was given.

23      **Argument:** Defendant states she is serving a Response to Interrogatory No. 24 which she

24  attached as Exhibit "B".

25      **Ruling:** Plaintiff's request is denied. Defendant has provided a response.

26      B.  Requests for Admissions

27      "A party may serve on any other party a written request to admit, for purposes of the pending

28  action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the

application of law to fact, or opinions about either; and (B) the genuineness of any described

documents." Fed. R. Civ. P. 36(a)(1).

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.  The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

"The grounds for objecting to a request must be stated," Fed. R. Civ. P. 36(a)(5), and with other

forms of discovery, it is well established that boilerplate objections do not suffice, e.g., Thompson v.

Yates, No. 1:06-cv-00763-RCC, 2011 WL 5975469, at *2-3 (E.D. Cal. Nov. 29, 2011); Everest Indem.

Ins. Co. v. Aventine-Tramonti Homeowners Assoc., No. 2:09-cv-1672-RCJ-RJJ, 2011 WL 3841083, at

*2 (D. Nev. Aug. 29, 2011); Palladini v. City of Milpitas, No. CV 06-00779 JW (HRL), 2008 WL

1774090, at *2 (N.D. Cal. Apr. 16, 2008); Medina v. U.P.S., No. C-06-791 JW PVT, 2007 WL 2123699,

at *2 (N.D. Cal. Jul. 23, 2007); Eastridge Personnel of Las Vegas, Inc. v. Du-Orpilla, No. 2:06-cv-

00776-KJD-PAL, 2007 WL 1232229, at *2 (D. Nev. Apr. 26, 2007); A. Farber & Partners, Inc. v.

Garber, 237 F.R.D. 250, 255 (C.D. Cal. 2006).

Finally, "[t]he requesting party may move to determine the sufficiency of an answer or

objection," Fed. R. Civ. P. 36(a)(6).  "Unless the court finds an objection justified, it must order that an

answer be served.  On finding that an answer does not comply with this rule, the court may order either

that the matter is admitted or that an amended answer must be served."  Id.  Efforts to obstruct discovery

through objections or evasive responses which lack any good faith basis will not be condoned.

Marchand v. Mercy Med. Cntr., 22 F.3d 933, 938 (9th Cir. 1994); In re TFT-LCD (Flat Panel) Antitrust

Litigation, No. M 07-1827 SI, 2011 WL 3566419, at *5 (N.D. Cal. Aug. 12, 2011); Mitchell, 2010 WL

3835765, at *1.

**RFA 1:** "Do you admit to signing any documentation that you have read and understand the

Health Care Policies and Procedures Manuals distributed by Health Care Services Division that are

available to all Health Care Staff? (see Page 1-8-3 Implementation and Review of Health Care Policies

and Procedures, Health Care Services. Protocols)."

**Response**: Defendant objects to this request on the grounds that it is vague as to what specific documents Plaintiff is referring. Defendant also objects because the date the document would have been signed is immaterial to the matters at issue as it has no bearing on the subject matter of the complaint, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, and assuming Plaintiff is referring to the evaluations for minimum requirements for the physical assessment, urgent/emergent, and sick call protocols, the request is admitted.

**Argument:** Plaintiff states that Defendant says Admission 1 is vague, yet Plaintiff specifically list the exact health care policies and procedures manuals distributed by the Health Care Services Division (per 1-8-3 "employees are required to sign documentation that they have read the policies and procedures and understand them"). This signed document is material to the issues in this case: RN Pages refusal to follow the policies and procedures and/or delineated actions mandated by them. She follows that she signed.

Defendant argues she has admitted this Request as she understood it. Plaintiff has not established that Page's understanding as to the document to which Plaintiff is referring in this Interrogatory is erroneous or unreasonable. The fact that Plaintiff has described the policies and procedures manuals does not mean that the document that Page may have signed to confirm her understanding of those manuals is not vague and ambiguous.

**Ruling**: Plaintiff's request is denied. Defendant has admitted the Request, and Plaintiff has not established that Defendant's understanding of the document referred to is erroneous or unreasonable.

**RFA 3:** "Do you admit you are required to notify a physician on a 'STAT or URGENT' basis if the inmate/patient meets the criteria listed in the cardiovascular system, RN Protocol: Chest Pain, Health Care Services Protocol? (see page 5-6a-1 to P. 5-6a-4)".

**Response**: Defendant admits that a nurse must use their best judgment to order and to provide immediate medical attention for inmate/patients who have an apparent need for such care. Except as admitted, the request is denied.

**Argument:** Plaintiff contends that Defendant Page did not answer Admission 3. Plaintiff states he asked if Defendant was required to notify a physician on a STAT or URGENT basis if the inmate/patient meets the criteria in the cv system. Rn Protocol: chest pain (pages 5-6a-1 to 5-6a-4).

1  Plaintiff states he did not ask about Defendant's best judgment but about the delineated mandated actions

2  the protocols require she follows.

3         Defendant states she has admitted a certain fact in her response and denied the remainder of this

4  Request. This is a proper response and is not evasive. Defendant states she has fully responded to this

5  request, and argues the request as written is compound, vague and argumentative, and she has made a

6  good faith effort to respond.

7         **Ruling**: Plaintiff's request is denied. Defendant has admitted a fact and denied the remainder of

8  the Request.

