UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN SCOTT DASENBROCK,<br><br>  Plaintiff,<br><br>  v.<br><br>KINGS COUNTY, et al.,<br><br>  Defendants. | No. 1:11-cv-01884-DAD-DLB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. Nos. 152, 154, 156, 157, 159) |

Plaintiff Robin Scott Dasenbrock is a prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 28 U.S.C. § 1983. This action is proceeding against defendants Enenmoh, Page, Perez, and Adair on plaintiff's claims of negligence and deliberate indifference to a serious medical need in violation of the Eighth Amendment.

On December 7, 2015, plaintiff filed a motion seeking the issuance of a subpoena duces tecum directed to Jeffrey Beard, Secretary of CDCR. (Doc. No. 152.) Defendants Enemoh and Perez filed an opposition to that motion on December 22, 2015, and plaintiff filed a reply on January 6, 2016. (Doc. Nos. 154, 156.) On January 25, 2016, the assigned magistrate judge denied plaintiff's motion.[1] (Doc. No. 157.) On January 29, 2016, plaintiff filed a motion seeking

---

[1] In that same order the assigned magistrate judge granted plaintiff's motion seeking the issuance of a subpoena duces tecum directing the C.S.A.T.F. Director of Nursing to produce numerous documents.

1

reconsideration of the magistrate judge's order.  (Doc. 159.)

I.       Analysis

Courts review motions to reconsider a magistrate judge's ruling under the "clearly erroneous or contrary to law" standard.  *Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)*; *Miller v. Akanno*, No. 1:12–CV–01013–LJO–SKO (PC), 2015 WL 566304, at *1 (E.D. Cal. Jan. 16, 2015); *see also Local Rule 303(f).*  "A finding is clearly erroneous when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993) (internal quotation marks omitted) (alteration in original) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).  "[R]eview under the 'clearly erroneous' standard is significantly deferential . . . ."  *Id*. at 623.

"The 'contrary to law' standard allows independent, plenary review of purely legal determinations by the magistrate judge."  *Estate of Stephen E. Crawley v. Robin*son, No. 1:13–CV–02042–LJO–SAB, 2015 WL 3849107, at *2 (E.D. Cal. June 22, 2015).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Id.* (quoting *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D.Minn.2008)).

In reviewing pretrial orders of a magistrate, the district court "may not simply substitute its judgment for that of the deciding court."  *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir.1991).  Accordingly, "[t]o succeed [on a motion for reconsideration], a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  *Enriquez v. City of Fresno*, No. CV F 10–0581 AWI DLB, 2011 WL 1087149, at *1 (E.D. Cal. Mar. 23, 2011).

Here, plaintiff requests that the court reconsider the assigned magistrate judge's order denying his motion seeking the issuance of a subpoena duces tecum.  Plaintiff argues that the magistrate judge erred in denying his request in this regard.  Specifically, plaintiff contends that the requested subpoena would not pose an undue burden for defendants and repeats his arguments

2

1  regarding his need for the documents, the breadth of the document requests, the time period
2  covered by the subpoena sought, and the particularity of his request.[2]
3     Plaintiff has not pointed to any new facts or law suggesting any basis for reconsideration
4  of the magistrate judge's order.  The magistrate judge thoughtfully analyzed plaintiff's motion
5  and fully explained the many reasons why issuance of the requested subpoena was not
6  appropriate.  Plaintiff has not shown clear error or other meritorious grounds for relief.  Instead,
7  his motion for reconsideration is based on his mere disagreement with the magistrate judge's
8  determination.  For the foregoing reasons, plaintiff's motion for reconsideration (Doc. No. 159) is
9  DENIED.

IT IS SO ORDERED.

Dated:  __**February 8, 2016**__           _____
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff also frivolously contends that defense counsel who filed the opposition to plaintiff's motion lacked standing to do so because he represents only two of the defendants in this action.

3