# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN DASENBROOK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>A. ENENMOH, et al.,<br><br>　　　　Defendants. | Case No. 1:11-cv-01884 DAD DLB PC<br><br>ORDER AND NOTICE AUTHORIZING ISSUANCE OF SUBPOENA DUCES TECUM DIRECTING PRODUCTION OF DOCUMENTS BY C.S.AT.F. DIRECTOR OF NURSING<br>[ECF No. 161]<br><br>ORDER DIRECTING CLERK'S OFFICE TO SERVE COPY OF SUBPOENA WITH ORDER |

Plaintiff Robin Dasenbrook ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's Second Amended Complaint, filed September 8, 2015, against Defendants Enenmoh, Page, Perez and Adair on claims of negligence and deliberate indifference to a serious medical need in violation of the Eighth Amendment.

On February 23, 2016, Plaintiff filed a motion requesting the issuance of a subpoena duces tecum ("SDT"). On March 7, 2016, Defendants filed an opposition to Plaintiff's motion. On March 16, 2016, Plaintiff filed a reply.

Plaintiff requests the issuance of a SDT directed to the Director of Nursing at Corcoran Substance Abuse Treatment Facility ("CSATF") for the purpose of identifying Defendant Adair. Plaintiff notes that the U.S. Marshals Service has been unable to locate Defendant Adair for service of his summons and complaint. Plaintiff notes that the USM-285 was returned unexecuted on

November 19, 2015.  Plaintiff has already requested a SDT for these same purposes, but the request was directed to Secretary Jeffrey Beard and it was denied as overly burdensome.  Plaintiff brings this motion now in an attempt to narrow his request.  In their opposition, Defendants reassert the same arguments made in the previous opposition.  Defendants do not address the manner in which Plaintiff has narrowed his request.

Plaintiff has narrowed his request by directing the SDT to the Director of Nursing at the relevant institution instead of the Secretary of the entire CDCR.  In addition, rather than seeking all documents in CDCR possession concerning any individuals named Adair, Plaintiff now requests that the CSATF Director of Nursing search for only those documents identifying female nurses named Adair who worked on "E" Yard medical clinic at CSATF from January 2, 2010, to present.  Plaintiff specifically requests documentation listing the current working position and working address of female RNs/LVNs named Adair, in particular the RN/LVN identified by CSATF Litigation Coordinator Jason Barba as working at "E" Yard Medical Clinic on January 2, 2010, during third watch.  Addressing Defendants' privacy concerns over revealing sensitive information, Plaintiff requests that the documents discovered be submitted directly to the U.S. Marshals Service to ascertain Defendant Adair's location.

The Court has reviewed Plaintiff's request for SDT and finds good cause for its issuance.  See Fed. R. Civ. Proc.  45(c)(3)(A); Moon v. SCP Pool Corp., 232 F.R.D. 633, 637 (C.D. Cal. 2005).  Plaintiff has sufficiently narrowed his request so as not to be unduly burdensome.  In addition, Plaintiff persuasively argues that without this discovery he will be unable to serve Defendant Adair.  Therefore, the Court will issue an SDT directing the Director of Nursing at CSATF to produce documentation, if any exist, on file in his/her possession from January 2, 2010, to the present, reflecting the current working position and working address of any female RNs/LVNs named Adair who worked at "E" Yard Medical Clinic on January 2, 2010.  The Director of Nursing will be directed to submit said documentation to the U.S. Marshals Service.  By separate order, the U.S. Marshals Service will be directed to re-serve Defendant Adair utilizing the documentation obtained from the Director of Nursing, in coordination with the Legal Affairs Division at CSATF.

**ORDER**

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Court authorizes the issuance of a subpoena duces tecum directing the CSATF Director of Nursing to produce documentation on file in his/her possession listing the current working position and working address of female RNs/LVNs named Adair employed in the Medical Services Department of the CDCR between January 2, 2010, and the present, that worked at CSATF "E" Yard Medical Clinic on January 2, 2010, during third watch;

2. Pursuant to Rule 45(a)(4), the parties are placed on notice that the subpoena duces tecum will be issued after the passage of **ten (10) days** from the date of service of this order; and

3. The Clerk's Office shall serve a copy of the subpoena with this order.

IT IS SO ORDERED.

Dated:   **April 4, 2016**                              /s/ Dennis L. Beck
                                                UNITED STATES MAGISTRATE JUDGE