UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN DASENBROOK, ) | Case No.: 1:11-cv-01884 DAD DLB PC |
| ) | |
| Plaintiff, ) | ORDER REGARDING PLAINTIFF'S MOTION |
| ) | FOR CLARIFICATION |
| v. ) | |
| ) | [ECF No. 175] |
| ) | |
| A. ENENMOH, et al., ) | |
| ) | |
| Defendants. ) | |

Plaintiff Robin Dasenbrook ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. This action is proceeding against Defendants Enenmoh, Page, Perez, and Adair for claims of negligence and deliberate indifference to a serious medical need in violation of the Eighth Amendment.

On April 21, 2016, Plaintiff submitted a request to the Clerk of Court for subpoenas in order to serve four unidentified non-party witnesses with depositions by written questions. On May 11, 2016, the Court denied Plaintiff's motion for subpoenas. The Court explained that Plaintiff must comply with Rule 31 of the Federal Rules of Civil Procedure. Plaintiff was granted thirty days to notify the Court and make a showing, under penalty of perjury, that he is able and willing to retain and compensate an officer to take responses and prepare the record. Fed. R. Civ. P. 31(b).

On May 31, 2016, Plaintiff filed a motion for clarification.  Plaintiff states he is unclear on the procedure for deposing witnesses by written questions.  Plaintiff states it was his understanding that due to his *in forma pauperis* status, the U.S. Marshals would simply send the depositions with a subpoena attached to the litigation coordinator at Corcoran Substance Abuse Treatment Facility.  Plaintiff states he does not understand the Court's statement that depositions by written questions entail more than mailing questions to the deponents and awaiting their responses.  Plaintiff believes the U.S. Marshals service just mails the subpoenas and rarely delivers them in person.  He requests clarification on the costs he would need to pay.

Plaintiff is advised that in order to depose a witness by written questions under Rule 31, he must arrange for an officer appointed or designated under Rule 28 to conduct the deposition.  Plaintiff "must deliver to the officer a copy of all the questions served and of the notice."  Fed. R. Civ. P. Rule 31(b).  The officer must then "promptly proceed in the manner provided in Rule 30(c), (e), and (f) to: (1) take the deponent's testimony in response to the questions; (2) prepare and certify the deposition; and (3) send it to the party, attaching a copy of the questions and of the notice."  Id. Plaintiff, as the proponent, bears the costs associated with the deposition.  *In forma pauperis* status does not entitle Plaintiff to free services such as scheduling, conducting and recording the deposition.  If Plaintiff wishes to conduct depositions by written questions, he must do so in compliance with the rules.  If after reviewing the rules, Plaintiff believes he can comply with the rules, he shall notify the Court and make an offer of proof that he is financially able and willing to retain an officer to take responses and prepare the record.  Plaintiff should note that insofar as the individuals he seeks to depose are non-party witnesses, he will also be required to pay attendance and/or mileage fees pursuant to Rule 45.  If Plaintiff is unable and/or unwilling, the issue of depositions by written questions has come to an end.

///

///

///

///

///

Based on the foregoing, it is HEREBY ORDERED that Plaintiff is GRANTED thirty days to file a motion to depose witnesses by written questions accompanied by an offer of proof demonstrating he has the financial ability to comply with the rules and is willing to do so.

IT IS SO ORDERED.

Dated:   **June 7, 2016**                                /s/ *Dennis L. Beck*
                                                UNITED STATES MAGISTRATE JUDGE