UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN DASENBROCK,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>A. ENENMOH, et al.,<br><br>　　　　Defendants. | 1:11-cv-01884-DAD-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO BE RELIEVED OF CLAIM REQUIREMENT OF CALIFORNIA GOVERNMENT CODE § 946.6<br>(ECF No. 195.) |

## I.　BACKGROUND

Robin Dasenbrock ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 14, 2011. (ECF No. 1.) This case now proceeds with Plaintiff's Second Amended Complaint filed on September 8, 2015, against defendants Dr. A. Enenmoh, Correctional Officer Perez, Nurse Page, and Nurse Adair, on Plaintiff's claims of violation of the Eighth Amendment and negligence. (ECF No. 140.)

On August 26, 2016, Plaintiff filed a motion to be relieved of the claim requirement of California Government Code 946.6(a).[1] (ECF No. 195.)

---

[1] Plaintiff refers to § 911.3 and § 946.6(a) of the California Government Code; however, the section addressing the filing requirement from which Plaintiff requests relief is § 945.4(a).

## II. CALIFORNIA'S GOVERNMENT CLAIMS ACT

### A. Legal Standard

The Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board (CVCGCB) no more than six months after the cause of action accrues.[2] Cal. Govt. Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Government Claims Act. Shirk, 42 Cal.4th at 209; Bodde, 32 Cal.4th at 1239; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

To the extent that a plaintiff seeks to pursue tort claims under California law, the Government Claims Act requires exhaustion of those claims with the CVCGCB, and a plaintiff is required to specifically allege compliance in his or her complaint. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

"Complaints that do not allege any facts demonstrating that a tort claim was timely presented or that compliance with the claims statute is excused are subject to a general demurrer for not stating facts sufficient to constitute a cause of action." Shirk, 164 P.3d at 634. Under California Government Code § 946.6, a would-be claimant may petition a court for an

---

[2] Formerly known as the California Tort Claims Act. City of Stockton v. Superior Court, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

order relieving the petitioner from the requirements of § 945.4. "The proper court for filing the petition is a superior court that would be a proper court for the trial of an action on the cause of action to which the claim relates." Cal. Govt. Code § 946.6(a).

**B.      Discussion**

Plaintiff requests a court order relieving him from the provisions of California Government Code § 946.6. Plaintiff states that he filed claim #G596404, concerning his state negligence claims, with the CVCGCB on February 12, 2011. To the extent that the claim was untimely, Plaintiff argues that equitable tolling applied while he exhausted his administrative remedies. Plaintiff also contends that his injury was a "current ongoing continuous injury," ongoing from September 30, 2008 to February 8, 2011. (ECF No. 195 at 6 ¶5.)

It is apparent that Plaintiff seeks relief from the requirement of § 945.4 to present a timely written claim to the CVCGCB. This court does not have the authority to grant Plaintiff the relief requested. As discussed in Givens v. City of Sacramento, No. 215CV0720JAMKJNPS, 2016 WL 6599810, at *7 (E.D. Cal. Nov. 7, 2016), "[i]f an application for leave to present a claim is denied . . . a petition may be made to the court for an order relieving the petitioner from the timely claim presentation requirement. The proper court for filing the petition is a *superior court* that would be a proper court for the trial of an action on the cause of action to which the claim relates. Cal. Govt. Code § 946.6(a) (emphasis added); see also Crisp v. Wasco State Prison, 2013 WL 3805150 (E.D. Cal. July 22, 2013) ("Since § 946.6(a) was amended to identify a specific court, and that court is the state superior court, this Court will follow the majority position and conclude that only state superior courts have been given the authority to grant relief pursuant to § 946.6(a).) A petition to the state superior court must be filed for leave to file a late claim. Cal. Govt. Code § 946.6(b)." Givens, 2016 WL 6599810 at 7.

This Court concurs with Givens that a petition for relief from the timely presentation claim requirement of § 945.4 must be filed in the *state superior court*, and this court does not have authority to grant the relief requested by Plaintiff. Therefore, Plaintiff's request must be denied.

## III.   CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion for relief from the requirements of California Government Code § 945.4, filed on August 26, 2016, is DENIED.

IT IS SO ORDERED.

Dated:   **January 20, 2017**                        **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE