UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN DASENBROCK,<br><br>    Plaintiff,<br><br>    vs.<br><br>A. ENENMOH, et al.,<br><br>    Defendants. | 1:11-cv-01884-DAD-GSA-PC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUBPOENA DUCES TECUM**<br>**(ECF No. 199.)**<br><br>**ORDER AND NOTICE AUTHORIZING ISSUANCE OF SUBPOENA DUCES TECUM DIRECTING PRODUCTION OF DOCUMENTS BY C.S.AT.F. DIRECTOR OF NURSING**<br><br>**ORDER DIRECTING CLERK'S OFFICE TO SERVE COPY OF SUBPOENA WITH ORDER** |

**I.    BACKGROUND**

Robin Dasenbrock ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 14, 2011. (ECF No. 1.) This case now proceeds with Plaintiff's Second Amended Complaint filed on September 8, 2015, against defendants Dr. A. Enenmoh, Correctional Officer Perez, Nurse Page, and Nurse Adair on Plaintiff's claims of violation of the Eighth Amendment and negligence. (ECF No. 140.)

On September 6, 2016, Plaintiff filed a motion requesting issuance of a subpoena *duces tecum*. (ECF No. 199.) Defendants have not filed an opposition.

## II.     MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM

Plaintiff requests issuance of a subpoena *duces tecum* commanding third party Office of the Director of Nursing at the California Substance Abuse Treatment Facility ("C.S.A.T.F.") to produce documents that defendant Adair did not produce pursuant to Plaintiff's request for production of documents. Plaintiff declares, "On Aug. 5, 2016 Defendant Adair responded to my Production of Document request by sending no documents, stating she was no longer affiliated with Corcoran Prison, and does not have access to any such records – and that the requested documents were not in her possession, custody or control." (Dasenbrock Decl., ECF No. 199 at 3¶3.) Plaintiff provides a copy of defendant Adair's August 5, 2016 responses. (ECF No. 199 at 8-17.)

Plaintiff declares that he had this same problem obtaining documents from defendant Page, and since both defendants are nurses, he believes the ODN has the documents he requested from defendant Adair. (Dasenbrock Decl. at 3 ¶4.) Plaintiff also declares that the Director of Nursing did provide these same documents concerning defendant Page after the court issued a subpoena, (ECF No. 157), and he anticipates that the Director of Nursing will provide the documents requested concerning defendant Adair if the court issues a subpoena again. (Id.)

## III.    DISCUSSION

Plaintiff has demonstrated that he made a request to defendant Adair for production of documents and is unable to obtain the documents from her, and it appears from Plaintiff's account of his experience with defendant Page that the records he seeks are only obtainable through the Director of Nursing. Fed. R. Civ. P. 34(a), 45. Plaintiff has identified the documents he seeks from the Director of Nursing, C.S.A.T.F., which are the same documents Plaintiff requested from defendant Adair in Plaintiff's request for production of documents. (See ECF No. 199, Attachments.)

The court's order of June 24, 2016, granted Plaintiff and defendant Adair leave to file motions to compel if necessary. (ECF No. 182.) In this instance, it would be futile for Plaintiff to file a motion to compel as defendant Adair has responded that she is not in possession, custody, or control of any of the documents requested by Plaintiff. Therefore, the Court finds it in the interest of justice to authorize the issuance of a subpoena *duces tecum* commanding the C.S.A.T.F. Director of Nursing to produce those documents identified by Plaintiff, if any exist.

Pursuant to Federal Rule of Civil Procedure 45(a)(4), this order serves as notice to the parties that the United States Marshal will be directed to initiate service of the subpoena following the passage of ten days from the date of service of this order, and a copy of the subpoena shall be provided with this order.

## IV.   CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the issuance of a subpoena *duces tecum*, filed on September 6, 2016, is GRANTED;
2. The Court authorizes the issuance of a subpoena *duces tecum* directing the C.S.A.T.F. Director of Nursing to produce those documents requested by Plaintiff listed in Attachment 1 to this Order;
3. Pursuant to Rule 45(a)(4), the parties are placed on notice that the subpoena *duces tecum* will be issued after the passage of **ten (10) days** from the date of service of this order; and
4. The Clerk's Office shall serve a copy of the subpoena with this order.

IT IS SO ORDERED.

Dated:   **March 6, 2017**          **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE