UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN DASENBROCK,<br><br>    Plaintiff,<br><br>    vs.<br><br>A. ENENMOH, et al.,<br><br>    Defendants. | 1:11-cv-01884-DAD-GSA-PC<br><br>ORDER DENYING MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANTS ENENMOH AND PAGE AS MOOT, WITH LEAVE TO AMEND WITHIN THIRTY DAYS<br>(ECF No. 68.) |

    This case was reassigned to the undersigned Magistrate Judge on September 8, 2016. (ECF No. 200.) Upon review of the case, the court concludes that the motion for summary judgment filed on May 4, 2014, by defendants Enenmoh and Page ("Defendants") must be denied as moot, with leave to file an amended motion. This case now proceeds with the Second Amended Complaint filed on September 8, 2015. (ECF No. 140.) Defendants' motion for summary judgment was filed before the operative Second Amended Complaint was filed, at the time this case proceeded on the First Amended Complaint.

    The court recognizes that Defendants' motion for summary judgment was previously dismissed on September 17, 2014, and then reinstated by the court on July 6, 2016. (ECF Nos. 93, 183.) However, reinstatement of the motion after the Second Amended Complaint was filed resulted in procedural issues that must be resolved. Even if the First and Second Amended Complaints were identical, the court cannot properly consider a motion for summary

judgment that was filed before the operative complaint was filed. Moreover, the court and the parties are entitled to a clear understanding of what is before the court.

If Defendants amend the motion for summary judgment, multiple oppositions and replies shall not be permitted. As is well known, "[t]he court's caseload is substantial and judicial resources are limited." Whitsitt v. Vinotheque Wine Cellars, 2007 U.S. Dist. LEXIS 59997, at *4, 2007 WL 2288128 (E.D. Cal. 2007). "Every paper filed with the [court], no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the court's responsibility is to see that these resources are allocated in a way that promotes the interest of justice." In re McDonald, 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989).

The court shall consider only one motion, one opposition, and one reply.[1] Local Rule 230(*l*). Improperly filed surreplies are prohibited and shall be stricken.[2] As for exhibits, the parties are advised to only send exhibits which clearly relate to their arguments. The parties are also advised to refer to each exhibit in their pleading, directing the court to its location where it can easily be found.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The motion for summary judgment filed by Defendants Enenmoh and Page on May 4, 2014, is denied as moot, with leave to amend;

2. Defendants Enenmoh and Page are granted thirty days from the date of service of this order in which to file an amended motion for summary judgment, as discussed in this order; and

---

[1] Defendants Enenmoh and Page are not precluded from filing separate motions, but for each motion, only one opposition and one reply shall be permitted.

[2] A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed. USLegal.com, http://definitions.uslegal.com/s/sur-reply/ (last visited December 31, 2013). The Local Rules provide for a motion, an opposition, and a reply. Neither the Local Rules nor the Federal Rules provide the right to file a surreply. A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, 2005 WL 3031136, *1 (E.D.Cal. Nov. 8, 2005).

3. Plaintiff is only permitted to file one opposition, and Defendants are only permitted to file one reply, as discussed in this order.

IT IS SO ORDERED.

Dated: **April 13, 2017**         **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE