UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN DASENBROCK,<br><br>    Plaintiff,<br><br>    vs.<br><br>A. ENENMOH, et al.,<br><br>    Defendants. | 1:11-cv-01884-DAD-GSA-PC<br><br>**ORDER RE PLAINTIFF'S MOTION FOR RULING, CLARIFICATION, AND ENLARGEMENT**<br>**(ECF Nos. 227, 236.)**<br><br>**ORDER FOR PLAINTIFF TO FILE AN OPPOSITION OR NON-OPPOSITION TO DEFENDANT ADAIR'S MOTION FOR EXTENSION OF TIME**<br>**(ECF No. 229.)**<br><br>**TWENTY-ONE DAY DEADLINE** |

## I. BACKGROUND

Robin Dasenbrock ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 14, 2011. (ECF No. 1.) This case now proceeds with Plaintiff's Second Amended Complaint filed on September 8, 2015, against defendants Dr. A. Enenmoh, Correctional Officer Perez-Hernandez,[1] Nurse Page, and Nurse Adair, on Plaintiff's claims for violation of the Eighth Amendment and related negligence. (ECF No. 140.)

---

[1] This defendant was named in the complaint as Correctional Officer Perez.

1

On May 3, 2017, and May 25, 2017, Plaintiff filed identical motions requesting clarification regarding Defendant Adair's motion for summary judgment, and requesting the court to schedule a trial date or extend time for Plaintiff to respond to the motion for summary judgment. (ECF Nos. 227, 236.) On May 5, 2017, Defendant Adair ("Defendant") filed a response to the Plaintiff's motion and in it a request for an extension of time to file her motion for summary judgment. (ECF No. 229.)

## II.     PLAINTIFF'S MOTION

Plaintiff argues that Defendant Adair's motion for summary judgment, filed on April 14, 2017, is untimely because it was filed after the court's December 21, 2016, deadline. Plaintiff therefore seeks judgment as a matter of law or a trial schedule for this action. Plaintiff attests that on October 21, 2016, Defendant filed a request for an extension of time to file a dispositive motion (ECF No. 210), and on October 31, 2016, the court granted Defendant an extension of time until December 21, 2016 (ECF No. 211.) Plaintiff asserts that no dispositive motion was filed by Defendant before the December 21, 2016, deadline, and Defendant did not request a further extension of time. (Court Record.) On April 14, 2017, Defendant Adair filed her motion for summary judgment (ECF No. 224.) Plaintiff now questions whether he is required to respond to the untimely motion and, if so, Plaintiff seeks an extension of time to do so. If not, Plaintiff requests a trial schedule for this case.

Defendant Adair concedes that her motion for summary judgment was untimely because it was filed after the court's deadline of December 21, 2016, due to clerical error. Defendant explains that the December 21, 2016, deadline was incorrectly calendared, and therefore Defendant's counsel was unaware of the deadline. Defense counsel asserts that he assumed that a motion for summary judgment would be premature because defense counsel was still awaiting Plaintiff's psychological records and Plaintiff had an outstanding motion for issuance of a subpoena *duces tecum* for records. Defendant argues that her untimely filing was due to excusable neglect under Federal Rule of Civil Procedure 6(b), because the deadline was not calendared. Defendant also argues that Plaintiff was not prejudiced by the untimely filing, because despite Defendant's delay in filing the motion, the motion will actually be submitted to

the court for ruling before the motions for summary judgment filed by the other Defendants, Enenmoh, Page, and Perez-Hernandez. Defendant also argues that if her motion for summary judgment is not permitted and the case proceeds to trial on the merits, substantial judicial resources will be expended at trial and during preparations for trial, whereas claims are likely to be resolved by summary judgment. Defendant requests an extension of time *nunc pro tunc* to file her motion for summary judgment and has no objection to allowing time for Plaintiff to respond.

## III. DISCUSSION

There is no dispute that Defendant Adair's motion for summary judgment was untimely because it was filed nearly four months after the court's deadline. Due to the untimeliness, Plaintiff requests a schedule for trial or an extension of time to file a response to the motion for summary judgment. Defendant argues that her late filing was the result of excusable neglect and requests an extension of time *nunc pro tunc* to file her motion for summary judgment.

Under Federal Rule of Civil Procedure 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired *if the party failed to act because of excusable neglect*." Fed. R. Civ. P. 6(b)(1)(B) (emphasis added.) In 1993, the Supreme Court adopted a balancing test for determining excusable neglect in various contexts in which the phrase appeared in the federal rules of civil procedure. Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997) (adopting this test for consideration of Rule 60(b) motions.) The Pioneer factors include: (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith. Id. "Through other decisions, including Bateman v. U.S. Postal Serv., 231 F.3d 1220 (9th Cir.2000), and Pincay v. Andrews, 389 F.3d 853 (9th Cir. 2004) (en banc), [the Ninth Circuit has] further clarified how courts should apply this test." Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1261 (9th Cir. 2010) (In Bateman, the court concluded that when

considering a Rule 60(b) motion a district court abuses its discretion by failing to engage in the four-factor Pioneer/Briones equitable balancing test, and in Pincay, the court held that courts engaged in balancing the Pioneer/Briones factors may not apply *per se* rules.) Rule 6(b)(1), like all the Federal Rules of Civil Procedure, is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits. Ahanchian, 624 F.3d at 1258-59.

Plaintiff shall be required to respond to Defendant Adair's motion for extension of time to file her motion for summary judgment. If Plaintiff opposes the extension of time, he should file an opposition addressing the four Pioneer factors discussed above. If Plaintiff does not oppose the extension of time, he should file a notice of non-opposition. Plaintiff shall be granted twenty-one days in which to file an opposition or a notice of non-opposition to Defendant's motion for extension of time. Defendant may file a reply to Plaintiff's response within ten days of the date of filing of Plaintiff's response.

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff is granted twenty-one days from the date of service of this order in which to file an opposition or non-opposition to Defendant Adair's motion for extension of time to file her motion for summary judgment;
2. Plaintiff is not required to respond to Defendant Adair's motion for summary judgment at this stage of the proceedings; and
3. Plaintiff's failure to comply with this order may result in the dismissal of this case for failure to comply with a court order.

IT IS SO ORDERED.

Dated: **June 5, 2017**          **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE

4