Thomas P. Fehér  SBN 149944
Franklin D. Gordon  SBN 121937
LEBEAU • THELEN, LLP
5001 East Commercenter Drive, Suite 300
Post Office Box 12092
Bakersfield, California  93389-2092
(661) 325-8962; Fax (661) 325-1127
tfeher@lebeauthelen.com

Attorneys for Defendant RN. Page

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN DASENBROCK,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>A. ENENMOH, et al.,<br><br>　　　　　Defendants. | Case No. 1:11-CV-01884-DAD-GSA<br><br>**DEFENDANT PAGE'S MOTION TO STRIKE PLAINTIFF'S OPPSITION TO HER MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT AND REQUEST FOR EXTENSION OF TIME TO FILE REPLY PAPERS**<br><br>Action Filed: 1/10/2011 |

Plaintiff has filed an Opposition to defendant Page's Motion for Summary Judgment which consists of, *inter alia*, a legal brief that is 158 pages long and exhibits totaling 132 pages. Plaintiff has not filed any declarations in support of his Opposition, but at the end of his brief, he added the language "I swear and affirm the foregoing is true and correct under penalty of perjury."  Plaintiff has not authenticated the attached exhibits, but claims, without any supporting authority, that they are self-authenticating.  Plaintiff has filed a separate response to defendant Page's Separate Statement of Undisputed Facts, however, the "evidence" upon which plaintiff relies in purporting to dispute defendant Page's undisputed facts is an extended discussion consisting of legal arguments, inadmissible lay opinions, references to unauthenticated exhibits and purported facts for which plaintiff lacks foundation to testify.

Plaintiff's legal brief and related filings are challenging to consume. Plaintiff was warned about the procedural requirements of opposing a motion for summary judgment in the *Rand* notice served upon him, but he unfortunately has ignored them.

The current length, format and presentation make it difficult procedurally to address legal argument versus evidentiary issues. Another problem with the Opposition is that it refers to matters and claims not related to the motion or the pending complaint. For example, plaintiff spends time arguing about an alleged knee injury which he claims was not properly treated and his alleged examination by defendant Page on January 14, 2010 and February 2, 2010. However, the claims against defendant Page in plaintiff's Second Amended Complaint ("SAC") are based on defendant Page's examination of plaintiff on February 12, 2010 and plaintiff's complaints none of which relate to a knee.

Defendant Page submitted a legal brief which is 14 pages long. It contains very simple and straightforward arguments that address the two causes of action alleged against her. These claims are based on one incident that occurred on one day when defendant Page examined plaintiff one time and triaged him for the complaints described above. Plaintiff claims in his SAC that, based on his presenting symptoms, he should have been referred for immediate examination by a physician rather than waiting a few days for him to be examined by a physician at a regularly scheduled appointment. These issues can more than adequately be addressed in 25 pages or less.

Your Honor has issued "Standard Procedures", for such motions (See Exhibit "A"). Under the heading "Submitted Motions" it states:

> "Unless prior leave of court is obtained, all moving and opposition briefs or legal memorandum must not exceed 25 pages. Reply briefs filed by moving parties must not exceed 15 pages. For good cause shown, the court may grant an application to extend these page limitations. Briefs that exceed the page limitations or are filed without leave of court may not be considered."

Plaintiff's brief is inconsistent with the foregoing limitations. "[A] pro se litigant must 'abide by the rules of the court in which he litigates,' *Bias v. Moynihan*, 508 F.3d 1212, 1223

2

**DEFENDANT PAGE'S MOTION TO STRIKE PLAINTIFF'S OPPSITION TO HER MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR EXTENSION OF TIME TO FILE REPLY PAPERS**

(9th Cir. 2007). While the language of this Procedure states that plaintiff's Opposition may not be considered, in which case defendant Page is entitled to the granting of her Motion, she does not want to presume that the Court will issue such an order. Understandably, she does not want to take the risk of not filing a Reply brief addressing the arguments raised by plaintiff in his Opposition in the event the Court does not agree with her analysis and application of the quoted Procedure. Given the problems with plaintiff's Opposition described above, it will be extremely difficult and time-consuming for defendant Page to prepare and file a comprehensive Reply responsive to plaintiff's Opposition, in the event this Motion to Strike is denied.

