Robin Dasenbrock E-92233
MCIC-E-21-B-201-1L
Po Box 409090
Ione, Ca. 95640



FILED
AUG 0 7 2017
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Robin Dasenbrock

    Plaintiff,

vs.

A. Enenmoh, et al.,

    Defendants.

Case No. 1:11-cv-01884-DAD-GSA-PC

MOTION FOR APPOINTMENT OF COUNSEL FOR A LIMITED SCOPE OF REPRESENTATION; REQUEST FOR STAY OF RULING

Their are a number of unheard motions before this Court. Plaintiff Dasenbrock requests this Court Stay the ruling on those motions and requests the Court appoint counself for him in a limited scope of representation(due to legal issues newly raised by the Defendants that are beyond the Plaintiffs ability to comprehend) to assist the Plaintiff in responding to these motions.

On July 18, 2017 Defendant Pages attorneys submitted a reply brief in support of their motion to strike Plaintiffs brief in opposition to motion for summary judgment. On Page two at line eleven ($P2^{11}$) the Defendants stated, in part,:

> "Plaintiff's violation of the Court's standard procedures is much more than a technical violation. The length of his Brief, its lack of clear citations to the record for all facts relied upon, the mixing of unsupported facts, unauthenticated documents, inadmissible opinions and argument and the lack of a separate, supporting Declaration setting forth facts only for which Plaintiff has the foundation to testify make it virtually impossible for opposing counsel and the Court to identify and address all of the evidentiary problems with Plaintiff's combined legal brief/declaration."

The Court may reqest voluntary assistance of Counsel pursuant to section 1915(e)(1) if exceptional circumstances exist.

### Exceptional circumstances do now exist in this case

1) The Plaintiff is unable to articulate his claims pro se in light of the complexity of the legal issues involved.

If it is virtually impossible for opposing counsel and the Court to identify and address all of the evidentiary problems with Plaintiffs combined legal brief/declaration (i.e., Plaintiffs response to Defendants motion for summary judgment) than abviously the Plaintiff is having extreme difficulties in grasping the legal issues of this case and/or presenting his case and can not appropriatly articulate all of his claims.

Appointing counsel in a limited scope to assist the Plaintiff in filing an appropriate response to Defendants motion for summary judment is vital to the Plaintiff surviving the Defendants motion, and will advance the proper administration of justice.

Without Counsel, the Plaintiff most likely will be unable to obtain Due process of the law. (see Philbrook v. Lemere (2003, NH) 2003 U.S. Dist. LEXIS 89031 - Plaintiff was entitled to counsel where action presented questions about denial of fundamental Constitutional rights under first and fourteenth amendment, labyrinthian area of law.).

While the Court has previously stated that this case is not complex and it is faced with similar cases almost daily, the Plaintiff is not faced with them, and the Court familiarity with these issues has no barring on the argument at hand, because the determination should be whether the Plaintiff can present his case, not whether the Court faces similar cases daily. (the complexity of this case from a legal and medical standpoint as it relates to the Plaintiffs ability to articulate these claims, should be considered now that the Defendants themselves have stated it is virtually impossible to even

2

respond to the Plaintiffs responses.

In the Courts 10-4-13 order denying Plaintiffs request for counsel, the Court addressed the two prong standard for the appointment of counsel. These, The Court explained it must evaluate the liklihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Neither consideration is dispositive and they must be viewed together.

In the Courts explanation, however, it passes over an observation made by the Ninth Circut Court in the Case that speaks to the "incoherence of the two pronged inquiry into exceptional circumstances by which the Court is bound," i.e., How a Court can reasonalble expect a strong showing by a §1983 claimant on the first prong when it is manifestly unlikely that a pro se petitioner involved in a complex case which he cannot litigate effectively would be capable of demonstrating a liklihood of success on the mertis. (Wilborn v. Escalderon, 789 F.2d 1328, (9th Cir. 1986) at 1331 (footnote n.3).

In this case the Plaintiff has shown he is incapable of even responding to the Defendants many motions, because he is unfamiliar with the law; has never filed a lawsuit in the thirty years he has been incarcerated.

How can the Court expect the Plaintiff to successfully demonstrate either prong of the standard, when the Plaintiff is not even articulate enough to respond ? (Defendants have stated the Plaintiff has discussed issues, arguments, purported opinions and alleged facts that are irrelevant and beyond the scope of the pleadings and defendant Page's motion for summary judgment - see P. $2^7$ of Defendant Pages reply brief in support of motion to strike).

2) This case has merit.

Within the Plaintiffs moving papers he presented triable issues of facts as to Defendant Page's failure to provide the standard of care required by

3

the Plata stipulation for injunctive relief (i.e., Defendant Page has admitted she must follow the CDCR medical care protocols , which dicatate the standard of care as required by the Plata stupulation - yet thereafter admits she did not do so; and the Plaintiff has shown that Defendant Page was aware of the Plaintiffs worstening condition on three seperate ocasions yet she failed to provide the appropriate standard of care required by the Plata stipulation which resulted in injury to the Plaintiff.).

