UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN DASENBROCK,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>A. ENENMOH, et al.,<br><br>　　　　Defendants. | 1:11-cv-01884-DAD-GSA-PC<br><br>**ORDER GRANTING DEFENDANT PAGE'S MOTION TO STRIKE**<br>**(ECF No. 255.)**<br><br>**ORDER STRIKING PLAINTIFF'S OPPOSITION TO DEFENDANT PAGE'S MOTION FOR SUMMARY JUDGMENT FOR EXCEEDING PAGE LIMITS**<br>**(ECF No. 251.)**<br><br>**ORDER GRANTING PLAINTIFF THIRTY DAYS IN WHICH TO FILE A NEW OPPOSITION NOT EXCEEDING 25 PAGES**<br><br>**THIRTY-DAY DEADLINE** |

**I.　BACKGROUND**

Robin Dasenbrock ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 14, 2011. (ECF No. 1.) This case now proceeds with Plaintiff's Second Amended Complaint filed on September 8, 2015, against defendants Dr. A. Enenmoh,

Correctional Officer Perez-Hernandez, Nurse Page, and Nurse Adair, on Plaintiff's claims for violation of the Eighth Amendment and related negligence. (ECF No. 140.)

On June 23, 2017, defendant Page ("Defendant") filed a motion to strike Plaintiff's opposition to Defendant's motion for summary judgment. (ECF No. 255.) On July 12, 2017, Plaintiff filed an opposition to the motion to strike. (ECF No. 257.) On July 18, 2017, Defendant filed a reply to the opposition. (ECF No. 259.) Defendant's motion to strike is now before the court.

## II. MOTION TO STRIKE

"It is well established that '[d]istrict courts have inherent power to control their docket.'" Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc., 146 F.3d 1071, 1074 (9th Cir. 1998) (alteration in original) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998)); accord Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010). This includes the power to strike items from the docket as a sanction for litigation conduct. Ibrahim v. U.S. Dep't of Homeland Sec., 835 F.3d 1048, 1065 (9th Cir. 2016) (citing Ready Transp., Inc., 627 F.3d at 404 (9th Cir. 2010); see, e.g., Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 586–87, 588 (9th Cir. 2008) (discussing, but declining to rule on, the ability of a district court to strike documents submitted as exhibits to a motion); Hambleton Bros. Lumber Co. v. Balkin Enters., Inc., 397 F.3d 1217, 1224–26 (9th Cir. 2005) (upholding a district court's grant of a motion to strike deposition corrections and a declaration as a sanction when a party had violated Fed. R. Civ. P. 30(e)); cf. Carrigan v. Cal. State Legislature, 263 F.2d 560, 564 (9th Cir. 1959) (discussing an appellate court's inherent power to strike briefs and pleadings "as either scandalous, impertinent, scurrilous, and/or without relevancy").

Defendant Page moves to strike Plaintiff's opposition to her [Page's] motion for summary judgment on several grounds, including, *inter alia*, that it exceeds the 25-page limitation of the court's "Standing Procedures;" it refers to matters and claims not related to the motion or the pending complaint; Plaintiff's exhibits are not authenticated; and Plaintiff's "evidence" is an extended discussion consisting of legal arguments, inadmissible lay opinions, and references to purported facts for which Plaintiff lacks foundation to testify. (Feher Decl.,

2

ECF No. 255 ¶¶3, 4.) Plaintiff's opposition to the motion for summary judgment is 158 pages long, with an additional 132 pages of exhibits. (Id. ¶2.) Defendant states that there are only two causes of action alleged against her, based on one incident that occurred on one day, February 12, 2010, when she examined Plaintiff one time and triaged him for medical complaints. (Id. ¶5.) Plaintiff claims in his Second Amended Complaint that, based on his presenting symptoms, he should have been referred for immediate examination by a physician rather than waiting a few days to be examined by a physician at a regularly scheduled appointment. (Id. ¶5.) Defendant contends that these issues can more than adequately be addressed in 25 pages or less. (Id.)

Defendant notes that District Court Judge Dale A. Drozd's "Standard Procedures" limit opposition briefs to 25 pages and state that "[f]or good cause shown, the court may grant an application to extend these page limitations" and "[b]riefs that exceed the page limitations or are filed without leave of court may not be considered." (ECF No. 255, Exh. A.) Defendant requests that the court grant the motion to strike, decline consideration of Plaintiff's opposition based on the excess pages, and grant Defendant's motion for summary judgment. In the event that Defendant's motion to strike is denied, Defendant requests an extension of time of twenty days from the date the court rules on the motion to strike, in which to file her reply to Plaintiff's opposition.

