UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN DASENBROCK,<br><br>    Plaintiff,<br><br> v.<br><br>KINGS COUNTY, et al.,<br><br>    Defendants. | 1:11-cv-01884-DAD-GSA-PC<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br>**(ECF No. 261.)** |

**I. BACKGROUND**

Robin Dasenbrock ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 14, 2011. (ECF No. 1.) This case now proceeds with Plaintiff's Second Amended Complaint filed on September 8, 2015, against defendants Dr. A. Enenmoh, Correctional Officer Perez-Hernandez, Nurse Page, and Nurse Adair, on Plaintiff's claims for violation of the Eighth Amendment and related negligence. (ECF No. 140.)

On August 7, 2017, Plaintiff filed a motion seeking the appointment of counsel. (ECF No. 261.) On August 28, 2017, defendant Page filed an opposition to the motion. (ECF No. 262.) Plaintiff has not filed a reply to the opposition.

Plaintiff's motion for appointment of counsel is now before the court.

## II. COURT-APPOINTED COUNSEL

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted); accord Wright v. Director of Corrections, 443 Fed. Appx. 289, 293 (9th Cir. 2011) (citing Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (neither of the two factors is dispositive and the court should consider both in making a determination); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Palmer, 560 F.3d at 970. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

## III. PLAINTIFF'S MOTION

Plaintiff requests counsel for a limited scope of representation, to assist him with responding to the motions pending in this case. Plaintiff argues that Defendants have raised new legal issues that are beyond his ability to comprehend. Plaintiff also requests the court to defer its rulings on the pending motions until after counsel has been appointed.

Plaintiff claims that he is having extreme difficulties in grasping the legal issues of this case, as recognized by Defendant Page who stated in her motion to strike that it is virtually impossible to respond to Plaintiff's opposition to the motion for summary judgment. Plaintiff

argues that the claims in this case are complex for him, even if the court has stated that the case is not complex, because he is unfamiliar with the law and has never filed a lawsuit in the thirty years he has been incarcerated. Plaintiff believes this case has merit, because the court has allowed it to proceed this far without dismissing it for failure to have merit. Plaintiff also seeks counsel to assist him with equitable tolling issues and to argue that his claim against defendant Page involves an ongoing tort.

**IV.    DISCUSSION**

Plaintiff's case stems from allegations that medical personnel at the California Substance Abuse Treatment Faility failed to provide him with adequate medical care for rectal bleeding from internal hemorrhoids. The case proceeds on Plaintiff's Eighth Amendment medical claims and related negligence claims against four Defendants. Plaintiff's medical claims do not appear to be legally complex.

Plaintiff's lack of legal education and experience do not establish exceptional circumstances warranting appointment of counsel. Moreover, Plaintiff's filings to date demonstrate that he is capable of articulating claims without the assistance of counsel. Indeed, the record in this case demonstrates that plaintiff is adequately able to articulate and litigate his claims in light of any complexity in the case. See Palmer, 560 F.3d at 970 (where a pro se civil rights plaintiff demonstrates a good handling of the general litigation procedure and has articulated his claims adequately, exceptional circumstances are not shown to warrant appointment of counsel). As asserted by defendant Page, Plaintiff has adequate writing skills and command of the English language, has filed numerous motions, oppositions, and other pleadings in this case, and has successfully maintained this case for almost six years.

The court cannot make a determination at this stage of the proceedings that Plaintiff is likely to succeed on the merits. While it is true that the court found that Plaintiff's complaint "states cognizable claims for violation of the Eighth Amendment and for negligence against Defendants," this finding is not a determination that Plaintiff is likely to succeed on the merits. (ECF No. 17 at 1:18-19.) Therefore, Plaintiff's motion shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

## V. CONCLUSION

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel, filed on August 7, 2017, is DENIED, without prejudice; and
2. Plaintiff's motion to defer the court's rulings is DENIED.

IT IS SO ORDERED.

Dated: **October 10, 2017**         **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE