UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN DASENBROCK,<br><br>        Plaintiff,<br><br>    vs.<br><br>A. ENENMOH, et al.,<br><br>        Defendants. | 1:11-cv-01884-DAD-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE AND DEFENDANTS ENENMOH'S AND PEREZ'S MOTION TO STRIKE**<br>**(ECF Nos. 276, 278.)** |

**I.      BACKGROUND**

Robin Dasenbrock ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 14, 2011. (ECF No. 1.) This case now proceeds with Plaintiff's Second Amended Complaint ("SAC"), filed on September 8, 2015, against defendants Dr. A. Enenmoh, Correctional Officer Perez-Hernandez ("C/O Perez"), Nurse Page, and Nurse Laura Adair, on Plaintiff's claims for violation of the Eighth Amendment and related state-law negligence. (ECF No. 140.)

Pending are three motions for summary judgment, one filed by defendant Perez on May 8, 2017 (ECF No. 230); one filed by defendant Enenmoh on May 9, 2017 (ECF No. 232); and one filed by defendant Page on May 12, 2017 (ECF No. 234).

On November 15, 2017, Plaintiff filed a request for judicial notice. (ECF No. 276.) On November 16, 2017, defendant Page filed objections to the request. (ECF No. 277.) On November 16, 2017, defendants Enenmoh and Perez filed a motion to strike Plaintiff's request as a surreply. (ECF No. 278.) On November 27, 2017, Plaintiff filed an opposition to the motion to strike. (ECF No. 279.)

## II.   REQUEST FOR JUDICIAL NOTICE

The content of records and reports of administrative bodies are proper subjects for judicial notice under Rule 201(d). Interstate Natural Gas Co. v. S. Cal. Gas Co., 209 F.2d 380, 385 (9th Cir.1953). A court may also take judicial notice of the contents of public records. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). However, "Courts may only take judicial notice of adjudicative facts that are not subject to reasonable dispute." United States v. Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003) (citing Fed. R. Evid. 201(b)). "Facts are indisputable, and thus subject to judicial notice, only if they either 'generally known' . . . or capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned[.]" Id. at 909. .

Plaintiff requests the Court take judicial notice of the Office of the Inspector General's (OIG) final report on its inspection of medical care delivery at the California Substance Abuse Treatment Facility and Prison, Corcoran (SATF), dated May 2010, which Plaintiff has attached to his request for the Court's review. (Request for Judicial Notice, ECF No. 276, Exhibit.) Plaintiff submits the report as expert opinion evidence in support of his opposition to Defendants' motions for summary judgment, specifically to refute defendants' expert's opinions about whether the appropriate standard of care was provided to Plaintiff at SATF during the medical treatment at issue in this case.

Defendant Page objects to Plaintiff's request for judicial notice on the following grounds: 1) The request is not timely filed because the deadline to file papers in opposition to defendant Page's motion for summary judgment has long since passed; 2) Plaintiff cannot establish that he could not have reasonably discovered the report until now; 3) The request (not including the report) violates the Court's 25-page limit for the opposition brief that Plaintiff

was authorized to file; 4) the court may not take judicial notice of the contents of the report because it is not the type of document about which there can be no reasonable dispute; and 5) The report is irrelevant because the statistics on an institution-wide basis has no bearing on whether Nurse Page met the standard of care with respect to the specific incident at issue in this case.

Defendants Enenmoh and Perez move to strike Plaintiff's request as an impermissible surreply, because despite being submitted as a request for judicial notice, Plaintiff's request contains legal argument. Defendants assert that Plaintiff does not have the right to file a surreply, and their motions for summary judgment were deemed submitted when the time to reply had expired. Defendants also argue that Plaintiff has not shown how the investigation by the Inspector General, which is the subject of the report, is pertinent to how defendants Enenmoh or Perez-Hernandez were negligent or deliberately indifferent to Plaintiff's medical needs.

Plaintiff contends that his request is not a surreply, but instead is a request for judicial notice of newly discovered evidence to assist the court with making a fully informed decision concerning the standard of care being provided to Plaintiff. Plaintiff also seeks to place defendant Enenmoh on notice of these records which are simply "scientific, technical, or other specialized knowledge" by a qualified expert that will "assist the trier of fact to understand the evidence." (ECF No. 279 at 1.) Plaintiff argues that the report is a public record with facts not reasonably in dispute, which is subject to judicial notice. Plaintiff also argues that the investigation in the report is pertinent to the matters of this lawsuit because defendant Enenmoh was the Chief Medical Officer at SATF during the time the investigation was conducted.

### III. DISCUSSION

Defendant Page's objection to plaintiff's request on the ground that the facts in the OIG's report are subject to reasonable dispute is well-taken and sustained. The OIG report is an investigative report about the standard of medical care at SATF and sets forth statistics and other results of the OIG's investigation. While the report of the OIG is a public record, whose authenticity is not in dispute, the information included in the report is not the type of evidence

that is subject to judicial notice under Federal Rule of Evidence 201. The facts in the report are not generally known or capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned. Thus, the court may take judicial notice of the fact that such a report was published by the OIG, but not of the facts included within the report. Nonetheless, Plaintiff's request for judicial notice shall be denied as untimely. Jarritos, Inc. v. Reyes, 2009 WL 2487066, 345 Fed.Appx. 215 (9th Cir. 2009) (District court acted within its discretion in excluding plaintiff's late-filed expert reports, even though expert reports were central to plaintiff's case and their exclusion was highly prejudicial, where plaintiff did not produce its reports until between two and twenty-eight days after deadlines for disclosing experts had passed). The deadlines for Plaintiff to submit material in opposition to Defendants' motions for summary judgment have expired. Moreover, the court has examined the OIG's report and finds that it would not assist the court in understanding the evidence or determining a fact in issue. Fed. R. Evid. 702. Therefore, Plaintiff's request for judicial notice shall be denied, and defendants Enenmoh and Perez's motion to strike shall be denied as moot.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for judicial notice, filed on November 15, 2017, is DENIED; and
2. Defendants Enenmoh's and Perez's motion to strike, filed on November 16, 2017, is DENIED as moot.

IT IS SO ORDERED.

Dated: **January 8, 2018**           /s/ Gary S. Austin
                                UNITED STATES MAGISTRATE JUDGE