UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN DASENBROCK,<br><br>    Plaintiff,<br><br>    v.<br><br>A. ENENMOH, et al.,<br><br>    Defendants. | No. 1:11-cv-01884-DAD-GSA<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANT PEREZ'S MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. No. 282.) |

Plaintiff Robin Dasenbrock is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 12, 2017, findings and recommendations were entered by the assigned magistrate judge, recommending that the court grant defendant Perez's motion for summary judgment. (Doc. No. 282.) On December 26, 2017, plaintiff filed substantive objections to the findings and recommendations. (Doc. No. 284.) Defendants have not filed a reply to the objections. For the most part all of plaintiff's objections repeat arguments which were thoroughly and adequately addressed in the magistrate judge's findings and recommendations. However, below the court will respond to one notable objection advanced by plaintiff.

/////

1

The magistrate judge recommended that defendant's request for judicial notice of the contents of plaintiff's Tort Claim No. G-596404 be granted, noting that although plaintiff opposed the request, he did not question the authenticity of the records. (Doc. No. 282 at 14.) In his objections, plaintiff contends that he does question the authenticity of the record because the date of discovery, not the date of injury, determines the deadline for filing a tort claim. (Doc. No. 284 at 2.) However, plaintiff has come forward with no evidence on summary judgment from which the court could conclude that the contents of his Tort Claim are not authentic, but rather fraudulent or forged. It is possible that plaintiff may be conflating the questioning of the authenticity of his Tort Claim with the questioning of the accuracy of the information within that Tort Claim. As stated by the magistrate judge, in granting defendant's request, the court does not take judicial notice of the truth of the factual allegations contained therein. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("A court may take judicial notice of matters of public record … But a court may not take judicial notice of a fact that is subject to reasonable dispute."). For this reason, plaintiff's lone new argument presents no basis upon which to question the analysis set forth in the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, and for the reasons set forth above, the court will adopt the December 12, 2017 findings and recommendations.

Accordingly:

1. The findings and recommendations issued by the magistrate judge on December 12, 2017 (Doc. No. 282) are adopted in full;
2. Defendant Perez's May 8, 2017motion for summary judgment (Doc. No. 230) is granted;
3. Summary judgment is entered in favor of defendant Perez; and

/////
/////
/////

2

4. This case now proceeds only against defendants Dr. A. Enenmoh, Nurse Page, and Nurse Adair on plaintiff's claims for violation of the Eighth Amendment and the related state-law negligence claim.

IT IS SO ORDERED.

Dated: **January 31, 2018**

UNITED STATES DISTRICT JUDGE