9         **RFA 7:** "Do you admit that on 2-12-10 inmates at California Substance Abuse Treatment

10  Facility, Corcoran Prison, E Yard who were on chronic care for their heart conditions had a stamp of a

11  caduceus (symbol of the medical profession) on the back of their prison issued identification cards?"

12         **Response:** Defendant admits that a heart condition is one reason an inmate might have a

13  caduceus on the back of his identification card.

14         **Argument:**  Plaintiff argues that Defendant Page did not answer Admission number 7. Plaintiff

15  states he asked Defendant Page that on 2-12-10 if inmates who were on Chronic Care for their heart

16  condition had a stamp of a caduceus on the back of their prison issued I.D. Cards - not the reason an

17  inmate might have one on the back of their I.D. Card.

18         Defendant states she has admitted that having a heart condition is a reason for an inmate at SATF

19  Corcoran to have a caduceus on the back of his ID card. In other words, inmates with a heart condition

20  are among inmates who could have a caduceus on the back of their ID cards.

21         **Ruling**: Plaintiff's request is denied. Defendant has responded to the request.

22         **RFA 25:** "Do you admit that on 2-12-10 when Plaintiff said he was anemic, you told him he was

23  not anemic?"

24         **Response:** Defendant objects to this request on the grounds that it duplicative of Request No. 18.

25         **Argument:**  Plaintiff argues that Defendant Page claims Admission number 25 is duplicative of

26  Admission 18 and it is not. Admission 25 concerns an admission that on 2-12-10 when I said I was

27  anemic (which RN Page wrote on her 7362 form) Page told me I was not. Admission 18 simply asks

28  Page to admit she told me I was not anemic (the difference being - Admission 25 put Page on alert of my

1  concerns which she disregarded without ordering blood tests to confirm her diagnosis - while Admission

2  18 is a general answer to her statement).

3          Defendant contends the two Requests are the same. Plaintiffs attempt to identify a meaningful

4  difference between them makes no sense.

5          **Ruling**: Plaintiff's request is denied. Defendant's argument is correct.

6          **RFA 55:** "Do you admit of being a member of the A.C.H.S.A. (American Correctional Health

7  Services Association) which is the membership organization for all correctional health care

8  professionals?"

9          **Response:** Defendant objects to this request on the grounds that it lacks foundation, presumes as

10  true facts that have not been established as true, is immaterial to the issues of this lawsuit, and is not

11  reasonably calculated to lead to the discovery of admissible evidence.

12          **Argument:**  Plaintiff argues that Defendant refused to answer Admission number 55. The issue

13  of whether she is a member of A.C.H.S.A. is material to the issues of this case and is calculated to lead to

14  the discovery of admissible evidence. If Page is a member of A.C.H.S.A. - the A.C.H.S.A. provides

15  education and skill development, created positive health changes for detained and incarcerated

16  individuals. Plaintiff argues that Page admitted in Admission 54 to being familiar with the scope and

17  standards of nursing practice in correctional facilities, which is published by the American Nursing

18  Association (ANA) and is adopted as A.C.H.S.A. Policy. Page's membership in the A.C.H.S.A. is

19  material to the issues of this suit: Page's conduct towards Plaintiff was in direct disregard of A.C.H.S.A.

20  Policy, and the Standard of Care required. Plaintiff states he is trying to show this standard of care, and

21  that Page's actions fell below the standard of care required by the American Nurses Association.

22          Defendant contends that this Request asks Page to admit that the A.C.H.S.A. "is the membership

23  organization for all correctional health care professionals." Defendant states she lacks the foundation to

24  be able to admit or deny that fact.

25          **Ruling:** Plaintiff's request is denied. The Request presumes as true facts which have not been

26  established as true.

27          **RFA 57:** "The United States recognizes that detainees in correctional facilities are totally

28  dependent on the employees of the institution for their health care. Do you admit "this increases the

nurses responsibility for assisting the incarcerated person's with their health care problems?"

**Response:** Defendant objects to this request on the grounds that it lacks foundation, states a legal conclusion, is not related to the claims or defenses in this matter and is therefore not reasonably calculated to lead to the discovery of admissible evidence, is argumentative, and is not a plain statement of fact that can be easily admitted or denied. Without waiving said objections, Defendant admits that like nurses who work outside of the prison setting, registered nurses working in prisons must use their critical thinking and clinical skills to treat their patients to the best of their abilities. Except as expressly admitted, the request is denied.

**Argument:** Plaintiff claims Defendant Page did not answer Admission number 57.  Plaintiff states that if Page is familiar with the scope and standards of nursing practice in Correctional facilities (Admission 54) then she is familiar with its belief. This is calculated to lead to the discovery of admissible evidence: Page's familiarity with the beliefs of the scope and standards, yet failure to abide by it. Plaintiff states this helps to establish the standard of care that Page claims to be familiar with, yet fails to abide by.

Defendant claims the request is extremely vague, overly broad, argumentative, and involves a hypothetical that has no bearing on the specific allegations against Page in the complaint. Despite all of these objections, Defendant states she did admit certain facts and denied the remainder of the request. This is a proper response and is not evasive.

**Ruling:** Plaintiff's request is denied.  Defendant has answered the Request.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motions to compel dated August 14, 2015, and August 19, 2015, are DENIED.

IT IS SO ORDERED.

Dated:   **January 26, 2016**                   /s/ *Dennis L. Beck*

UNITED STATES MAGISTRATE JUDGE