Defendant Page respectfully requests that the Court strike plaintiff's Opposition and grant her Motion for Summary Judgment. Because the Court will not likely rule on this Motion to Strike until after defendant Page's deadline to file her Reply papers, she requests an extension of that deadline, in the event the Court denies hers Motion to Strike. Defendant Page requests an extension of 20 days from the date the Court issues it ruling on this Motion, in the event that it is denied. Also, if she is required to file a Reply, she requests that she be able to file a Reply brief of up to 25 pages in addition to any accompanying documents, evidentiary objections, etc.

Respectfully Submitted:

Dated: June 23, 2017          LEBEAU • THELEN, LLP

By: */s/ Thomas P. Fehér*
Thomas P. Fehér, Esq.
Attorneys for Defendant RN. Page

### DECLARATION OF THOMAS P. FEHER

I, Thomas P. Feher, declare as follows:

1. I an attorney at law, duly licensed to practice before all of the Courts of the State of California and the Eastern District of California. I am a partner in the firm of LeBeau – Thelen, LLP, attorneys of record for defendant Page. I have personal knowledge of each and every fact set forth herein and, if called upon to testify to them, could do so competently.

3

**DEFENDANT PAGE'S MOTION TO STRIKE PLAINTIFF'S OPPSITION TO HER MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR EXTENSION OF TIME TO FILE REPLY PAPERS**

2. Plaintiff has filed an Opposition to defendant Page's Motion for Summary Judgment which consists of, *inter alia*, a legal brief that is 158 pages long and exhibits totaling 132 pages. Plaintiff has not filed any declarations in support of his Opposition, but at the end of his brief, he added the language "I swear and affirm the foregoing is true and correct under penalty of perjury."

3. Plaintiff has not authenticated the attached exhibits, but claims, without any supporting authority, that they are self-authenticating. Plaintiff has filed a separate response to defendant Page's Separate Statement of Undisputed Facts, however, the "evidence" upon which plaintiff relies in purporting to dispute defendant Page's undisputed facts is an extended discussion consisting of legal arguments, inadmissible lay opinions, references to unauthenticated exhibits and purported facts for which plaintiff lacks foundation to testify.

4. Plaintiff's legal brief and related filings are challenging to consume. Plaintiff was warned about the procedural requirements of opposing a motion for summary judgment in the *Rand* notice served upon him, but he unfortunately has ignored them. The current length, format and presentation make it difficult procedurally to address legal argument versus evidentiary issues. Another problem with the Opposition is that it refers to matters and claims not related to the motion or the pending complaint. For example, plaintiff spends time arguing about an alleged knee injury which he claims was not properly treated and his alleged examination by defendant Page on January 14, 2010 and February 2, 2010. However, the claims against defendant Page in plaintiff's Second Amended Complaint ("SAC") are based on defendant Page's examination of plaintiff on February 12, 2010 and plaintiff's complaints none of which relate to a knee.

5. Defendant Page submitted a legal brief which is 14 pages long. It contains very simple and straightforward arguments that address the two causes of action alleged against her. These claims are based on one incident that occurred on one day when defendant Page examined plaintiff one time and triaged him for the complaints described above. Plaintiff claims in his SAC that, based on his presenting symptoms, he should have been referred for immediate

4

**DEFENDANT PAGE'S MOTION TO STRIKE PLAINTIFF'S OPPSITION TO HER MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR EXTENSION OF TIME TO FILE REPLY PAPERS**

examination by a physician rather than waiting a few days for him to be examined by a physician at a regularly scheduled appointment.  These issues can more than adequately be addressed in 25 pages or less.

6. Your Honor has issued "Standard Procedures" for motions filed in your Courtroom.  A true and correct copy of them is attached hereto as Exhibit "A."

7. While the language of this Procedure states that plaintiff's Opposition may not be considered, in which case defendant Page is entitled to the granting of her Motion, she does not want to presume that the Court will issue such an order.  Understandably, she does not want to take the risk of not filing a Reply brief addressing the arguments raised by plaintiff in his Opposition in the event the Court does not agree with her analysis and application of the quoted Procedure.  Given the problems with plaintiff's Opposition described above, it will be extremely difficult and time-consuming for defendant Page to prepare and file a comprehensive Reply responsive to plaintiff's Opposition, in the event this Motion to Strike is denied.

8. Defendant Page respectfully requests that the Court strike plaintiff's Opposition and grant her Motion for Summary Judgment.  Because the Court will not likely rule on this Motion to Strike until after defendant Page's deadline to file her Reply papers, she requests an extension of that deadline, in the event the Court denies hers Motion to Strike. Defendant Page requests an extension of 20 days from the date the Court issues it ruling on this Motion, in the event that it is denied. Also, if she is required to file a Reply, she requests that she be able to file a Reply brief of up to 25 pages in addition to any accompanying documents, evidentiary objections, etc.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that it was executed on June 23, 2017 at Bakersfield, California.

           ___/s/ Thomas P. Feher_____
           THOMAS P. FEHER

**DEFENDANT PAGE'S MOTION TO STRIKE PLAINTIFF'S OPPSITION TO HER MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR EXTENSION OF TIME TO FILE REPLY PAPERS**

Exhibit A



# United States District Court
**EASTERN DISTRICT OF CALIFORNIA**
ROBERT E. COYLE FEDERAL COURTHOUSE
2500 TULARE STREET, FRESNO, CA 93721

## CHAMBERS OF DISTRICT JUDGE DALE A. DROZD
COURTROOM 5, SEVENTH FLOOR
TEL: (559) 499-5650
FAX: (559) 499-5656

### CIVIL LAW AND MOTION
Civil law and motion is heard on the 1st and 3rd Tuesdays of every month, beginning at 9:30am. It is not necessary to clear a date with the Courtroom Deputy prior to filing your motion. The parties are required to comply with Local Rule 230, or other applicable rules and notice requirements.

### SUBMITTED MOTIONS
The court may determine motion(s) suitable for decision without oral argument and may take the matter(s) under submission pursuant to Local Rule 230(g).

All briefs must be submitted using Times New Roman font of no less than 12pt size. Footnotes must be no more than one size smaller than the text size. Unless prior leave of court is obtained, all moving and opposition briefs or legal memorandum must not exceed 25 pages. Reply briefs filed by moving parties must not exceed 15 pages. For good cause shown, the court may grant an application to extend these page limitations. Briefs that exceed the page limitations or are filed without leave of court may not be considered. Finally, no supplemental briefs may be filed without prior leave of court.

### TELEPHONIC APPEARANCES FOR CIVIL MOTIONS
Parties are encouraged to appear telephonically and may do so by dialing 877-402-9757 (access code 6966236) at the time of the hearing. Because the court may be hearing other matters using the same conference line, please wait to state your appearance until your case has been called and appearances are requested. Keep all background noise to a minimum. At least 48 hours prior to the hearing you must email Courtroom Deputy Renee Gaumnitz, at RGaumnitz@caed.uscourts.gov, to advise the court you will be appearing telephonically.

### TENTATIVE RULINGS
Judge Drozd DOES NOT issue tentative rulings.

### CRIMINAL LAW AND MOTION
All criminal cases will be heard on Mondays at 10:00a.m., unless prior approval for a different time has been given by the court. Any changes to the Monday law and motion calendar MUST be made by electronically filing and emailing a stipulation and proposed order no later than 12:00p.m., on the Thursday prior to the hearing.

It is Judge Drozd's practice not to hold evidentiary hearings on his Monday morning criminal calendar. A party seeking an evidentiary hearing should so state in its moving or opposing

papers and make its arguments for or against the need for an evidentiary hearing. On the Monday morning calendar, Judge Drozd will hear argument and will either rule on the motion on the papers or specially set an evidentiary hearing on an agreed upon date.

**EMAILING PROPOSED ORDERS**
Pursuant to Local Rule 137(b), when filing a proposed order, you are required to email the proposed order in Word format to chambers at dadorders@caed.uscourts.gov, in addition to filing the pdf version via the CM/ECF system. Proposed orders must be formatted with 12 point Times New Roman font, line spacing multiple at 1.7 or exactly at 24, and the pleading numbers must be in line with the text.

**COURTESY COPIES**
If any document electronically filed exceeds 25 pages in length, including exhibits or attachments, the parties are required to provide a complete courtesy copy for chambers, properly tabbed and fastened. Delivery of courtesy copies should go directly to the Clerk's Office (not chambers), Suite 1501, located on the 1st floor.

**REQUEST TO SEAL DOCUMENTS**
Pursuant to Local Rule 141, a Notice of Request to Seal Document(s) must be filed electronically. The Request to Seal, a proposed sealing order (in Word), and all documents covered by the request must be emailed to dadorders@caed.uscourts.gov. If the request is approved and notice of electronic filing of the sealing order is received, all documents covered by the order must be emailed to ApprovedSealed@caed.uscourts.gov for filing under seal.

**PRETRIAL CONFERENCES**
The court requires a Joint Pretrial Statement be electronically filed and emailed in Word format to dadorders@caed.uscourts.gov at least 7 days prior to the Pretrial Conference. The Pretrial Order will set dates for motions in limine, the submission of exhibits, and other trial related documents and/or deadlines.

**TRIAL INFORMATION**
On the 1st and 3rd Tuesdays of the month, trials will begin at 1:00 p.m., all other Tuesdays at 8:30 a.m., (or Wednesdays at 8:30 a.m. if that Monday falls on a Federal Holiday).

To bring large physical items, demonstrative exhibits, or electronic equipment, etc., to the courtroom, counsel must make arrangements with the Courtroom Deputy, who will contact Court Security for clearance to enter the building with the items.

Conference rooms are available on either side of the courtroom (out in the hallway) for use during trial.

**AUDIO VISUAL EQUIPMENT**
The Courtroom has a variety of audio visual equipment available to use for trial purposes. Available equipment includes: ELMOs, projectors, plasma screens, microphones, assisted listening devices and laptop connections. Attorneys should arrange through the Courtroom Deputy a time to meet with court Information Technology staff for training on electronic equipment prior to trial.

**TRANSCRIPT ORDERS**
If you wish to order a transcript, please contact the Court Reporter who covered the hearing directly. Contact information for individual Court Reporters can be found on the U.S. District Court's website.

**ADDITIONAL INFORMATION**
Please contact Judge Drozd's Courtroom Deputy, Renee Gaumnitz, at RGaumnitz@caed.uscourts.gov.

**PROOF OF SERVICE**

STATE OF CALIFORNIA   )
                     ) ss.
COUNTY OF KERN       )

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within action; my business address is 5001 East Commercenter Drive, Suite 300, Bakersfield, California 93309.  On June 23, 2017, I served the within **DEFENDANT PAGE'S MOTION TO STRIKE PLAINTIFF'S OPPSITION TO HER MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT AND REQUEST FOR EXTENSION OF TIME TO FILE REPLY PAPERS** on the parties in said action as follows:

Robin Dasenbrock - E92288
MCIC- E-21-B-202-3L
P.O. Box 409090
Ione, California 95640
*Plaintiff In Pro Per*

Christopher J. Nevis, Esq.
Lewis Brisbois Bisgaard & Smith LLP
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
415/362-2580  Fax: 415-434-0882
Christopher.Nevis@lewisbrisbois.com
*Attorneys for Defendant Laura Adair*

Derrek J. Lee
Office of the Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, California 94244
916/324-5470  Fax: 916/324-5205
Derrek.Lee@doj.ca.gov
*Attorneys for Defendants A. Enenmoh & F. Perez-Hernandez*

(XX)  **BY MAIL** - I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Bakersfield, California, in the ordinary course of business. **[Robin Dasenbrock]**

(XX)  **BY COURT'S CM/ECF SYSTEM** - Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above. **[Derrek J. Lee & Christopher J. Nevis]**

I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

Executed on June 23, 2017, at Bakersfield, California.

　　　　　　　　　　　　　　　　　　　*/s/Jennyfer Utt         .*
　　　　　　　　　　　　　　　　　　　JENNYFER UTT