The Defendants believe these arguments are Plaintiffs opinions and are irelevant and beyond the scope of the pleadings, while the Plaintiff has simply used the CDCR Protocols the Plata stipulation has required the Defendant to follow as proof she has not provided the standard of care required by the  law.

Isn't counsel warranted where the only evidence presented to the factfinder consist of conflicting testimony?  In such cases, it is more likely that the truth will be exposed where both sides are represented by those trained in the presentation of evidence.  The Plaintiff believes his arguments are supported by CDCR medical care protocols, while the Defendants state his arguments are opinions and are irrevelant. An Attorney could present these "arguments" in a framework the Court and Defendants would be sure to understand and could respond to.  Apparently the Defendants believe the Plaintiff is incapable of demonstrating a liklihood of success on the merits.

Isn't this a case that shows the incoherence of the two pronged inquiry into exceptional circumstances by which the Court is bound?

The Plaintiff has also had difficulties in arguing his ongoing tort and defending against the Defendants claims his claim was filed untimely. A court may appoint counsel for a limited purpose...to explore equitable tolling questions (Plaintiff believes Defendnat Pages conduct on four separate occasions runs into the applicable tolling period, but the Defendants have

4

argued the treatment Defendant Page provided on Feb. 14 and Feb. 2, 2010 are irrelevant and must be disregarded, as well as on 9-13-10 the date RN Page exhibited the same conduct (failure to provide the appropriate standard of care) which lies within the tolling period.

There is also a dispute as to whether Plaintiffs claim and complaint both allege an ongoing tort that covers all of Defendant Page's tortious treatment of the Plaintiff or if Plaintiffs complaint only covers Feb. 12, 2010, issues an attorney appointed for the Plaintiff could argue, but that the Plaintiff has shown he can not - all equitable tolling questions?

3)  The Plaintiff has been unsuccessful in finding an attorney.

The Plaintiff has already shown in previous motions he has attempted to find an attorney on his own by writting numerous law schools and attorneys. Plaintiff made reasonable efforts to retain counsel unsuccessfully.

Because the Court has the discretionary power to secure counsel for an indigent Plaintiff under 28 U.S.C. 1915, would the Court be willing to consider appointment of counsel on a limited basis because of the legal issues that have just been raised concerning the impossibility of the Defenses ability to identify and address all of the evidentiary problems with Pliantiffs combined legal brief/declaration?

The Plaintiff asks the Court to stay its ruling of all outstanding motions until it addresses the question of appointment of counsel for a limited scope of representation.

Good cause for this motion is set forth in the attached Declaration.

I swear under penalty of perjury the foregoing is true and correct.

Robin Dasenbrock E-92238
MCIC-E-21-B-201-1L, Po Box 409090
Dated: 3-1-17                Ione, Ca. 95640

5

DECLARATION OF ROBIN DASENBROCK

I, Robin Dasenbrock, DECLARE:

1) I am the Plaintiff in the above entitled action

2) I am filing this motion in pro per and in forma pauperis

3) I have made repeated attempts to obtain a lawyer, to no avail, see proof attached to request for appointment of counsel fated 9-26-13).

4) There are a number of motions before this Court awaiting rulings on that I have tried to respond to but lack the legal or comprehensional inteligence to present my legal arguments correctly.

5) I'm asking the Court to stay its rulings on all outstanding motions to be heard because of the recently raised exceptional circumstances the Defendants have addressed concerning the virtual impossibility the opposing counself and the Court is confronted with in addressing all of the evidentiary problems with my combined legal brief/declaration.

6) I believe this shows the complexity of the issues involved which an attorney could easily resolve, if appointed for a limited scope of representation, and shows exceptional circumstances do now exist in this case.

7) While I am a member of the protected class of the Plata stipulation for injunctive relief, I do not have the ability to present my legal arguments without the use of the CDCR medical care protocols the Plata case mandates Defendant Page follow, in a way that doesn't sound like my opinion. The Plata v. Davis case was a complex case that had numerous attorneys participating in on both sides, and only an attorney (I believe) can effectively present these legal issues to the Court.

As proof of my inability to do so, the Defendants have stated my arguments and opions and irrelevant and beyond the scope of pleadings.

8) My case has merit, yet I seem to be having difficulties in presenting the facts of this case to the defendants in a way that they can respond. (I believe my case has merit because the Court has allowed it to proceed this far without dismissing it for failure to have merit.).

9) I'm not sure how to show that my claim was filed timely because the ongoing tort and equitable tolling doctorine is so confusing to a lay person. While I have tried to do so, apparantly the Defendants believe the "ongong tort" referenced in the claim involves the alleged conduct of the other defendants, not Page - which is untrue. An appointment of counsel to explore equitable tolling questions would help to resolve the Defendants misconceptions about this case (I alleged an ongoing tort in both my claim and complaint).

10) I appologize to the Court if I have wasted any of its time, but I just do not understand the law

I swear and affirm the foregoing is true and correct under penalty of perjury.

Dated: 8-1-17

Robin Dasenbrock E-92288
MCIC-E-21-B-201-1L, Po Box 409090
Ione, Ca. 95640

7

7-27-17

Case 1:11-cv-01884-DAD-GSA   Document 261   Filed 08/07/17   Page 8 of 13
Case 1:11-cv-01884-DAD-GSA   Document 259   Filed 07/18/17   Page 1 of 6

Thomas P. Fehér  SBN 149944
Franklin D. Gordon  SBN 121937
LEBEAU • THELEN, LLP
5001 East Commercenter Drive, Suite 300
Post Office Box 12092
Bakersfield, California  93389-2092
(661) 325-8962; Fax (661) 325-1127
tfeher@lebeauthelen.com

Attorneys for Defendant RN. Page

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ROBIN DASENBROCK, | Case No. 1:11-CV-01884-DAD-GSA |
|---|---|
| Plaintiff, | **DEFENDANT PAGE'S REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| A. ENENMOH, et al., | |
| Defendants. | |
| | Action Filed: 1/10/2011 |

It is undisputed that plaintiff violated the Court's "Standard Procedures" by filing a 158-page Brief in Opposition to defendant Page's 14-page Motion for Summary Judgment without first obtaining leave to exceed the 25-page limit. It is further clear that, under the Standard Procedures, plaintiff's Brief "may not be considered." Without a valid Opposition having been filed, defendant Page's Motion for Summary Judgment should be granted.

In Opposition to the Motion to Strike, plaintiff now requests that the Court grant leave for him to file his 158-page Brief *nunc pro tunc*. Plaintiff has not cited any legal authority which would permit him to file a motion for leave after the fact and it should be denied on that basis alone.

In the event the Court is willing to consider plaintiff's Motion for leave on the merits, it should be denied because plaintiff has failed to establish good cause for the

1  granting of leave to file his 158-page Brief. Nowhere in his Opposition to the Motion to
2  Strike does plaintiff explain why he believes he needs 158 pages in order to adequately
3  present his opposing argument. Nor does he demonstrate that he cannot fully and
4  completely state his Opposition in 25 pages.

5  A cursory review of plaintiff's Opposition Brief reveals two fundamental
6  problems: (1) he has unnecessarily repeated the same arguments over and over again; and
7  (2) he has discussed issues, arguments, purported opinions and alleged facts that are
8  irrelevant and beyond the scope of the pleadings and defendant Page's Motion for
9  Summary Judgment. If these problems are remedied, he can easily set forth his
10 arguments in 25 pages or less.

11 Plaintiff's violation of the Court's Standard Procedures is much more than a
12 technical violation. The length of his Brief, its lack of clear citations to the record for all
13 facts relied upon, the mixing of unsupported facts, unauthenticated documents,
14 inadmissible opinions and argument and the lack of a separate, supporting Declaration
15 setting forth facts only for which plaintiff has the foundation to testify make it virtually
16 impossible for opposing counsel and the Court to identify and address all of the
17 evidentiary problems with plaintiff's combined legal brief / declaration.

18 Plaintiff has attached a proposed additional separate Declaration to his Opposition
19 to the Motion to Strike, but it only compounds the problems created by his initial filings.
20 It contains much argument and inadmissible lay opinion which, if permitted, further
21 increases the length of his Brief. It focuses mainly on plaintiff's unfounded argument
22 that his Second Amended Complaint ("SAC") alleges that defendant Page provided
23 inadequate care and treatment on three different occasions, instead of just one. This issue
24 is discussed further below. Finally, the new Declaration does not appear to include all of
25 the purported facts upon which plaintiff's Opposition is based and, of course, plaintiff's
26 Brief does not include citations to his new Declaration. All it does is create more
27 confusion and burden in responding thereto.
28

1    As pointed in defendant Page's original moving papers, according to the SAC, the only alleged wrongful conduct of defendant Page involves her examination of plaintiff on February 12, 2010. The claims against defendant Page in the SAC are set forth on pages 109-117 (ECF pages 117-125) and page 158 (ECF page 154), para. 300. All of these allegations relate only to defendant Page's examination of plaintiff on February 12, 2010 and his alleged complaints of dizziness, shortness of breath, fatigue and chest pain. There are no allegations regarding any knee injury or pain. Therefore, plaintiff's lengthy arguments about the care and treatment he allegedly received on January 14 and February 2, 2010 are irrelevant and should not have been included in plaintiff's Opposition Brief.

One of the arguments made by plaintiff in response to the foregoing is based on Undisputed Fact No. 45 wherein defendant Page stated "Although the **claim** fairly reflects the allegations in Plaintiff's Second Amended Complaint...." (Emphasis Supplied.) The "claim" is the government tort claim filed by plaintiff which is attached at the beginning of Exhibit "A," part 1, ECF No. 209-1. Plaintiff argues that his government claim alleges an "ongoing tort" and, as a result, defendant Page has acknowledged that the SAC encompasses plaintiff's treatment by her on January 14 and February 2, 2010. This assertion is incorrect. On page 9 of the claim, plaintiff identified the alleged tortious conduct of defendant Page and it only mentions the treatment he received on February 12, 2010. The "ongoing tort" referenced in the claim involves the alleged conduct of the other defendants, not Page. The same is true with respect to the general allegations in the SAC about the entire course of the medical care that plaintiff received. (Opposition Brief, page 4, lines 16-23.) Dr. Enemoh treated plaintiff over a long period of time. Nurse Page did not.

Another argument made by plaintiff regarding the foregoing issue is that the care and treatment provided by defendant Page on January 14 and February 2, 2010 is relevant as circumstantial evidence that defendant Page knew she was providing inadequate care to plaintiff on February 12, 2010. This is just another way of saying that plaintiff now wants to argue that his claims of deliberate indifference and negligence are also based on

the care and treatment that defendant Page provided on January 14 and February 2, 2010, even though his SAC does not so allege. Plaintiff cannot expand his claims in his Opposition beyond the scope of his SAC. These new arguments must be disregarded and are part of the reason why plaintiff's Opposition Brief is so long and confusing.

Plaintiff has further argued that he should be granted leave to file an oversized brief because defendant Page has also asked for leave to do so. This argument is completely disingenuous. Defendant Page asked for leave to file a 25-page reply brief **if and only if** plaintiff's oversized brief is not stricken. If plaintiff had filed a compliant Opposition Brief, defendant Page would never have requested such relief. Also, defendant Page's request is for an additional 10 pages, not an additional 133 pages.

Another unavailing argument that plaintiff has made is that because defendant Page was able to file reply papers to his prior Opposition which was longer than his current version, there is no reason why defendant Page should not be able to do so at this time. At the time the prior reply papers were filed, the case was assigned to a different judge who did not have a 25-page limit for briefs. Accordingly, defendant had no choice but to file a reply to the Opposition. This does not mean that defendant Page was able to specifically address each and every evidentiary problem and argument made by plaintiff in his Opposition. Defendant Page was only able to make broad brush arguments and objections and there is no reason why she should be forced to do the same thing this time around. The Court should also not be forced to spend additional and unnecessary time wading through a confusing, grossly oversized brief.

Lastly, plaintiff contends that all of the exhibits relied upon in his Opposition have been properly authenticated because they are self-authenticating. Plaintiff cited the case of *Payne v. Collins*, 986 F. Supp. 1036 (E.D. Tex. 1997) in support of this proposition. The *Payne* case involved the issue of whether a report prepared by a party to the action which was a party admission, discussed in deposition and produced by defendants during discovery was self-authenticating. Plaintiff has not demonstrated which, if any, of the documents relied upon in his Opposition are similar in nature.

1  Most of the arguments in defendant Page's Motion to Strike were made to show how burdensome and oppressive it would be for her to have to respond to the Opposition filed by plaintiff. There is one fundamental showing that plaintiff must make to justify the granting of the leave he is now requesting, after the fact – he cannot adequately present his Opposition argument in a 25-page brief. He has failed to make this showing and his Motion should be denied.

Respectfully Submitted:

Dated:   July 18, 2017                    LEBEAU • THELEN, LLP

By:   */s/ Thomas P. Fehér*
      Thomas P. Fehér, Esq.
      Attorneys for Defendant RN. Page

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Your Name, Robin Dasenbrock

Plaintiff,

vs.                                                 No. 1;11-cv-01884-DAD-GSA-PC

Defendant(s), A. Enenmon, et al.,

Defendant(s).                                       **PROOF OF SERVICE**

_____/

I, the undersigned, hereby certify that I am over the age of eighteen years and on _____ 8-3 _____, 20 17, I served a copy of

_motion for appointment of Counsel / Stay_

by placing a copy in a postage paid envelope addressed to the person hereinafter listed by depositing said envelope in the United States Mail:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
c/o OFFICE OF THE CLERK
2500 Tulare Street, Room 1501
U.S. COURTHOUSE BUILDING
Fresno, California 93721-2201

I declare under penalty of perjury that the foregoing is true and correct.

_(signature)_

(Signed)
Robin Dasenbrock