In opposition to the motion to strike, Plaintiff asserts that he was not aware of the court's 25-page limit for oppositions. Plaintiff states that he does not oppose an order granting Defendant additional pages to file a reply to Plaintiff's opposition, and granting Plaintiff leave to file an oversized opposition, nunc pro tunc, up to 158 pages. Plaintiff argues that his exhibits are authenticated because the exhibits consist, in part, of documents that Plaintiff received from the Attorney General's Office who obtained all of Plaintiff's medical records from his prison medical file and sent them to Plaintiff. Plaintiff contends that Defendant Page has used the same evidence as Plaintiff has in support of Defendant's motion for summary judgment.

Plaintiff disagrees that his claims against Defendant Page are based solely on the February 12, 2010, examination of Plaintiff because his claims concern an "ongoing tort."

(ECF No. 257 at 4 ¶3.) Plaintiff claims that "this case challenges his entire course of treatment and series of adverse actions, before and after surgery," as stated in the complaint. (Id.) Plaintiff alleges that Defendant Page, on three separate occasions, chose not to follow mandated actions after admitting that she must follow them. It is Plaintiff's contention that even if the court focuses only on Defendant's conduct on February 12, 2010, he must also apprise the court of circumstantial evidence of Defendant's knowledge on two previous occasions that she was not providing the standard of care required.

### III. DISCUSSION

On December 4, 2015, this case was reassigned from District Judge Anthony W. Ishii to District Judge Dale A. Drozd. (ECF No. 151.) For civil cases assigned to him, Judge Drozd has issued a standing order, available on the court's public website, which provides in relevant part:

> Unless prior leave of court is obtained, all moving and opposition briefs or legal memorandum must not exceed 25 pages. Reply briefs filed by moving parties must not exceed 15 pages. For good cause shown, the court may grant an application to extend these page limitations. Briefs that exceed the page limitations or are filed without leave of court may not be considered. Finally, no supplemental briefs may be filed without prior leave of court.

**http://www.caed.uscourts.gov/caednew/index.cfm/rules/standing-orders/**

Although the Court must construe pleadings by *pro se* petitioners liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Here, Plaintiff's status as a *pro se* litigant does not excuse him from complying with the page limits established by Judge Drozd's standing order. Plaintiff has filed an opposition to defendant Page's motion for summary judgment which is 158 pages in length, with an additional 132 pages of exhibits, which unquestionably violates the requisite page limitations in the standing order. (ECF No. 251.) Therefore, the court shall strike[1] Plaintiff's opposition and grant Plaintiff time to file a new opposition limited to 25 pages, not including exhibits.

---

[1] When a document is stricken, it becomes a nullity and is not considered by the court for any purpose. (First Informational Order, ECF No. 2 at 4 n.1.)

4

In his new opposition, Plaintiff should focus on his medical and negligence claims against defendant Page arising from his allegations against her [Page] set forth on pages 20, 33-34, 52-54, and 117-124 of the Second Amended Complaint. Plaintiff's statement in the Second Amended Complaint that "this case challenges his entire course of treatment and series of adverse actions, before and after surgery" does not make his entire course of treatment relevant to defendant Page's motion. To defend against summary judgment, Plaintiff must set out facts and evidence contradicting the facts and evidence Defendant has presented in her motion, as discussed here:

> When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule [56(c)], that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

With respect to Defendant's objections to Plaintiff's evidence as not authenticated or otherwise inadmissible, these objections are more properly brought in Defendant's reply to Plaintiff's new opposition to the motion for summary judgment, if needed.

### III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendant Page's motion to strike, filed on June 23, 2017, is GRANTED;
2. Plaintiff's opposition to Defendant Page's motion for summary judgment, filed on June 21, 2017, is STRICKEN from the record, with leave to file a new opposition not exceeding 25 pages, excluding exhibits;
3. Within thirty days from the date of service of this order, Plaintiff must file a new opposition to Defendant Page's motion for summary judgment not exceeding 25 pages, excluding exhibits; and

///
///
///

4. Plaintiff's failure to comply with this order may result in the dismissal of this case for failure to comply with a court order.

IT IS SO ORDERED.

Dated: **September 4, 2017**        **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE